IN THE UNITED STATES DISTRICT COURT **RECEIVED**
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 APR 19 P 2: 33

... D. HACKETT ...
... STRICT COURT
...DDLE DISTRICT A.L .

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | * * * | |
| Plaintiff, | * * | |
| vs. | * * | Case No.: 2:06cv359 · CSC |
| WAYNE MYRICK, LYNN MYRICK, and MARGARET N. MARTIN, | * * * * | |
| Defendants. | * | |

## COMPLAINT FOR DECLARATORY JUDGMENT

1.     Plaintiff State Farm Fire and Casualty Company, (hereinafter "State Farm"), a corporation, is an insurance company organized under the laws of the state of Illinois, with its principal offices located in the state of Illinois and is authorized to do business in the state of Alabama.

2.     Defendant Wayne Myrick, is an individual over the age of nineteen (19) years residing in Chilton County, Alabama.

3.     Defendant Lynn  Myrick, is an individual over the age of nineteen (19) years residing in Chilton County, Alabama.

4.     Defendant Margaret N. Martin is an individual over the age of nineteen (19) years residing in Montgomery County, Texas.

5.    An actual controversy of a justiciable nature exists between State Farm and the defendants involving the rights, interest, and liabilities under a policy of insurance issued by State Farm to  Wayne Myrick and Lynn Myrick, which said controversy involves a policy of insurance with limits in excess of the jurisdictional requirements.

6.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Defendant Margaret N. Martin is a real party in interest to the instant action based on the underlying law suit, *Margaret N. Martin vs. Wayne Myrick and Lynn Myrick*, Circuit Court of Chilton County, Alabama, Civil Action No. CV-05-336-B.

7.    The jurisdiction in this case is pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and diversity of citizenship, 28 U.S.C. § 1332.

8.    At all times applicable to this matter, Defendants Wayne and Lynn Myrick were insured under a personal liability umbrella policy issued jointly in their names. Said policy was in full force at all times applicable to this matter. A copy of the personal liability umbrella policy bearing policy number 01-BY-3095-2 and the declarations page setting forth the policy limits is attached hereto as Exhibit "A."

9.    On or about November 23, 2005, Defendants Wayne Myrick and Lynn Myrick were sued in the Circuit Court of Chilton County, Alabama, by Margaret N. Martin for undue influence, fraud-deceit and fraudulent inducement, conversion, conspiracy to defraud, conspiracy to convert, and breach of fiduciary duty in regard

-2-

to the management of the financial affairs of Margaret N. Martin.

10.    In the underlying action, Ms. Martin contends that the Myricks conducted her financial affairs in a manner that provided unjust enrichment for the Myricks; specifically, that Martin's personal monies were used for the construction of and additions to the Myricks' personal residence on a lake near Verbena, Alabama, which primarily benefitted the Myricks.

11.    Ms. Martin also contends that undue influence was used by the Myricks to obtain an executed Durable Power of Attorney appointing Defendant Lynn Myrick as Ms. Martin's attorney-in-fact. The Durable Power of Attorney gave Defendant Lynn Myrick the power to conduct financial affairs on behalf of Ms. Martin with respect to Ms. Martin's various bank accounts. It has been alleged that Ms. Martin's personal monies were used for the construction of and additions to the Myricks' personal residence on a lake near Verbena, Alabama which primarily benefitted the Myricks.

12.    Ms. Martin further contends that the Myricks represented to her the monies being used for the construction of the residence were to be loans that would be repaid. Ms. Martin contends the Myricks conspired and collaborated with each other to convert Ms. Martin's funds to their personal use under the representation the funds were loans that would be repaid. Ms. Martin has specifically contended that Lynn Myrick breached her fiduciary duty to use the powers conveyed in the Durable

Power of Attorney for the sole benefit of Ms. Martin.

13.    The background information leading to Ms. Martin's lawsuit against the Myricks is as follows: On or about December 9, 2002, Ms. Martin, at the age of 86, suffered a stroke.  At the time of the stroke, Ms. Martin owned a residence in Jefferson County, Alabama, in which she resided alone.  Acting upon the advice of her physician that she should not continue to live alone, Ms. Martin arranged to live with her niece, Defendant Lynn Myrick and her husband, Wayne.  At that time, the Myricks were building a lake residence in Verbena, Alabama.

14.    The Myricks suggested that Ms. Martin sell her home in Jefferson County and give them the proceeds of the sale which would be used to finish a basement apartment in the lake residence for Ms. Martin's living quarters.

15.    On or about January 2, 2003, Ms. Martin executed a Durable Power of Attorney appointing Defendant Lynn Myrick as the attorney-in-fact.  It has been alleged that Defendant Lynn Myrick told Ms. Martin's son that Ms. Martin was executing a medical power of attorney in case Ms. Martin's health condition required immediate decisions.  No mention was made of the scope of the Durable Power of Attorney that was executed.

16.    Following the execution of the Durable Power of Attorney, it has been alleged that Defendant Lynn Myrick closed all certificates of deposit, checking and savings accounts which were held jointly by Ms. Martin and her son and re-opened

-4-

same substituting her name in the place of Ms. Martin's son.

17.    Ms. Martin has alleged that she turned over the entirety of the proceeds from the sale  of her Jefferson County home, said amount being approximately $114,000.00 to the Myricks which the Myricks allegedly used, in whole or in part, to pay for the construction of their lake residence. Ms. Martin further alleges that no funds were ever returned to her and no accounting of the cost to finish the basement apartment were ever provided.

18.    Ms. Martin has alleged that she closed a certificate of deposit in the amount of $20,000.00 at the insistence of Defendant Lynn Myrick for the purpose of installing hardwood floors in the living quarters of the Myrick's Verbena lake residence. In the spring of 2003, Ms. Martin and the Myricks moved into the lake residence.

19.    Subsequent to the completion of the residence and the basement apartment, Ms. Martin alleges the Myricks borrowed an additional $86,469.07 to build a separate garage/storage building to replace the loss of use of the basement area. Ms. Martin alleges the funds she provided were deemed by all parties to be a "loan," although the terms of the agreement were never reduced to writing and no repayment of any portions of the funds have been made.

20.    In January, 2004, Defendant Lynn Myrick wrote checks on the account at National Bank of Commerce which totaled to be $5,000.00. Ms. Martin alleges the

checks were written without permission or authority and no accounting has been provided as to why the funds were withdrawn. In June, 2004, Defendant Lynn Myrick again withdrew funds on the account at National Bank of Commerce in the amount of $1,100.00. Ms. Martin alleges the withdrawal was without permission or authority and no accounting has been provided as to why the funds were withdrawn.

21     Ms. Martin alleges that when she moved out the Myricks' home in June, 2004, and to her current residence in Shenandoah, Texas, the Myricks refused to allow her to take a refrigerator from the basement apartment valued at $1,200.00 which was allegedly purchased with Ms. Martin's funds. In total, Ms. Martin alleges that over $227,000.00 of her personal funds were diverted to the use and benefit of the Myricks.

22.     On August 22, 2004, Ms. Vikki Hooker Fisher from College Station, Texas, sent a certified letter to Defendant Wayne Myrick. In the letter she introduced herself as "acting as the agent for Margaret Martin." The letter detailed all the allegations that eventually made their way into the Complaint filed in the Circuit Court of Chilton County, Alabama, and made a demand for the repayment of monies in an amount that totaled to be approximately $239,300.

23.     On October 8, 2004, Defendant Wayne Myrick responded to Ms. Fisher's letter by setting forth the reasons why he and Defendant Lynn Myrick did not owe the amount that had been demanded. Defendant Wayne Myrick further informed

Ms. Fisher there was a general liability policy in place that would defend them against any law suits that might be filed regarding the matter.

24.    State Farm, as the insurer of Defendants Myrick, did not receive notification of the controversy between the Myricks and Ms. Martin until February 25, 2005, when Defendant Wayne Myrick submitted a copy of a letter he had received from a Texas attorney dated February 15, 2005. In the letter, attorney Scott James from Waco, Texas, made a demand for $86,469.07 as full and final settlement of all claims Ms. Martin was making against the Myricks. The failure of the Myricks and Ms. Martin to reach a settlement regarding this demand resulted in the underlying litigation.

25.    Ms. Martin has sued the Myricks asking for the imposition of a constructive trust on the Myricks' Verbena lake residence to prevent the unjust enrichment of the Myricks by their wrongful acts. Ms. Martin alleges that the value of the home has been increased largely by the use of funds wrongly procured by the Myricks. She is also seeking compensatory and punitive damages in an amount to be determined by the underlying jury. The matter currently pending in Chilton County, Alabama, is the underlying action forming the basis of this Declaratory Judgment.

26.    The personal liability umbrella policy contains the following provisions:

6.    "**loss**" means:

a.    an accident, including injurious exposure to condition,

-7-

which results in **bodily injury** or **property damage** during the policy period. Repeated or continuous exposure to the same general condition is considered one **loss**; or

b.   the commission of an offense, or series of similar or related offenses which result in **personal injury** during the policy period.

Exhibit "A," Certified Policy, Policy Endorsement, FE-7786, **DEFINITIONS**, SF-00014

9.   "**personal injury**" means injury caused by one or more of the following offenses:

a.   false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution;

b.   libel, slander, defamation of character or invasion of rights of privacy.

Exhibit "A,"Certified Policy, Policy Endorsement, FE-7786, **DEFINITIONS**, SF-00015

11.   "**property damage**" means physical injury to or destruction of tangible property. This includes the loss of use caused by the injury or destruction.

Exhibit "A," Certified Policy, page 2, ¶ 11, SF-00006

17.   "**bodily injury**" means physical injury, sickness, disease, emotional distress or mental injury to a person. This includes required care, loss of services and death resulting therefrom.

**Bodily injury** does not include:

a.   any of the following which are communicable: disease, bacteria, parasite, virus, or other organism any of which are transmitted by any **insured** to any other person; or

-8-

b.    the exposure to any such disease bacteria, parasite, virus or other organism by any insured to any other person.

Exhibit "A," Certified Policy, Policy Endorsement, FE-7786, **DEFINITIONS**, SF-00014

## EXCLUSIONS

We will not provide insurance:

2.    for **bodily injury** or **property damage**:

a.    which is either expected or intended by you; or

b.    to any person or property which is the result of your willful and malicious act, no matter at whom the act was directed.

Exhibit "A,"Certified Policy, Policy Endorsement, FE-7786, **EXCLUSIONS** 2., SF-00015

## YOUR DUTIES TO US

These are the things you must do for us. We may not provide coverage if you refuse to:

1.    notify us of an accident. If something happens that might involve this policy, you must let us know promptly. Send written notice to us or our agent. Include the names and addresses of the injured and witnesses. Also include the time, place and account of the accident.

2.    notify us of a claim or suit. If a claim or suit is filed against you, notify your underlying insurer and us right away. You must send us every demand, notice, summons or other process you receive.

Exhibit "A," Certified Policy, page 6, **YOUR DUTIES TO US**, 1., 2., SF-00010

27.    State Farm avers that its denial of a defense and indemnification under

a homeowners' policy issued by it to the Myricks has presently placed the personal liability umbrella policy in the position of being the primary liability policy in this matter.

28.    Based on the allegations in the complaint and subsequent investigation regarding the claim, State Farm avers that the injuries for which Ms. Martin is seeking damages are excluded by the definitions in the policy.  State Farm further avers the Myricks have breached their obligations under the contract by failing to provide prompt notice to State Farm of a potential liability involving the policy.

**WHEREFORE, the above premises considered,** Plaintiff State Farm Fire and Casualty Company seeks the following relief:

A.    That the Court declare Plaintiff State Farm Fire and Casualty Company has no duty to defend and/or indemnify Wayne Myrick and Lynn Myrick in the lawsuit currently pending in The Circuit Court of Chilton County, Alabama, which alleges intentional acts by the insureds and other acts duly excluded under the policy.

B.    That the Court declare no loss has occurred as defined by the policy.

C.    That the Court declare the Myricks have breached their obligations under the contract by failing to provide prompt notice of a potential liability involving the policy.

D.    That the Court grant Plaintiff State Farm Fire and Casualty Company such other, further, and different general relief to which it may be entitled.

**-10-**

RESPECTFULLY SUBMITTED this the 19th day of APRIL, 2006.

MICHAEL B. BEERS [BEERM4992]
MICHEAL S. JACKSON [JACKM8173]
CONSTANCE T. BUCKALEW [BUCKC3785]
ANGELA C. TAYLOR [TAYLA2713]
BEERS, ANDERSON, JACKSON, PATTY
& VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988
Telephone:  (334) 834-5311
Facsimile:  (334) 834-5362
E-mail:      mbeers@beersanderson.com
Counsel for Plaintiff State Farm Fire and Casualty
Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing COMPLAINT FOR DECLARATORY JUDGMENT has been served upon the following parties by a Process Server:

Ms. Margaret N. Martin
c/o her attorneys of record
Timothy M. Fulmer, Esq.
David O. Schoel, Esq.
**NATTER & FULMER, P.C.**
3800 Colonnade Parkway
Suite 450
Birmingham, Alabama  35243

Wayne Myrick
60 County Road 1000
Verbena, Alabama 36091-3601

Lynn Myrick
60 County Road 1000
Verbena, Alabama 36091-3601

and that the following party was served via U.S. Mail, certified, and postage prepaid, addressed as follows:

Jim Gray, Esq.
**LLOYD, GRAY & WHITEHEAD, P.C.**
2501 Twentieth Place S - Suite 300
Birmingham, Alabama 35223

on this the 19th day of APRIL, 2006.

Of Counsel

**-12-**