IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>WAYNE MYRICK, )<br>LYNN MYRICK and )<br>MARGARET N. MARTIN )<br>)<br>   Defendants. ) | Case No. 2:06 CV 359-CSC |

## MOTION TO DISMISS

COME NOW Defendants Wayne Myrick and Lynn Myrick, and move the Court to dismiss the complaint filed by State Farm Fire and Casualty Company ("State Farm").  As grounds these defendants state the following:

1.  The insurance coverage issues raised by State Farm's Declaratory Judgment Complaint are not ripe for determination as there is a damage suit filed by Margaret N. Martin against Wayne and Lynn Myrick in the Circuit Court of  Chilton County identified as CV 2005-336-B.  The Chilton County suit is in the discovery stage and no judgments have been entered.  (See SJIS in Chilton County suit attached as Exhibit 1).

2.  It would be inappropriate for this Court to entertain jurisdiction over this declaratory judgment action because there is no case or controversy

1

between the parties at this time. Ameritas Variable Life Ins. Co. v. Roach, No. 05-10307, 2005 U.S. App. LEXIS 11050 (11th Cir. June 13, 2005); Atlanta Gas Light Co. v. Aetna Casualty and Surety Co., 68 F.3d 409 (11th Cir. 1995). If a judgment is ultimately entered in favor of Wayne and Lynn Myrick in the Chilton County suit, the issue of whether State Farm has a duty to indemnify the Myricks would never arise. That being true, the weight of authority instructs that this Court should not entertain jurisdiction over this action. State Farm Fire and Cas. Co. v. Middleton, 65 F. Supp. 1240 (M.D. Ala. 1999); Allstate Indemnity Co. v. Lewis, 985 F. Supp. 1341 (M.D. Ala. 1997).

    3.    Alabama Code § 6-5-440 (1975) entitled: Simultaneous actions for same cause against same party prohibited, provides as follows:

> No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.

    4.    The term "courts of this state" includes the United States District Courts in Alabama. See e.g. Ex parte Myer, 595 So. 2d 890 (Ala. 1992).

    5.    On April 25, 2005, State Farm filed a motion to intervene in the Chilton County suit. In said motion State Farm requested "intervention to

2

resolve questions of liability insurance coverage arising from the circumstances of this case." (State Farm's Motion to Intervene in opening paragraph attached as Exhibit 2).

6. In its motion to intervene in the state court action, State Farm also wrote "such intervention would provide an efficient means of resolving the issues among the parties regarding liability insurance coverage. (State Farm's Motion to Intervene in paragraph 5 attached as Exhibit 2).

7. State Farm further asserted that "Alabama Rules of Civil Procedure, Rule 24 and Rule 49, and the previously cited <u>Universal Underwriters</u> decision provide an alternative means for this Court to resolve the issue of liability insurance coverage which may require nothing more than the submission of Special Interrogatories or Special Verdict Forms to the Jury." (State Farm's Motion to Intervene in paragraph 6 attached as Exhibit 2).

8. In paragraph 7, State Farm opines that "If Special Interrogatories are not allowed by the Court, Defendant State Farm alternatively, in the event a verdict is returned against the Myricks, would respectfully request the Court to bifurcate the trial and allow State Farm to present evidence regarding insurance coverage to the same jury hearing the

underlying case." (State Farm's Motion to Intervene in paragraph 7 attached as Exhibit 2).

9. On May 2, 2006 Chilton County Circuit Court Judge Bush granted State Farm's Motion to Intervene. (See SJIS attached as Exhibit 1).

10. State Farm has embarked upon two separate courses of action in two separate judicial forums requesting the same determination.

11. State Farm's actions are a violation of Alabama Code §6-5-440.

12. By filing the Motion to Intervene in the Chilton County Circuit Court action, State Farm opted to proceed in state court and this federal court action should be dismissed.

13. This Court should decline to entertain jurisdiction over this matter as the coverage issues can be adjudicated in the state court action.

For the reasons cited above, Defendants Wayne and Lynn Myrick, request that this Court dismiss this Declaratory Judgment Action in its entirety and costs taxed as paid.

/s/James A. Kee, Jr. ASB-4314-e68j
/s/Cynthia A. Martin ASB-2044-i49c
Attorneys for Defendants Wayne and Lynn Myrick

OF COUNSEL:

KEE & SELBY, L.L.P.
1900 International Park Drive
Suite 220
Birmingham, Alabama 35243
(205)968-9900 (phone)
(205)968-9909 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Angela Christine Taylor
Constance Taylor Buckalew
Michael Baird Beers
Michael Stewart Jackson
BEERS ANDERSON JACKSON PATTY & VAN HEEST, P.C.
P.O. Box 1988
Montgomery, Alabama 36102-1988

Timothy M. Fulmer
David Schoel
NATTER & FULMER, P.C.
3800 Colonnade Parkway, Suite 450
Birmingham, Alabama  35243

/s/James A. Kee, Jr. ASB-4314-e68j