IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | |
|---|---|
| MARGARET N. MARTIN, | * |
| Plaintiff, | * |
| vs. | * Civil Action No. 2005-336-B |
| WAYNE MYRICK and LYNN MYRICK, | * |
| Defendants. | * |

### STATE FARM FIRE AND CASUALTY COMPANY'S
### MOTION TO INTERVENE

COMES NOW, State Farm Fire and Casualty Company, (hereinafter "State Farm"), to petition this Court to allow its intervention into this cause pursuant to Rule 24 and/or Rule 49 of the ALABAMA RULES OF CIVIL PROCEDURE for the limited purpose of participating in discovery and submitting special interrogatories to the jury. The Alabama Supreme Court's decision in *Universal Underwriters v. East Central Alabama Ford/Mercury, Inc.*, 574 So. 2d 716 (Ala. 1990) also authorizes such intervention by State Farm. State Farm requests intervention to resolve questions of liability insurance coverage arising from the circumstances of this case. State Farm submits the following grounds in support of this Motion to Intervene:

1. Defendants Wayne Myrick and Lynn Myrick (hereinafter collectively referred to as "Myricks") are the named insureds on a State Farm personal liability umbrella policy in force and effect at all times material to the incident(s) made the basis of this lawsuit. A copy of Policy #01-BY-3095-2 is attached hereto as Exhibit "A".

2. The Myricks contend this policy provides coverage for the acts made the basis of the allegations and the damages claimed by Plaintiff Margaret Martin in her Complaint.



06-359

EXHIBIT A

3. State Farm contends there is a question of whether the policy of insurance provides coverage for the acts and claims that have been alleged against the Myricks in this lawsuit. There is a question whether the underlying allegations constitute a loss as defined by the policy, whether or not the acts complained of were expected or intended in nature, and whether the acts were the result of willful and malicious conduct. Further, a jury needs to make a determination which, if any, award of damages were made pursuant to the claim for emotional and mental anguish.

4. Additionally, State Farm contends the issues of liability and damages presented by Martin's Complaint against the Myricks and the issues of liability existing between State Farm and the Myricks have common questions of law and fact.

5. State Farm's intervention would not delay the trial of this cause and would not prejudice the adjudication of the rights of the original parties. Such intervention would provide an efficient means of resolving the issues among the parties regarding liability insurance coverage

6. ALABAMA RULES OF CIVIL PROCEDURE, Rule 24 and Rule 49, and the previously cited *Universal Underwriters* decision provide an alternative means for this Court to resolve the issue of liability insurance coverage which may require nothing more than the submission of Special Interrogatories or Special Verdict Forms to the Jury.

8. If Special Interrogatories are not allowed by the Court, Defendant State Farm alternatively, in the event a verdict is returned against the Myricks, would respectfully request the Court to bifurcate the trial and allow State Farm to present evidence regarding insurance coverage to the same jury hearing the underlying case.

WHEREFORE, State Farm respectfully requests this Court to enter an Order GRANTING its Motion to Intervene.

Respectfully submitted this 20th day of APRIL, 2006.

*[signature: Constance J. Buckalew]*

MICHAEL B. BEERS [BEE006]
CONSTANCE T. BUCKALEW [BUC015]
ANGELA C. TAYLOR [TAY062]
Attorneys for Intervenor State Farm Fire and Casualty Company

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
 PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
TEL: (334) 834-5311
FAX: (334) 834-5362

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Timothy M. Fulmer, Esq.
David O. Schoel, Esq.
**NATTER & FULMER, P.C.**
3800 Colonnade Parkway, Suite 450
Birmingham, Alabama 35243

Jim Gray, Esq.
**LLOYD, GRAY AND WHITEHEAD, P.C.**
2501 Twentieth Place S - Suite 300
Birmingham, Alabama 35223

on this the 20th day of APRIL, 2006.

*[signature: Connie Buckalew]*
Of Counsel

-3-

# State Farm Fire and Casualty Company®



Birmingham Operations Center
100 State Farm Parkway
P.O. Box 2661
Birmingham, Alabama 35297-0001

## CERTIFICATE

I, the undersigned, do hereby certify that I am custodian of the records pertaining to the issuance of policies issued by the AL Personal Lines    Division of State Farm Fire and Casualty Company of Birmingham, AL.

Based on our available records, I further certify that the attached Coverage Summary  dated MAR 05, 2004 represents a true copy of the policy provisions and coverages as of MAR 22, 2004 for policy 01-BY-3095-2 issued to   MYRICK, DONALD WAYNE & LYNN
                                 60 COUNTY RD 1000
                                 VERBENA, AL  36091-3601

*Bill Lovell*
———————————————————
Bill Lovell
Underwriting Section Manager
State Farm Fire and Casualty Company



SF-Myrick
SF-00001

STATE FARM INSURANCE COMPANIES
State Farm Fire and Casualty Company
100 State Farm Parkway
Birmingham, AL 35297-0001

D-2070-F293 FL

MYRICK, DONALD WAYNE & LYNN
60 COUNTY RD 1000
VERBENA AL 36091-3601

**RENEWAL CERTIFICATE**
Personal Liability Umbrella Policy
MAR 22 2004 to MAR 22 2005

| DATE DUE | PLEASE PAY THIS AMOUNT |
|---|---|
| APR 09 2004 | $324.00 |

**COVERAGES AND LIMITS**
L Personal Liability         $1,000,000
  Self Insured Retention     None

**UNDERLYING EXPOSURES**
Our records show the following underlying information. This information was used in determining the rate of the policy.

**AUTOMOBILE EXPOSURES**
Automobile Liability         3 Autos
Automobile Operators         3
Youthful Operator            1

**OTHER LIABILITY EXPOSURES**
Personal Res Liability
Watercraft Liability

**Forms and Endorsements**
Personal Liability Umbrella    FP-7950.1
Policy Endorsement             FE-7786
Driver Exclusion Endorsement   FE-7637.1
Fungus "Including Mold" Excl  * FE-5717

*Effective: MAR 22 2004

Annual Premium    $324.00
Amount Due        $324.00

*Notify your agent immediately if the above listed Coverages and/or Underlying Exposures are incorrect. Your Coverages and/or bill can be affected if this information is not correct.

NOTICE: Information concerning changes in your policy language is included. Please call your agent if you have any questions.

Thanks for letting us serve you.
STAN WHITE
(205) 425-3280                   38 3193 1785
                          Prepared MAR 05 2004

See reverse side for important information.
Please keep this part for your record.

IF YOU HAVE MOVED, PLEASE CONTACT YOUR AGENT.   D-2070-F293 F   L

| INSURED | MYRICK, DONALD WAYNE & LYNN |
|---|---|
| POLICY NUMBER | 01-BY-3095-2    PERS LIAB UMB |

**PLEASE RETURN THIS PART WITH YOUR CHECK MADE PAYABLE TO STATE FARM**

| DATE DUE | PLEASE PAY THIS AMOUNT |
|---|---|
| APR 09 2004 | $324.00 |

Please contact your State Farm Agent to make any policy changes

0909405247
State Farm Insurance Companies

Prepared  MAR 05 2004

REB   FIRE REN   $324.00   0524

300414500032400   701112353095201509>

SF-Myrick
SF-00002



# YOUR STATE FARM
# PERSONAL LIABILITY UMBRELLA POLICY

FP-7950.1
(1/87)


PRINTED IN U.S.A.

**SF-Myrick**
**SF-00003**

## TABLE OF CONTENTS

### DECLARATIONS

Your Name  
Your Mailing Address  
Policy Period  
Policy Limits  
Self Insured Retention  
Required Underlying Coverages

| | Beginning on Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **COVERAGE L - PERSONAL LIABILITY** | 3 |
| **DEFENSE AND SETTLEMENT COVERAGE** | 3 |
| **EXCLUSIONS** | 4 |
| **YOUR DUTIES TO US** | 6 |
| **OTHER CONDITIONS** | 6 |

FP-7950.1  
(1/87)

Printed in U.S.A.

SF-Myrick  
SF-00004

# PERSONAL LIABILITY UMBRELLA POLICY

## AGREEMENT

We agree to provide the insurance described in this policy. You agree to pay premium when due and comply with the provisions of this policy.

## DEFINITIONS

In this policy, "you" and "your" refer to the "**insured**" as defined. "We", "us" and "our" refer to the Company listed in the **Declarations**. The following definitions are important.

1. "**automobile**" means a land motor vehicle, trailer or semi-trailer designed for use mainly on public roads. This does not include **recreational motor vehicles**, farm tractors, trailers or implements.

2. "**business**" means a trade, profession or occupation.

3. "**business property**" means premises on which a **business** is conducted, or property rented or held for rental in whole or in part to others.

4. "**Declarations**" means the policy **Declarations**, an amended **Declarations**, changes added by the most recent renewal notice or certificate, or an endorsement changing any of these.

5. "**insured**" means:

   a. the **named insured**;

   b. the following residents of the **named insured's** household:

      (1) the **named insured's** relatives; and

      (2) anyone under the age of 21 under the care of a person named above; and

   c. a person or organization while using or holding an **automobile, recreational motor vehicle,** or **watercraft** owned by, rented by, or loaned to the **named insured**, provided that the **named insured** gave permission for the type of use. A person or organization is not an **insured** if the use or custody is in the course of an automobile sales or service **business** or without the **named insured's** permission.

6. "**loss**" means an accident that results in **personal injury** or **property damage** during the policy period. This includes injurious exposure to conditions.

FP-7950.1
(1/87)

1

Printed in U.S.A.
**SF-Myrick**
**SF-00005**

7. **"named insured"** means the person named in the **Declarations** and the spouse. The spouse must be a member of the same household.

8. **"net loss"** means:

    a. the amount you are legally obligated to pay as damages for **personal injury** or **property damage**; and

    b. all reasonable expenses you incur in the investigation, settlement and defense of a claim or suit at our request. This does not include expenses covered by another policy, expenses we cover under the **Defense and Settlement** section of this policy, and salaries of your employees.

9. **"personal injury"** means:

    a. bodily harm, sickness, disease, shock, mental anguish or mental injury. This includes required care, loss of services and death resulting therefrom. Personal Injury does not include any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any **insured** to any other person. It also does not include the exposure to any such disease, bacteria, parasite, virus, or other organism by any **insured** to any other person.

    b. false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution or humiliation;

    c. libel, slander, defamation of character or invasion of rights of privacy; and

    d. assault and battery.

10. **"private automobile"** means an **automobile** other than a truck-tractor, its trailer or semi-trailer, or a truck with load capacity of 1 1/2 or more tons. A truck, pick-up, panel or van body vehicle or its trailer is not a **private automobile** while being used for wholesale or retail pick-ups or deliveries.

11. **"property damage"** means physical injury to or destruction of tangible property. This includes the loss of use caused by the injury or destruction.

12. **"recreational motor vehicle"** means a recreational land motor vehicle designed for use off public roads. This includes a motorized all terrain vehicle, amphibious vehicle, dune buggy, golfmobile, snowmobile, trailbike, or minibike.

13. **"relative"** means any person related by blood, adoption, or marriage to the **named insured.**

14. **"retained limit"** means:

    a. the total limits of liability of your underlying insurance; or

2

SF-Myrick
SF-00006

b. the amount shown on the **Declarations** as the "Self-Insured Retention". This amount applies only if this policy applies but your required underlying insurance policy does not include coverage for the **loss**.

## COVERAGES

1. **Coverage L - Personal Liability.** If you are legally obligated to pay damages for a **loss**, we will pay your **net loss** minus the **retained limit**. Our payment will not exceed the amount shown on the **Declarations** as Policy Limits - Coverage L - Personal Liability.

2. **Defense and Settlement.**

   a. We may investigate, negotiate and settle a claim or suit covered by this policy.

   b. When the claim or suit is covered by this policy, but not covered by any other policy available to you:

      (1) we will defend the suit against you;

      (2) we will pay the premiums on bonds required in suits we defend, but not for bond amounts greater than the Coverage L limit. We are not obligated to apply for or furnish any bond;

      (3) we will pay the expenses we incur and costs taxed against you in suits we defend;

      (4) we will pay the reasonable expenses you incur at our request. This includes actual loss of earnings (but not loss of other income) up to $100 per day for aiding us in the investigation or defense of claims or suits;

      (5) we will pay prejudgment interest awarded against you on that part of the judgment we pay under Coverage L; and

      (6) we will pay the interest on the entire judgment which accrues after entry of the judgment and before we pay or tender, or deposit in court, that part of the judgment which does not exceed the limit of liability that applies.

   c. Payments under Defense and Settlement Coverage, except a settlement payment, are in addition to the Coverage L amount.

   d. Our obligation to defend a claim or suit ends when the amount we pay for damages equals our limit of liability under Coverage L.

3

**SF-Myrick**
**SF-00007**

## EXCLUSIONS

We will not provide insurance:

1. if you are liable under a workers' compensation, unemployment compensation, disability benefits law, or a similar law.

2. for **personal injury** or **property damage**:

    a. which is either expected or intended by you; or

    b. to any person or property which is the result of your willful and malicious act, no matter at whom the act was directed.

3. for **property damage** to:

    a. your own property;

    b. aircraft you rent, use, or hold for others; or

    c. property rented, borrowed or held for which you promised to provide insurance.

4. for any **loss** involving your maintenance, use, handling or ownership of any aircraft.

5. for any **loss** caused by providing or failing to provide a professional service.

6. for any loss caused by your **business operations** or arising out of **business property**:

    a. unless;

        (1) the underlying insurance listed on the **Declarations** provides coverage for the **loss**; and

        (2) the **loss** does not involve an **automobile, recreational motor vehicle,** or **watercraft**.

    b. however; this exclusion does not apply to a **private automobile** or watercraft when used for **business** if:

        (1) your underlying policy applies to the **loss**; and

        (2) the **private automobile** or watercraft is not for hire either for the use of others or for carrying the property of others.

7. for your legal liability:

    a. to any person who is in your care because of child care services provided by or at the direction of:

        (1) you;

4

SF-Myrick
SF-00008

    (2) your employee; or

    (3) any other person actually or apparently acting on your behalf.

b. to any person who makes a claim because of **personal injury** to any person who is in your care because of child care services provided by or at the direction of:

    (1) you;

    (2) your employee; or

    (3) any other person actually or apparently acting on your behalf.

**Defense and Settlement** coverage does not apply to any person indicated in 7.a. or 7.b. above.

This exclusion does not apply to the occasional child care service provided by you; or the part-time child care services provided by any **insured** who is under 19 years of age.

8. for any **loss** caused by your act or omission as a member of a corporation's board of directors. This exclusion does not apply if the corporation:

    a. was formed as a not-for-profit corporation; and

    b. does not involve your **business**.

9. for a **loss** caused by pollution to land, water or air unless it is sudden and accidental.

10. for **personal injury** to the **named insured**, spouse, or anyone within the meaning of part a. or b. of the definition of **insured**.

11. for any **loss** caused by illegal discrimination.

12. for your share of a loss assessment charged against you as a member of an association of property owners.

13. for any **loss** that is insured by a nuclear energy policy even if the limits of that policy have been exhausted.

14. for any **loss** arising out of:

    a. the entrustment by any **insured** to any person;

    b. the negligent supervision by any **insured** of any person;

    c. any liability statutorily imposed on any **insured**; or

    d. any liability assumed through an unwritten or written agreement by any **insured**;

with regard to the ownership, maintenance or use of any aircraft, watercraft or motorized land conveyance unless underlying insurance described in the **Declarations** provides coverage for the loss.

15. for any **loss** arising out of your participation in, preparation or practice for any race, speed or demolition contest, or similar competition involving a motorized land vehicle or motorized watercraft.

## YOUR DUTIES TO US

These are things you must do for us. We may not provide coverage if you refuse to:

1. notify us of an accident. If something happens that might involve this policy, you must let us know promptly. Send written notice to us or our agent. Include the names and addresses of the injured and witnesses. Also include the time, place and account of the accident.

2. notify us of a claim or suit. If a claim or suit is filed against you, notify your underlying insurer and us right away. You must send us every demand, notice, summons or other process you receive.

3. help and cooperate with us and your underlying insurer at all times regarding:

   a. settlement of claims;

   b. enforcement of your rights against others;

   c. attendance at hearings and trials;

   d. preservation of evidence; and

   e. location of witnesses.

4. maintain your underlying insurance. All insurance listed in the **Declarations** must be maintained at all times. The limits listed in the **Declarations** are the minimum you must maintain. If the required underlying limits are not maintained, you will be responsible for the underlying limit amount of any loss. If any of your underlying coverage limits are used up, reduced, or cancelled:

   a. you must try to replace the coverage; and

   b. you must notify us immediately.

You must maintain your underlying coverage if you travel outside the United States or Canada. If the minimum underlying limits we require are not available, you must obtain the highest legally available limit.

## OTHER CONDITIONS

These are the other conditions you should know:

1. **Reduced Underlying Coverage.** If your required underlying insurance does not provide coverage for a **loss** because:

   a. it limits the amount it will pay in one year; or

6

SF-Myrick
SF-00010

    b.   it provides coverage for a **loss** only if reported while that policy is in effect or within a time period after that policy's termination;

you will be responsible for the underlying limit amount of any **loss**.

2. **Appeals.** If you or your underlying insurer choose not to appeal a judgment that we must help pay, we may choose to make the appeal. If we make the appeal, we will be responsible for:

   a. our limit of liability above the **retained limit**; and

   b. the additional costs and interest incurred during the appeal.

3. **Payment of Loss.** After your obligation has been set by final judgment or agreement with us:

   a. you may pay the **Net Loss** and submit proof to us. We will pay the amount above the **retained limit** up to the Coverage L limit; or

   b. we will pay the claimant directly, if you wish.

   Our payment under any coverage provided by this policy will not exceed the limit of liability for that coverage listed in the **Declarations** for a **loss**.

4. **Suit Against Us.** No action shall be brought against us unless you have complied with policy provisions. No one has the right to join us in action against you. No action shall be brought against us until your obligation has been set by final judgment or agreement with us.

5. **Other Insurance.** This policy is excess over all other valid and collectible insurance.

6. **Recovery.** You must do all that you can to preserve your rights of recovery. These rights will belong to us up to the amount we pay for a **loss**.

7. **Changes.** Waivers of our rights or changes to this policy must be issued by us in writing.

8. **Assignment.** An assignment of this policy will be valid only after we give our written consent.

9. **Bankruptcy.** If you become bankrupt or insolvent, we will still honor this policy.

10. **Death.** If you die, this policy will cover another person while acting as the personal representative of your estate until the end of the policy period. This applies only with respect to the premises and property covered under this policy at the time of death.

11. **Policy Period.** This policy applies only to **loss** which occurs during the period this policy is in effect.

12. **Cancellation.** This policy can be cancelled by the **named insured** or us.

a. The **named insured** may cancel by giving written notice to us or our agent. The notice should include the date the policy should be cancelled. If the **named insured** cancels, the refund will be based on our rules for cancellation. We may waive the requirement that the notice be in writing by confirming the date and time of cancellation to the **named insured** in writing.

b. If we choose to cancel the policy, we will send notice to the address shown in the **Declarations**. We will give at least 30 days notice of the date of our cancellation. If we cancel, the refund will be prorated. Proof of mailing shall be sufficient proof of notice.

13. **Non-Renewal.** We may elect not to renew this policy. We may do so by delivering or mailing written notice to the mailing address shown in the **Declarations**. The notice will be delivered or mailed at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

14. **Liberalization Clause.** If we adopt any revision which would broaden coverage under this policy without additional premium within 60 days prior to or during the period this policy is in effect, the broadened coverage will immediately apply to this policy.

15. **Limit Per Loss.** This insurance applies separately to each **insured**, but our limit of liability per **loss** will be no greater than the individual coverage limit shown in the **Declarations**.

16. **Insolvency.** When coverage is not available from an underlying policy because the company is insolvent, this policy will not replace coverage of any state, provincial or association guarantee fund available for the **loss**.

17. **Mid-Term Changes.** When the **named insured** requests changes in this policy between anniversary dates, we reserve the right to adjust the premium in accordance with the change.

8

We have caused this policy to be executed and attested, but this policy shall not be valid unless countersigned by our duly authorized representative.

*Laura P. Sullivan*
Secretary

*Edward B Rust, Jr*
President

The Board of Directors, in accordance with Article VI(c) of our Articles of Incorporation, may from time to time distribute equitably to the holders of the participating policies issued by us such sums out of our earnings that they judge are proper.

9

SF-Myrick
SF-00013

## POLICY ENDORSEMENT

**DEFINITIONS**

The following are added:

16. When shown on the **Declarations** as "REQUIRED UNDERLYING INSURANCE POLICIES", these terms are defined as follows:

    a. "AUTOMOBILE LIABILITY" means your policy which provides coverage for liability caused by the ownership, operation, maintenance or use of any land motor vehicle, trailer or semi-trailer designed for use mainly on public roads. The policy must include Uninsured and/or Underinsured Motor Vehicle Coverage if this coverage is shown on the **Declarations**. Automobile Liability Policy does not include a Recreational Motor Vehicle Liability Policy as defined below.

    b. "RECREATIONAL MOTOR VEHICLE LIABILITY INCLUDING PASSENGER BODILY INJURY" means your policy which provides coverage for liability, including passenger **bodily injury**, caused by the ownership, operation, maintenance or use of a recreational land motor vehicle designed for use off public roads. This includes a motorized all terrain vehicle, amphibious vehicle, dune buggy, golfmobile, snowmobile, trailbike or minibike. The policy must include Uninsured and/or Underinsured Motor Vehicle Coverage if this coverage is shown on the **Declarations**.

    c. "PERSONAL RESIDENTIAL LIABILITY" means your policy which provides coverage for liability caused by the ownership, maintenance or use of a premises as your residence.

    d. "PERSONAL FARM LIABILITY" means your policy which provides coverage for liability caused by the ownership, maintenance or use of a premises as your residence and the ownership, operation, maintenance or use of your farm.

    e. "WATERCRAFT LIABILITY" means your policy which provides coverage for liability caused by the ownership, operation, maintenance or use of a watercraft.

    f. "RESIDENTIAL RENTAL LIABILITY" means your policy which provides coverage for liability caused by the ownership, maintenance or use of your residential rental property which is occupied by others.

    g. "OFFICE PREMISES LIABILITY" means your policy which provides coverage for liability caused by the ownership, operation, maintenance or use of an office solely occupied by you.

    h. "EMPLOYERS LIABILITY" means your policy which provides coverage for liability arising out of **bodily injury** sustained by your employees during the course of their employment by you.

    i. "PROFESSIONAL LIABILITY" means your policy which provides coverage for liability caused by the rendering or failure to render professional services, negligent acts, errors or omissions in the practice of your profession listed on the **Declarations**.

17. "**bodily injury**" means physical injury, sickness, disease, emotional distress or mental injury to a person. This includes required care, loss of services and death resulting therefrom.

    **Bodily injury** does not include:

    a. any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any **insured** to any other person; or

    b. the exposure to any such disease, bacteria, parasite, virus, or other organism by any **insured** to any other person.

"**loss**", "**net loss**" and "**personal injury**" are replaced with the following:

6. "**loss**" means:

    a. an accident, including injurious exposure to conditions, which results in **bodily injury** or **property damage** during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **loss**; or

    b. the commission of an offense, or series of similar or related offenses, which result in **personal injury** during the policy period.

FE-7786
(3/93)

(CONTINUED ON REVERSE SIDE)

**SF-Myrick**
SF-00014

Printed in U.S.A.

8. **"net loss"** means:

    a. the amount you are legally obligated to pay as damages for **bodily injury, personal injury** or **property damage**; and

    b. all reasonable expenses you incur in the investigation, settlement and defense of a claim or suit at our request. This does not include expenses covered by another policy, expenses we cover under the **Defense and Settlement** section of this policy, and salaries of your employees.

9. **"personal injury"** means injury caused by one or more of the following offenses:

    a. false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution;

    b. libel, slander, defamation of character or invasion of rights of privacy.

**EXCLUSIONS**

Exclusion 2. is replaced with the following:

2. for **bodily injury** or **property damage**:

    a. which is either expected or intended by you; or

    b. to any person or property which is the result of your willful and malicious act, no matter at whom the act was directed.

Exclusion 6. is replaced with the following:

6. for any loss caused by your **business** pursuits or arising out of **business property**:

    a. unless:

        (1) the underlying insurance listed on the **Declarations** provides coverage for the **loss**; and

        (2) the **loss** does not involve an **automobile, recreational motor vehicle**, or watercraft.

    b. however; this exclusion does not apply to a **private automobile** or watercraft when used for **business** if:

        (1) the underlying insurance listed on the **Declarations** applies to the **loss**; and

        (2) the **private automobile** or watercraft is not for hire either for the use of others or for carrying the property of others.

Exclusion 7. is replaced with the following:

7. for any claim made or suit brought against you by:

    a. any person who is in your care because of child care services provided by or at the direction of:

        (1) you;

        (2) your employee; or

        (3) any other person actually or apparently acting on your behalf.

    b. any person who makes a claim because of **bodily injury** or **personal injury** to any person who is in your care because of child care services provided by or at the direction of:

        (1) you;

        (2) your employee; or

        (3) any other person actually or apparently acting on your behalf.

    **Defense and Settlement** coverage does not apply to any person indicated in 7.a. or 7.b. above.

    This exclusion does not apply to the occasional child care service provided by you; or the part-time child care services provided by any **insured** who is under 19 years of age.

Exclusion 10. is replaced with the following:

10. for **bodily injury** or **personal injury** to the **named insured**, spouse, or anyone within the meaning of part a. or b. of the definition of **insured**.

    This exclusion also applies to any claim made or suit brought against you to share damages with or repay someone else who may be obligated to pay damages because of the **bodily injury** or **personal injury**.

The following is added:

16. for **personal injury** when you act with specific intent to cause harm or injury.

All other policy provisions apply.

SF-Myrick
SF-00015

DG  Policy No. 01-BY-3095-2   M23

FE-7637.1
(9/86)

# DRIVER EXCLUSION ENDORSEMENT

We will not provide any coverage under this policy for any insured for a loss sustained while an **automobile, watercraft, recreational motor vehicle** or any other motorized land vehicle is driven or operated by

DONALD LYNN MYRICK.

All other provisions of this policy apply.

_____
Named Insured's Signature

_____
Agent's Signature

01-BY-3095-2
Policy Number

_____
Effective Date of Endorsement

SF-Myrick
SF-00016

FE-7637.1
(9/86)

Printed In U.S.A.

FE-5717

# FUNGUS (INCLUDING MOLD) LIABILITY EXCLUSION ENDORSEMENT

**DEFINITIONS**

The following definition is added:

"**fungus**" means any type or form of fungi, including mold or mildew, and any mycotoxins, spores, scents or byproducts produced or released by fungi. For purposes of this definition and its application to this endorsement and policy, **fungus** is not considered a pollutant.

**EXCLUSIONS**

The following exclusion is added:

17. for any:

    a. **bodily injury, personal injury or property damage** arising out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any **fungus** at or from any source or location; or

    b. **loss**, cost or expense arising out of any:

       (1) request, demand or order that any **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate or dispose of or in any way respond to or assess the effects of **fungus**; or

       (2) claim or suit for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of **fungus**.

All other policy provisions apply.

FE-5717

SF-Myrick
SF-00017