IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAYNE MYRICK, )<br>LYNN MYRICK and )<br>MARGARET N. MARTIN )<br>)<br>Defendants. ) | Case No. 2:06 CV 359-CSC |

**REPLY BRIEF
IN SUPPORT OF THE MYRICK'S MOTION TO DISMISS**

COME NOW Defendants Wayne Myrick and Lynn Myrick ("Myrick"), and file this reply to State Farm Fire and Casualty Company's ("State Farm") response in opposition to the Myricks' motion to dismiss and state as follows:

1. State Farm asserts that its request for alternative relief, (i.e. bifurcating the Chilton County state court trial to allow State Farm to present evidence regarding insurance coverage to the same jury in the state court action) is the basis of the Myrick's Motion to Dismiss. (State Farm's response at paragraph 3.)

1

2. Bifurcating the Chilton County state court action is **not** the sole basis of the Myrick's motion to dismiss.

3. The Myrick's motion to dismiss is based upon two legal premises: (1) the determination of an insurer's duties to its insured are not ripe at this time as there has been no adjudication in the underlying action; and (2) State Farm cannot proceed in two actions against the same party at the same time.

4. As to the first issue, it would be inappropriate for this Court to entertain jurisdiction over this declaratory judgment action because there is no case or controversy between the parties at this time. Ameritas Variable Life Ins. Co. v. Roach, No. 05-10307, 2005 U.S. App. LEXIS 11050 (11th Cir. June 13, 2005); Atlanta Gas Light Co. v. Aetna Casualty and Surety Co., 68 F.3d 409 (11th Cir. 1995). If a judgment is ultimately entered in favor of Wayne and Lynn Myrick in the Chilton County suit, the issue of whether State Farm has a duty to indemnify the Myricks would never arise. That being true, the weight of authority instructs that this Court should not entertain jurisdiction over this action. State Farm Fire and Cas. Co. v. Middleton, 65 F. Supp. 1240 (M.D. Ala. 1999); Allstate Indemnity Co. v. Lewis, 985 F. Supp. 1341 (M.D. Ala. 1997).

5. As to the second issue, whether or not State Farm has now chosen to withdraw part of its intervention in the state court action by not seeking to bifurcate the trial (after receiving the Myrick's motion to dismiss this Federal Court action), the fact still remains that the insurance coverage issues raised by State Farm's federal court declaratory judgment action are the same as the issues raised in its state court intervention.

6. Alabama Code § 6-5-440 (1975) entitled: Simultaneous actions for same cause against same party prohibited, provides as follows:

> No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.

7. The term "courts of this state" includes the United States District Courts in Alabama. See e.g. Ex parte Myer, 595 So. 2d 890 (Ala. 1992).

8. In State Farm's permissive motion to intervene in the Chilton County state court action, State Farm requested "intervention to **resolve** questions of liability insurance coverage arising from the circumstances of this case." (State Farm's Motion to Intervene in opening paragraph previously attached as Exhibit 2, emphasis added).

3

9. State Farm further asserted that "Alabama Rules of Civil Procedure, Rule 24 and Rule 49, and the previously cited <u>Universal Underwriters</u> decision provide an alternative means for this Court to resolve the issue of liability insurance coverage which may require nothing more than the submission of Special Interrogatories or Special Verdict Forms to the Jury." (State Farm's Motion to Intervene in paragraph 6 previously attached as Exhibit 2).

10. While State Farm now asserts that it has withdrawn its request to bifurcate the trial, State Farm is proceeding in the Chilton County state court action as an intervenor that will submit special interrogatories to the jury in said state court action. (State Farm's motion to withdraw paragraph 8 of its motion to intervene previously attached to State Farms' response at Exhibit C).

11. State Farm is seeking a determination of the coverage issues by a Chilton County jury.

12. State Farm has sought to intervene and submit special interrogatories to a jury, not by right, in the Chilton County state court action and as State Farm argued in its motion at paragraph 5, "Such intervention would provide an efficient means of resolving the issues among the parties

regarding liability insurance coverage." (State Farm's Motion to Intervene paragraph 5 previously attached as Exhibit 2).

13. State Farm has embarked upon two separate courses of action in two separate judicial forums requesting the same determination.

14. State Farm did not withdraw its intervention, only its request to bifurcate the trial.

15. State Farm's actions are a violation of Alabama Code §6-5-440.

16. By filing the Motion to Intervene in the Chilton County Circuit Court action, State Farm opted to proceed in state court and this federal court action should be dismissed.

17. This Court should decline to entertain jurisdiction over this matter as the coverage issues can be adjudicated in the state court action.

For the reasons cited above, Defendants Wayne and Lynn Myrick, request that this Court dismiss this Declaratory Judgment Action in its entirety and costs taxed as paid.

/s/James A. Kee, Jr. ASB-4314-e68j
/s/Cynthia A. Martin ASB-2044-i49c
Attorneys for Defendants Wayne and Lynn Myrick

OF COUNSEL:
KEE & SELBY, L.L.P.
1900 International Park Drive
Suite 220
Birmingham, Alabama 35243
(205)968-9900 (phone)
(205)968-9909 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Angela Christine Taylor
Constance Taylor Buckalew
Michael Baird Beers
Michael Stewart Jackson
BEERS ANDERSON JACKSON PATTY & VAN HEEST, P.C.
P.O. Box 1988
Montgomery, Alabama 36102-1988

Timothy M. Fulmer
David Schoel
NATTER & FULMER, P.C.
3800 Colonnade Parkway, Suite 450
Birmingham, Alabama  35243

/s/James A. Kee, Jr. ASB-4314-e68j