IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | * * * | |
| Plaintiff, | * * | |
| vs. | * * | Case No.: 2:06 CV-359-~~CSC~~ WKW |
| WAYNE MYRICK, LYNN MYRICK, and MARGARET N. MARTIN, | * * * * | |
| Defendants. | * | |

**STATE FARM FIRE AND CASUALTY COMPANY'S RESPONSE TO DEFENDANTS' REPLY BRIEF IN SUPPORT OF THE MYRICKS' MOTION TO DISMISS**

COMES NOW, State Farm Fire and Casualty Company, (hereinafter "State Farm"), in response to the Defendants' REPLY BRIEF IN SUPPORT OF THE MYRICKS' MOTION TO DISMISS and shows unto the Court as follows:

1. Defendants rely upon two cases in support of their argument that the declaratory judgment action is premature due to the nonexistence of a case or controversy. However, *Atlanta Gas Light Co. v. Aetna Casualty and Surety Co.*, 68 F.3d 409 (11th Cir. 1995) is not on point with the current litigation, and the analysis set forth in *Ameritas Variable Life Insurance Co. v. Roach,* 411 F.3d 1328 (11th Cir. 2005) actually favors this Court's resolution of the matter.

2. In *Atlanta Gas Light Co. v. Aetna,* the Court held that the declaratory judgment action was premature because it was filed "as an anticipatory maneuver designed to preempt whatever actions the insurers actions the insurers may have taken after they received AGL's notice." *Atlanta Gas Light Co. v. Aetna* 411 F.3d 1328 at 415. The Court noted that "speculation based on the insurance companies' dealings with other insureds does not present a concrete case or controversy" as no lawsuit had been filed nor had any orders been issued which would require coverage under Atlanta Gas Light Co's policy with Aetna. *Id*. The Court noted that until Aetna denied coverage, the case was not ripe for adjudication. *Id*.

3. That case is in direct contradiction to the issue presented to this court. State Farm's declaratory action is not filed in anticipation of a controversy, but rather upon an actual controversy which arose upon State Farm's denial of coverage.

4. The Myricks relied upon a personal umbrella policy issued by State Farm to tender both a defense and indemnification of the underlying suit. State Farm denied the existence of a duty to defend and indemnify based upon the provisions of the policy. Although the Myricks have not yet answered State Farm's complaint for declaratory judgment, in their Motion to Dismiss, they dispute State Farm's contention that it owes no duty to defend or indemnify[1] them in the underlying suit, thereby

---

[1] State Farm can assume from the Motion to Dismiss that the Myricks will not be admitting that State Farm has no duty to defend or indemnify them from the allegations of the underlying suit.

creating a justiciable controversy. As such, unlike *Atlanta Gas Light Co. v. Aetna*, State Farm's action is not based upon the mere possibility of a lawsuit which would implicate the umbrella policy, but on an actual lawsuit for which the Myricks have sought coverage.

5. *Ameritas Variable Life Insurance Co. v. Roach,* 411 F.3d 1328, 1331 (11th Cir. 2005), cited by Defendants in support of their contention that jurisdiction in this Court is inappropriate, actually weighs heavily in favor of this Court's exercising jurisdiction in State Farm's Complaint for Declaratory Judgment.

    a. State Farm's duty to defend can and should be determined solely on the pleadings and can be determined irrespective of the proceedings in state court.

    b. The State Court has no interest in this action as State Farm's defense or indemnification has no bearing on the progression of the underlying suit between Mrs. Martin and Mr. and Mrs. Myrick, that suit can and will proceed with the Myricks being represented by personal counsel.

    c. A declaratory judgment by this Court would settle the controversy that exists between the Myricks and State Farm.

    d. A declaratory action by this Court would serve a useful purpose in clarifying the legal relations at issue by determining the parties' duties and obligations to each other in the underlying suit and could potentially allow State Farm to withdraw its intervention in the underlying action.

e. The issues determined in this declaratory action will not have a *res judicata* effect on the underlying suit as the issues of coverage in this case is wholly independent to the liability issue upon which the Myrick's alleged liability to Mrs. Martin will be determined.

f. There are no underlying factual issues in the underlying suti which need to be resolved in order to resolve the declaratory action. A determination of State Farm's duties can be made solely on the basis of the pleadings in the underlying case and the policy at issue.

7. This Court should exercise jurisdiction over this matter as the issues are properly before this court.

8. Defendants misrepresent to this Court that State Farm is seeking a determination of the coverage issues by a Chilton County jury. State Farm has not sought a declaratory judgment on the coverage issues in the Chilton County court. The jury in the underlying case will not address the coverage issues presented to this Court in this declaratory action. State Farm has only sought permission to submit special interrogatories to the jury, if necessary. The coverage issues that pertain to the underlying action will not be adjudicated by the State Court jury as claimed by Defendants, but rather will be addressed, by this Court. That is the purpose of the declaratory action. At most, the Chilton County jury would be answering special interrogatories. However, State Farm contends that answers to special interrogatories

are not necessary to resolve the coverage question. State Farm has been granted permission to submit special interrogatories to the jury but that does not mean that State Farm will actually do so. Because granting or denying the right to submit special interrogatories is discretionary with the state court (See *Universal Underwriters Ins. Co. v. Anglen*, 30 So.2d 441 (Ala.1993)), and because state courts frown on eleventh hour motions to intervene, State Farm decided to file its motion to intervene early in order to obtain the right to submit special interrogatories if State Farm wanted to do so. State Farm still believes that the coverage issues can be decided without the necessity of submitting special interrogatories to the jury.

For the reasons cited above, Plaintiff State Farm Fire and Casualty Company respectfully requests this Court deny Defendants' Motion to Dismiss.

RESPECTFULLY SUBMITTED this the 25th day of July, 2006.

_____
**MICHAEL B. BEERS [BEERM4992]
MICHEAL S. JACKSON [JACKM8173]
CONSTANCE T. BUCKALEW [BUCKC3785]
ANGELA C. TAYLOR [TAYLA2713]**
BEERS, ANDERSON, JACKSON, PATTY
& VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
Telephone: (334) 834-5311
Facsimile: (334) 834-5362
E-mail: mjackson@beersanderson.com
Counsel for Plaintiff State Farm Fire and Casualty Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing STATE FARM FIRE AND CASUALTY COMPANY'S RESPONSE TO REPLY BRIEF IN SUPPORT OF THE MYRICKS' MOTION TO DISMISS has been served upon the following parties by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Timothy M. Fulmer, Esq.  
David O. Schoel, Esq.  
**NATTER & FULMER, P.C.**  
3800 Colonnade Parkway  
Suite 450  
Birmingham, Alabama   35243

Jim Gray, Esq.  
**LLOYD, GRAY & WHITEHEAD, P.C.**  
2501 Twentieth Place S - Suite 300  
Birmingham, Alabama 35223

on this the 25th day of JULY, 2006.

_____  
Of Counsel