# EXHIBIT

# D

DEFENDANT'S COPY

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

MARGARET N. MARTIN,                    )
                                       )
            Plaintiff,                 )          *CV-D5-336B*
                                       )
v.                                     )     Civil Action No.:
                                       )
WAYNE MYRICK and                       )
LYNN MYRICK,                           )
                                       )
            Defendants.                )

## COMPLAINT

COMES NOW Plaintiff, Margaret N. Martin, and hereby brings the following Complaint for judgment against the Defendants, Wayne Myrick and Lynn Myrick, as pleaded herein.

## PARTIES

1.    Plaintiff, Margaret N. Martin (hereinafter, "Plaintiff"), is an adult resident citizen of Montgomery County, Texas.

2.    Defendant, Wayne Myrick, is an adult resident citizen of Chilton County, Alabama.

3.    Defendant, Lynn Myrick, is an adult resident citizen of Chilton County, Alabama.

## FACTUAL BACKGROUND

4.    On or about December 9, 2002, Plaintiff, at the age of 86, suffered a stroke. At that time, Plaintiff owned a residence in Jefferson County, Alabama, in which she resided alone.

SF-Myrick
SF-00024

5.   Plaintiff was subsequently advised by her treating physician that she should not live alone. In the following weeks, Plaintiff made arrangements to live with her niece, Lynn Myrick and her husband, Wayne Myrick, the Defendants in this lawsuit.

6.   At that time, the Defendants were building a lake residence in Verbena, Alabama.

7.   Defendants suggested that Plaintiff sell her home in Jefferson County and provide them with a sufficient portion of the proceeds which would be used to finish a basement apartment in their lake residence in order to provide living quarters for the Plaintiff.

8.   On or about January 2, 2003, Plaintiff executed a Durable Power of Attorney, appointing Defendant, Lynn Myrick, as her attorney-in-fact. Among other things, the Durable Power of Attorney gave Defendant, Lynn Myrick, the power to conduct financial affairs on behalf of Plaintiff with respect to Plaintiff's various bank accounts. A copy of the Durable Power of Attorney is attached hereto as Exhibit "1".

9.   Lynn Myrick had previously advised Thomas McClung, the Plaintiff's son, that the Plaintiff would be executing a medical power of attorney, in case the Plaintiff's health condition required immediate decisions. Ms. Myrick never advised Thomas McClung that the Plaintiff would be executing a Durable Power of Attorney.

10.  Following the execution of the Durable Power of Attorney, Defendant Lynn Myrick closed all of the Plaintiff's certificates of deposit and checking and savings accounts, which were held jointly by the Plaintiff and Thomas McClung. These certificates of deposits and checking and savings accounts were subsequently re-opened by

**SF-Myrick**
**SF-00025**

Defendant Lynn Myrick with Mr. McClung's name omitted from the accounts, and her name substituted in place of Mr. McClung's. These actions were taken against the wishes of the Plaintiff. A copy of a letter from National Bank of Commerce to Lynn Myrick discussing these actions is attached hereto as Exhibit "2".

11.    Plaintiff subsequently sold her Jefferson County home, receiving proceeds of approximately $114,000.00 from the sale.

12.    Plaintiff, at the request of the Defendants, gave the entirety of the approximately $114,000.00 received from the sale of her house to the Defendants. Plaintiff alleges that these funds were used, in whole or in part, to pay for construction of the Defendants' lake residence. None of the funds were ever returned to Plaintiff. Further, no accounting of the cost of finishing the basement apartment was ever provided to Plaintiff.

13.    Subsequently, Plaintiff, at the insistence of Defendant Lynn Myrick, closed a certificate of deposit and provided funds in the amount of $20,000.00 to Ms. Myrick for the purpose of installing hardwood floors in the living quarters of the Defendants' Verbena lake residence.

14.    In approximately March or April of 2003, Plaintiff moved into the Defendants' lake residence, where she resided for some fourteen (14) months, until June, 2004.

15.    After construction of the Defendants' lake residence, including the basement apartment, was completed, Defendants decided to build a separate garage, purportedly to be used for storage of the Defendants' belongings and automobiles.

SF-Myrick
SF-00026

Plaintiff owned no automobile at the time. The Defendants borrowed $86,469.07 from Plaintiff to pay for the expense of constructing said garage. Although the funds borrowed from Plaintiff were deemed by all parties to be a "loan", there was never any written agreement as to how or when the money would be repaid to Plaintiff. To this day, Plaintiff has not received repayment of any portion of those funds.

16.    On or about January 9, 2004 and January 14, 2004, Defendant Lynn Myrick wrote checks on Plaintiff's checking account at National Bank of Commerce, each check in the amount of $2,500.00. Both checks were written without the permission or authority of the Plaintiff, and Plaintiff has no knowledge as to why those funds were withdrawn.

17.    On or about June 2, 2004, Defendant Lynn Myrick again withdrew funds from Plaintiff's checking account at National Bank of Commerce, in the amount of $1,100.00. These funds were withdrawn without the permission or authority of the Plaintiff, and Plaintiff has no knowledge as to why those funds were withdrawn.

18.    In late May, 2004, Plaintiff traveled to Texas to visit her son, daughter-in-law and granddaughter.

19.    In June, 2004, Plaintiff moved from the Defendants' Verbena lake residence to her current residence in Shenandoah, Texas.

20.    Plaintiff attempted to take a refrigerator from her living quarters at the Defendants' residence. The refrigerator had been purchased with the Plaintiff's money and is valued at $1,200.00. However, Defendants refused to allow Plaintiff to remove the

4

refrigerator, which, to the best of Plaintiff's knowledge, is still in the Defendants' residence.

21.    In total, over $227,000.00 of the Plaintiff's money has been taken by the Defendants for their use and benefit. Plaintiff only resided with the Defendants for approximately fourteen (14) months.

22.    Demand has been made on the Defendants for the return of the monies belonging to Plaintiff. To date, Defendants have returned none of the monies in question.

## COUNT I: UNDUE INFLUENCE
### (Wayne Myrick and Lynn Myrick)

23.    Plaintiff adopts and re-alleges the averments of Paragraphs 1 through 22 as if fully set out herein.

24.    Plaintiff asserts that the Defendants Wayne Myrick and Lynn Myrick took unfair advantage of her needy condition, her yielding disposition, her confidence in and affection toward them, and did abuse her confidence in them.

25.    Defendants took advantage of their confidential relationship with the Plaintiff, a relationship in which the Defendants enjoyed a controlling influence and were the dominant parties.

26.    Defendants engaged in undue activity by exerting their dominant and controlling influence over the Plaintiff to destroy her free agency, and to ultimately procure substantial monies from her. These monies were used for the construction of and additions to the Defendants' Verbena lake residence, which primarily benefited the

5

Defendants. Plaintiff only resided at the Defendants' residence for approximately fourteen (14) months, and has no ownership interest in the residence.

27.  As a proximate consequence of the Defendants' undue influence, Plaintiff has been injured and damaged as follows:

(a) Plaintiff, a widowed elderly woman on a fixed income, has been deprived of the use and value of those sums of money which were procured by the Defendants primarily for their benefit;

(b) Plaintiff will not receive any future benefit of the funds;

(c) Plaintiff has suffered mental anguish and emotional distress and will continue to do so;

(d) Plaintiff further makes a claim for punitive damages to punish Defendants for the enormity of their wrongs, including their reckless, wanton and intentional acts, and to deter others from this conduct; and

(e) Plaintiff has been otherwise injured and damaged.

WHEREFORE, Plaintiff prays for the following remedies:

(a) The imposition of a constructive trust on the Defendants' Verbena lake residence, so as to prevent the unjust enrichment of the Defendants by their wrongful actions. The value of Defendants' lake home has been increased largely by the use of funds wrongly procured from the Plaintiff by the Defendants; and

6

SF-Myrick
SF-00029

(b) a judgment against Defendants consisting of compensatory and punitive damages in an amount to be determined by a jury in a sum exceeding the minimum jurisdictional requirements of this Court, plus interest and costs.

## COUNT II: FRAUD – DECEIT AND FRAUDULENT INDUCEMENT
### (Wayne Myrick and Lynn Myrick)

28.  Plaintiff adopts and re-alleges the averments of Paragraphs 1 through 27 as if fully set out herein.

29.  Plaintiff alleges that Defendants, Wayne Myrick and Lynn Myrick, intentionally misrepresented material facts.  Specifically, the Defendants represented to Plaintiff that monies of the Plaintiff, which were used by the Defendants for the construction of and additions to their Verbena lake residence, were loans that would be repaid to Plaintiff.

30.  These misrepresentations were made knowingly and willfully with the intent to deceive the Plaintiff and were, in fact, made so as to induce Plaintiff to advance monies to the Defendants, monies that were used almost entirely for the Defendants' benefit.

31.  Plaintiff relied on the Defendants' misrepresentations and did ultimately advance said monies to the Defendants.  To this date, the monies in question have not been repaid to Plaintiff.

32.  Plaintiff further alleges that Defendant, Lynn Myrick, fraudulently induced Plaintiff into executing a Durable Power of Attorney.

SF-Myrick
SF-00030

33. Defendant, Lynn Myrick, assured Plaintiff that the Durable Power of Attorney would be for Plaintiff's benefit, and Plaintiff relied upon this assurance. In actuality, Defendant Lynn Myrick used her powers under the Durable Power of Attorney to withdraw funds from the Plaintiff's various certificates of deposit and bank accounts, funds which were used primarily for the benefit of the Defendants in the construction of and additions to their Verbena lake residence.

34. Plaintiff discovered the fraudulent actions within two years of filing this lawsuit.

35. As a proximate consequence of the Defendants' fraudulent actions, Plaintiff has been injured and damaged as follows:

    (a) Plaintiff, a widowed elderly woman on a fixed income, has been deprived of the use and value of those sums of money which were procured by the Defendants primarily for their benefit;

    (b) Plaintiff will not receive any future benefit of the funds;

    (c) Plaintiff has suffered mental anguish and emotional distress and will continue to do so;

    (d) Plaintiff further makes a claim for punitive damages to punish Defendants for the enormity of their wrongs, including their reckless, wanton and intentional acts, and to deter others from this conduct; and

    (e) Plaintiff has been otherwise injured and damaged.

WHEREFORE, Plaintiff prays for the following remedies:

8

SF-Myrick
SF-00031

(a) The imposition of a constructive trust on the Defendants' Verbena lake residence, so as to prevent the unjust enrichment of the Defendants by their wrongful actions. The value of Defendants' lake home has been increased largely by the use of funds wrongly procured from the Plaintiff by the Defendants; and

(b) a judgment against Defendants consisting of compensatory and punitive damages in an amount to be determined by a jury in a sum exceeding the minimum jurisdictional requirements of this Court, plus interest and costs.

## COUNT III: CONVERSION
### (Wayne Myrick and Lynn Myrick)

36.   Plaintiff adopts and re-alleges the averments of Paragraphs 1 through 35 as if fully set out herein.

37.   Plaintiff asserts that Defendants Wayne Myrick and Lynn Myrick willfully converted to their own use monies belonging to Plaintiff, monies which were procured by undue influence and fraud.

38.   Defendants have in the past and presently continue to exercise wrongful dominion over monies belonging to the Plaintiff, in that monies wrongfully procured from the Plaintiff were used for the construction of and additions to the Defendants' lake residence, a use which primarily benefits the Defendants. Plaintiff only resided at the Defendants' residence for approximately fourteen (14) months, and has no ownership interest in the residence.

9

39.    Demand has been made on the Defendants for the return of the monies in question. Defendants, to date, have not complied with these demands.

40.    As a proximate consequence of the Defendants' conversion, Plaintiff has been injured and damaged as follows:

(a) Plaintiff, a widowed elderly woman on a fixed income, has been deprived of the use and value of those sums of money which were procured by the Defendants primarily for their benefit;

(b) Plaintiff will not receive any future benefit of the funds;

(c) Plaintiff has suffered mental anguish and emotional distress and will continue to do so;

(d) Plaintiff further makes a claim for punitive damages to punish Defendants for the enormity of their wrongs, including their reckless, wanton and intentional acts, and to deter others from this conduct; and

(e) Plaintiff has been otherwise injured and damaged.

WHEREFORE, Plaintiff prays for the following remedies:

(a) The imposition of a constructive trust on the Defendants' Verbena lake residence, so as to prevent the unjust enrichment of the Defendants by their wrongful actions. The value of Defendants' lake home has been increased largely by the use of funds wrongly procured from the Plaintiff by the Defendants; and

10

SF-Myrick
SF-00033

(b) a judgment against Defendants consisting of compensatory and punitive damages in an amount to be determined by a jury in a sum exceeding the minimum jurisdictional requirements of this Court, plus interest and costs.

### COUNT IV: CONSPIRACY TO DEFRAUD

### (Wayne Myrick and Lynn Myrick)

41.    Plaintiff adopts and re-alleges the averments of Paragraphs 1 through 40 as if fully set out herein.

42.    Plaintiff alleges, based upon information and belief, that Defendants Wayne Myrick and Lynn Myrick conspired and collaborated to intentionally misrepresent to Plaintiff that monies of the Plaintiff, which were used by the Defendants for the construction of and additions to their Verbena lake residence, were loans and would be repaid to Plaintiff.

43.    These misrepresentations were made *knowingly* and *willfully* with the intent to deceive the Plaintiff and were, in fact, made so as to induce Plaintiff to advance monies to the Defendants, monies that were used almost entirely for the Defendants' benefit.

44.    These actions did, in fact, induce Plaintiff to advance said monies to the Defendant.

45.    As a proximate consequence of the Defendants' conspiracy to defraud, Plaintiff has been injured and damaged as follows:

11

(a) Plaintiff, a widowed elderly woman on a fixed income, has been deprived of the use and value of those sums of money which were procured by the Defendants primarily for their benefit;

(b) Plaintiff will not receive any future benefit of the funds;

(c) Plaintiff has suffered mental anguish and emotional distress and will continue to do so;

(d) Plaintiff further makes a claim for punitive damages to punish Defendants for the enormity of their wrongs, including their reckless, wanton and intentional acts, and to deter others from this conduct; and

(e) Plaintiff has been otherwise injured and damaged.

WHEREFORE, Plaintiff prays for the following remedies:

(a) The imposition of a constructive trust on the Defendants' Verbena lake residence, so as to prevent the unjust enrichment of the Defendants by their wrongful actions. The value of Defendants' lake home has been increased largely by the use of funds wrongly procured from the Plaintiff by the Defendants; and

(b) a judgment against Defendants consisting of compensatory and punitive damages in an amount to be determined by a jury in a sum exceeding the minimum jurisdictional requirements of this Court, plus interest and costs.

SF-Myrick
SF-00035

## COUNT V:  CONSPIRACY TO CONVERT

### (Wayne Myrick and Lynn Myrick)

46.    Plaintiff adopts and re-alleges the averments of Paragraphs 1 through 45 as if fully set
out herein.

47.    Plaintiff alleges, based upon information and belief, that Wayne Myrick and Lynn
Myrick conspired and collaborated to willfully convert to their own use monies
belonging to Plaintiff, monies which were procured by undue influence and fraud.

48.    Defendants have in the past and presently continue to exercise wrongful dominion
over monies belonging to the Plaintiff.

49.    Demand has been made on the Defendants for the return of the monies in question.
Defendants, to date, have not complied with these demands.

50.    As a proximate consequence of the Defendants' conspiracy to convert, Plaintiff has
been injured and damaged as follows:

(a) Plaintiff, a widowed elderly woman on a fixed income, has been deprived of the
use and value of those sums of money which were procured by the Defendants
primarily for their benefit;

(b) Plaintiff will not receive any future benefit of the funds;

(c) Plaintiff has suffered mental anguish and emotional distress and will continue to
do so;

SF-Myrick
SF-00036

(d) Plaintiff further makes a claim for punitive damages to punish Defendants for the enormity of their wrongs, including their reckless, wanton and intentional acts, and to deter others from this conduct; and

(e) Plaintiff has been otherwise injured and damaged.

WHEREFORE, Plaintiff prays for the following remedies:

(a) The imposition of a constructive trust on the Defendants' Verbena lake residence, so as to prevent the unjust enrichment of the Defendants by their wrongful actions. The value of Defendants' lake home has been increased largely by the use of funds wrongly procured from the Plaintiff by the Defendants; and

(b) a judgment against Defendants consisting of compensatory and punitive damages in an amount to be determined by a jury in a sum exceeding the minimum jurisdictional requirements of this Court, plus interest and costs.

## COUNT VI: BREACH OF FIDUCIARY DUTY

### (Lynn Myrick)

51.    Plaintiff adopts and re-alleges the averments of Paragraphs 1 through 50 as if fully set out herein.

52.    As Plaintiff's attorney-in-fact under the Durable Power of Attorney, Defendant Lynn Myrick owed a fiduciary duty to use such power for the *sole benefit* of the Plaintiff, and to use it in a manner consistent with the purpose of the agency relationship.

SF-Myrick
SF-00037

53.    Under the Durable Power of Attorney, Defendant Lynn Myrick owed a duty of loyalty, good faith and fair dealing to the Plaintiff.

54.    Plaintiff alleges that Defendant Lynn Myrick breached these duties by using her power as attorney-in-fact to withdraw funds from Plaintiff's various certificates of deposit and bank accounts.

55.    Plaintiff alleges that Defendant Lynn Myrick further breached her fiduciary duty to Plaintiff by coercing her into giving the proceeds of the sale of her house, and from her various certificates of deposit and bank accounts, to the Defendants.

56.    The aforementioned funds were used by the Defendants for the construction of and additions to their Verbena lake residence, a use which primarily benefited the Defendants.  Plaintiff only resided in the Defendants' residence for approximately 14 months, and has no ownership interest in the residence.

57.    As a proximate consequence of the Defendant, Lynn Myrick's breach of fiduciary duty, Plaintiff has been injured and damaged as follows:

(a) Plaintiff, a widowed elderly woman on a fixed income, has been deprived of the use and value of those sums of money which were procured by the Defendants primarily for their benefit;

(b) Plaintiff will not receive any future benefit of the funds;

(c) Plaintiff has suffered mental anguish and emotional distress and will continue to do so;

15

**SF-Myrick**
**SF-00038**

(d) Plaintiff further makes a claim for punitive damages to punish Defendant Lynn Myrick for the enormity of her wrongs, including her reckless, wanton and intentional acts, and to deter others from this conduct; and

(e) Plaintiff has been otherwise injured and damaged.

WHEREFORE, Plaintiff prays for the following remedies:

(a) The imposition of a constructive trust on the Defendants' Verbena lake residence, so as to prevent the unjust enrichment of the Defendants by their wrongful actions. The value of Defendants' lake home has been increased largely by the use of funds wrongly procured from the Plaintiff by the Defendants; and

(b) a judgment against Defendants consisting of compensatory and punitive damages in an amount to be determined by a jury in a sum exceeding the minimum jurisdictional requirements of this Court, plus interest and costs.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted,

Timothy M. Fulmer
ASB-1205-R77T

David D. Schoel
ASB-2558-H60D
Attorneys for Plaintiff

16

SF-Myrick
SF-00039

OF COUNSEL:
Natter & Fulmer, P.C.
3800 Colonnade Parkway
Suite 450
Birmingham, Alabama 35243
(205) 968-5300, fax (205) 968-5330

## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:

Wayne Myrick
60 County Road 1000
Verbena, Alabama 36091

Lynn Myrick
60 County Road 1000
Verbena, Alabama 36091

SF-Myrick
SF-00040

# EXHIBIT 1

SF. Myrick
SF-00041



STATE OF ALABAMA            )

JEFFERSON COUNTY            )


## DURABLE POWER OF ATTORNEY

I, MARGARET N. MARTIN, of Jefferson County, Alabama, hereby

appoint my niece, LYNN W. MYRICK (herein called "my attorney"), a sample of

whose signature appears below, my true and lawful agent and attorney-in-fact, for me

and in my name to perform any or all of the following acts with reference to any

interest from time to time owned by me in property, real or personal, wherever

located (herein called "property"), or other matters in which I from time to time may

have a personal or financial interest:

    1. To deposit in or withdraw from any bank, trust company, savings association, safe deposit company, broker or other depositary or agent any moneys or other property and to examine or receive related records, including statements of account and canceled checks.

    2. To rent safe deposit boxes in my name as depositories for my property, and to open and enter on my behalf any safe deposit box rented or held by me alone or jointly with others, at any time to deposit in such box and to remove from such box any part or all of the contents thereof, including any security or tangible personal property, as often and as freely as I could do if personally present, to cancel or modify the lease under which such box is rented and to surrender or exchange the same.

    3. To retain, invest in, acquire by purchase, subscription, lease or otherwise, manage, sell at public or private sale, wholly or partly for cash or on credit, contract to purchase or sell, grant or exercise options to purchase, options to sell or conversion rights, assign, transfer, convey, deliver, endorse, exchange, pledge, mortgage, abandon, improve, repair, maintain, insure, lease for any term and otherwise deal with all property, and to release and waive any right of homestead therein, if any.

wp8\shen\forms\poa\martin

1

SF-Myrick
SF-00042

4. To enter upon and demand possession of, maintain, manage, improve, subdivide, re-subdivide, raze, alter, dedicate, vacate, partition, release, lease or renew, amend or extend leases for any term, contract to make leases, grant options to lease or to purchase the whole or any part of the reversion, contract regarding the manner of fixing present or future rentals, grant easements or charges of any kind on or with respect to, and cultivate, irrigate and operate, all interests in real estate now or hereafter owned by me, including beneficial interests in any trust and leasehold interests, and related improvements, equipment and supplies, alone or with others, by general or limited partnerships, trust agreements, joint ventures, corporations, associations, sharecrop agreements, leases, management or agency agreements, participation in government programs or otherwise.

5. To borrow money at interest rates then prevailing from any individual, bank or other source, and mortgage or pledge any property to any lender, including my attorney individually.

6. To determine my place of residence from time to time, to pay my ordinary household expenses, to arrange for and pay the costs of medical, dental, nursing, hospital, convalescent and other health care and treatment, including admission to hospitals, nursing homes, rest homes or other care facilities or institutions; to consent to treatment, and to make application for insurance, pension or employee benefits related to such health care and treatment, including, but not limited to, benefits under Social Security, Medicare and Medicaid; to obtain on my behalf copies of medical reports, summaries or other related information concerning me made or taken before or after the date of this instrument, including, but not limited to, records and/or communications, and to execute any written consents on my behalf for the disclosure of such records and communications under any provisions or act, referred to or defined by federal statute, statutes of any state of the United States or ordinances, rules or requirements of any local governmental municipality, authority or agency.

7. To demand, sue for, receive and otherwise take steps to collect or recover all debts, rents, proceeds, interest, dividends, annuities, securities for money, goods, chattels, bequests, income from property, damages and all other property to which I may be entitled or which are or may become due me from any person or organization; to commence, prosecute or enforce, or to defend, answer or oppose, contest and abandon all legal proceedings in which I am or may hereafter be interested; and to settle, compromise or submit to arbitration any accounts, debts, claims, disputes and matters now existing or which may hereafter arise between me and any other person or organization and to grant an extension of time for the payment or satisfaction thereof on any terms, with or without security.

8. To continue to carry, purchase, cancel or dispose of fire, casualty,

SF-Myrick
SF-00043

property or income protection, medical, hospital, life, liability or other insurance and to pay any premiums thereon.

9. To sell and dispose of, as my attorney shall deem best, by private sale or otherwise, any shares of stock I now hold or may hereafter hold in any corporation, and any bonds or securities of the United States, any state, or any municipal corporations or private company, and to receive the consideration from the sale thereof, and for me and in my name to execute such transfers or assignments as shall be necessary to assign my said shares, bonds or securities to the purchaser or purchasers, and to pay any and all reasonable charges in connection with the handling of my securities.

10. To exercise in person or by general or limited proxy all voting and other rights, powers and privileges and to take all steps to realize all benefits with respect to stocks or other securities including the power to enter into or oppose, alone or with others, voting trusts, mergers, consolidations, foreclosures, liquidations, reorganizations or other changes in the financial structure of any corporation.

11. To retain, continue, operate, manage, organize, acquire, invest in, terminate and dispose of, alone or with others, proprietorships, corporations, limited or general partnerships, joint ventures, land trusts and other business or property holding organizations under the laws of any jurisdiction; to lease, sell, purchase or otherwise transfer any property to or from, make further investments in or advance or loan funds to, with or without security, and incur obligations on account of or for the benefit of, any such organization; and to employ any persons for such purposes and delegate to them such powers and discretions as my attorney considers advisable.

12. To undertake performance of any and all acts, whether or not otherwise specifically enumerated herein, including the sale of any property or the borrowing of any funds, which my attorney considers necessary or appropriate in order to purchase United States Treasury Bonds redeemable at par in payment of federal estate taxes; provided, however, that nothing herein shall be construed as requiring my attorney to acquire any such bonds.

13. To appear and represent me in regard to and to take all actions convenient or appropriate in connection with taxes imposed by any municipal, state, United States or foreign authority or government relating to any tax liability or refund, abatement or credit (including interest or penalties) due or alleged to be due from or to me or any other person or organization, association or trust for which I am responsible for the preparation, signing, executing, verifying, acknowledging or paying of any tax due or filing of a return or report, including without limitation federal or state income or gift tax, for the year 1981 and all subsequent years; and for such purposes to inspect or receive copies of any tax returns filed by or for me,

SF-Myrick
SF-00044

reports, or other papers or documents, compromises, or adjustments of any and all claims, and to execute Internal Revenue Service Forms 2848 and 2848-D, and any other forms required by the Internal Revenue Service or any other governmental agency from time to time in regard to the granting of powers of attorney, and to name my attorney or any other person as my attorney thereunder.

14. To prepare, draw, make, sign, execute, seal, acknowledge, verify, discount, accept, endorse, with or without recourse on me, waive demand, notice and notice of protest, file and deliver on my behalf, any and all checks, options, orders, notes, drafts, overdrafts, certificates of deposit, bills of exchange, deeds, directions to land trustees, mortgages, leases, powers of sale, bonds (of indemnity or otherwise) and contracts, transfers, assignments, proxies, agreements, receipts, releases, release deeds, composition agreements, discharges, income or personal or intangible property or gift or other tax returns, estimates, declarations, certificates, schedules, statements, claims of abatement, refund or credit, protests, requests, (including requests for rulings from proper authorities), applications, waivers (including waiver of restrictions on the assessment or collection of any deficiency or additional tax), acceptances (including acceptance of any determination or proposed determination of additional tax or over assessment or overpayment of tax, including interest and penalties), consents or waivers or agreements for a later determination and assessment and collection of taxes than is provided by applicable statutes of limitations, closing agreements (whether in respect of a tax liability or a specific matter or otherwise), petitions, pleadings, motions, stipulations, consents and any other papers, documents or writings or things, with or without guarantees, surety obligations, covenants, warranties, indemnifications, representations, powers of substitution, affirmations or otherwise.

15. To appoint and employ, with or without compensation, any accountants, attorneys at law, investment counsel, agents, servants or other persons, including their agents and associates, and to dismiss or discharge the same and to appoint or employ any others in their stead as my true and lawful attorneys, to appear and represent me as to all matters covered by this power of attorney, or for any other purpose, including, but not limited to, appearances before the Treasury Department of the United States, the Tax Court of the United States, the United States Court of Claims, or any other court of the United States or the District of Columbia, or any state, municipal or foreign court, and any department or official of the United States government or any state, municipal or foreign government; with full power and authority to such agents and attorneys to do any and all acts convenient or appropriate in connection with such matters, including the specific acts described above, and to substitute attorneys and agents subsequent to the date of such appointment and prior to any revocation thereof, and to delegate and revoke the authority so granted to them.

WP8\shan\forms\poa\martin

4

RECEIVED TIME    JUN. 3.    1:32PM

SF-Myrick
SF-00045

16. To pay, as my attorney shall think fit, any debts or interest payable by me, or taxes, assessments and expenses due and payable or to become due and payable for my use and benefit or for the use and benefit of any person whom I have a legal obligation to support.

17. To transfer, assign and convey any property or interest in property which I may own to any trust of which I am a beneficiary and under the terms of which I expressly have the power, exercisable alone or with others, to amend or revoke such trust, whether such trust was created before or after the execution of this power of attorney.

18. To pay my pledges to and make such gifts as I have regularly made to charitable organizations described in Section 170(c) of the Internal Revenue Code or corresponding provisions of any subsequent federal tax laws ("Code") and to make gifts to persons, including any attorney acting hereunder, or for their benefit, which qualify for the federal gift tax annual exclusion, described in Section 2503(b) of the Code.

19. To (i) conduct environmental assessments, audits, and site monitoring to determine compliance with any environmental law or regulation thereunder; (ii) take all appropriate remedial action to contain, clean up or remove any environmental hazard including a spill, release, discharge or contamination, either on its own accord or in response to an actual or threatened violation of any environmental law or regulation thereunder; (iii) institute legal proceedings concerning environmental hazards or contest or settle legal proceedings brought by any local, state, or federal agency concerned with environmental compliance, or by a private litigant; (iv) comply with any local, state or federal agency order or court order directing an assessment, abatement or cleanup of any environmental hazards; and (v) employ agents, consultants and legal counsel to assist or perform the above undertakings or actions.

20. Finally (without prejudice to and in enlargement of the authority above conferred) to execute each and every instrument, undertake each and every obligation, and to take from time to time any and all action of whatsoever nature and with relation to any matters whatsoever, whether or not specifically mentioned herein, and to exercise in respect thereto as full and complete power and discretion as I myself might or could do.

The powers and authorities granted herein shall not be affected, impaired or exhausted by any non-exercise thereof or by any one or more exercises

kp0\shan\forms\poa\martin

5

SF-Myrick
SF-00046

thereof. My attorney shall exercise or fail to exercise the powers and authorities granted herein in each case as my attorney, in my attorney's own absolute discretion, deems desirable or appropriate under existing circumstances. I hereby ratify and confirm as good and effectual, at law or in equity, all that my attorney, and any agents and attorneys appointed by my attorney, and their agents, associates and substitutes, may do by virtue hereof. However, despite the above provisions, nothing herein shall be construed as imposing a duty on my attorney to act or assume responsibility for any matters referred to above or other matters, even though my attorney may have power or authority hereunder to do so.

If any power or authority hereby sought to be conferred upon my attorney should be invalid or unexercisable for any cause or not recognized by any person or organization dealing with my attorney, the remaining powers and authorities given to my attorney hereunder shall nevertheless continue in full force and effect.

This power of attorney shall remain in full force and effect and shall not be affected by disability, incompetency, or incapacity of the principal, it being my intent that the power granted herein shall continue without interruption until my death unless previously revoked by me or as otherwise provided by law. Any person dealing with my attorney may rely without inquiry upon his certification that this power of attorney has not been revoked.

I expressly agree that all acts done hereunder in good faith by my attorney, prior to the receipt by my attorney or by any party with whom my attorney

wp8\shan\forms\poa\martin

6

SF-Myrick
SF-00047

In Witness Whereof, I hereby certify to the genuineness of the signature of my attorney and have signed this power of attorney this __2nd__ day of __January__, 20_03_.

_Margaret N. Martin_
Margaret N. Martin

STATE OF ALABAMA )
                 )    SS
__Shelby__ COUNTY )

I, __Kim M. Foster__, a notary public in and for said County and State, hereby certify that MARGARET N. MARTIN, whose name is signed to the foregoing power of attorney, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, she executed the same voluntarily on the day the same bears date.

Given under my hand this __2nd__ day of __January__,

A.D. 20_03_.

_Kim M. Foster_
Notary Public

My Commission Expires: __9-4-06__

This instrument was prepared by:

R. Shan Paden
PADEN & PADEN
Attorneys at Law
5 Riverchase Ridge, Suite 100
Birmingham, AL 35244
205-987-7210

wp8\shan\forms\poa\martin

8

SF-Myrick
SF-00048

RECEIVED TIME    JUN. 3.    1:32PM

# EXHIBIT 2

SF-Myrick
SF-00049

# NBC

National Bank of Commerce

Hoover Crossings
2720 John Hawkins Parkway
Hoover, Alabama 35244

#1

Debra B. Ferren
Vice President

February 11, 2003

Mrs. Lynn W. Myrick
717 Lake Crest Dr.
Hoover, Al 35226

Dear Mrs. Myrick:

Please find enclosed new CD documents. I was informed, while still in the process of adding you and deleting Thomas off the CD, that we cannot add anyone to an existing CD, it must be closed and a new one opened. So, the following is the new CD paperwork, in which Mrs. Martin and yourself are the only ones on it. The rate is the same, as well as the maturity date. The only thing that has changed is the account number. I have not closed out the existing CD, I wanted you and Mrs. Martin to sign the paperwork first, before anything was done. I will just need Mrs. Martin and yourself to sign by the highlighted area, and mail back to me in the postage paid envelope provided. I apologize that this has taken so long, I was just informed today that it still had not been taken care of. Please phone me at the number below if there are any questions.

Sincerely,

Sistina Spaziani
Assistant Branch Manager

SF-Myrick
SF-00050