IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:06 CV 359-WKW |
| WAYNE MYRICK, LYNN MYRICK and MARGARET N. MARTIN | ) ) ) ) | (JURY DEMAND) |
| Defendants. | ) ) | |

## **COUNTERCLAIM**

COME NOW Defendants/Counterclaim Plaintiffs Wayne Myrick and Lynn Myrick ("Myrick"), and without waiving the arguments asserted in their Motion to Dismiss which is pending in this Court, hereby submit these Counterclaims against Plaintiff/Counterclaim Defendant State Farm Fire and Casualty Company ("State Farm").  The Myricks state as follows:

1.  State Farm issued Homeowners Policy Number 01-E6-4730 to the Myricks.  Said Policy provides liability coverage and was effective at all relevant times.

2.  State Farm issued Personal Liability Umbrella Policy Number 01-BY-3095 to the Myricks.  Said Policy provides liability coverage and was effective at

1

all relevant times.

3.    On or about November 23, 2005 Margaret N. Martin filed a lawsuit against the Myricks in the Circuit Court of Chilton County, Alabama, styled *Margaret N. Martin v. Wayne Myrick and Lynn Myrick*, CV 05-336 (the "underlying suit").

4.    In the underlying suit, Margaret Martin asserts the following claims against the Myricks: (1) Undue Influence; (2) Fraud – Deceit and Fraudulent Inducement; (3) Conversion; (4) Conspiracy to Defraud; (5) Conspiracy to Convert; and (6) Breach of Fiduciary Duty.

5.    The provisions of the aforesaid policies issued to the Myricks require State Farm to defend and indemnify the Myricks in the underlying suit.

6.    The Myricks timely notified State Farm of the claim and requested that it defend and indemnify them for the claims and damages alleged in the underlying suit.

7.    State Farm initially denied the claim under both of the policies and continues to deny the claim under the Myricks' State Farm Homeowners Policy Number 01-E6-4730.

8.    State Farm has failed to adequately investigate the claim under each of the aforesaid policies and has failed to submit the claim to a cognitive review

under each of the aforesaid policies.

9. State Farm has failed to defend the Myricks in accordance with its Homeowners Policy Number 01-E6-4730.

10. State Farm has failed to settle the underlying suit within policy limits despite an opportunity to do so.

11. State Farm has refused to negotiate in good faith.

12. State Farm has placed its own financial interest over those of its insureds, the Myricks.

13. State Farm has violated the enhanced obligation of good faith as required in *L&S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co.*, 521 So. 2d 1298 (Ala. 1987).

14. As a proximate result of above-described actions of State Farm, the Myricks have suffered and continue to suffer damages.

## COUNT I-BREACH OF CONRACT

15. Paragraphs one through fourteen above are adopted and re-alleged herein.

16. State Farm breached its contract with the Myricks by failing to defend and indemnify them pursuant to the State Farm Homeowners Policy Number 01-E6-4730 issued to the Myricks.

17. As a result of said breach, the Myricks have sustained and continue to sustain damages.

WHEREFORE, the Myricks demand judgment against State Farm for sums in excess of the minimum jurisdictional limits of this court, including compensatory damages in an amount to be assessed by a struck jury, interest, costs and attorney fees.

## **COUNT II-BAD FAITH**

18. Paragraphs one through seventeen above are adopted and re-alleged herein.

19. State Farm has intentionally and in bad faith failed to investigate the claim made pursuant to the Myrick's State Farm Homeowners Policy Number 01-E6-4730 and said failure is without legitimate or arguable reason.

20. State Farm has intentionally and in bad faith failed to evaluate the claim made pursuant to the Myrick's State Farm Homeowners Policy Number 01-E6-4730 and said failure is without legitimate or arguable reason.

21. State Farm has intentionally and in bad faith failed to subject said claim made pursuant to the Myrick's State Farm Homeowners Policy Number 01-E6-4730 to a cognitive review and said failure is without legitimate or arguable reason.

22.     State Farm has intentionally and in bad faith failed to defend the Myricks in the underlying suit pursuant to the Myrick's State Farm Homeowners Policy Number 01-E6-4730 and said failure is without legitimate or arguable reason.

23.     State Farm has intentionally and in bad faith failed to investigate the claim made pursuant to the Myrick's State Farm Personal Liability Umbrella Policy Number 01-BY-3095 and said failure is without legitimate or arguable reason.

24.     State Farm has intentionally and in bad faith failed to evaluate the claim made pursuant to the Myrick's State Farm Personal Liability Umbrella Policy Number 01-BY-3095 and said failure is without legitimate or arguable reason.

25.     State Farm has intentionally and in bad faith failed to subject the claim made pursuant to the Myrick's State Farm Personal Liability Umbrella Policy Number 01-BY-3095 to a cognitive review and said failure is without legitimate or arguable reason.

26.     State Farm has intentionally and in bad faith failed to settle the underlying suit within the policy limits, despite an opportunity to do so.

27.     As a result of said bad faith, the Myricks have sustained and continue

to sustain damages.

WHEREFORE, the Myricks demand judgment against State Farm for sums in excess of the minimum jurisdictional limits of this court, including compensatory and punitive damages in an amount to be assessed by a struck jury, interest, costs and attorney fees.

**COUNT III-BREACH OF ENHANCED OBLIGATION OF GOOD FAITH**

28. Paragraphs one through twenty seven above are adopted and re-alleged herein.

29. State Farm has intentionally and in bad faith violated the enhanced obligation of good faith as required in *L&S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co.*, 521 So. 2d 1298 (Ala. 1987).

30. In direct violation of *L&S Roofing Supply Co*, State Farm placed and continues to place its own financial interest over its insureds, the Myricks.

31. Moreover, in State Farm's motion for summary judgment filed in this action, it took a position in a public record that is false, defamatory, inconsistent with its insureds' own testimony, makes allegations in an attempt to avoid coverage that are detrimental to its insureds' defense in the underlying suit and ultimately breaches the enhanced obligation of good faith.

32. As a proximate result of State Farm's aforesaid actions and bad faith

and its violation of *L&S Roofing Supply Co.*, the Myricks have sustained and continue to sustain damages.

WHEREFORE, the Myricks demand judgment against State Farm for sums in excess of the minimum jurisdictional limits of this court, including compensatory and punitive damages in an amount to be assessed by a struck jury, interest, costs and attorney fees.

/s/James A. Kee, Jr. ASB-4314-e68j
/s/Cynthia A. Martin ASB-2044-i49c
Attorneys for Defendants Wayne and Lynn Myrick

OF COUNSEL:
KEE & SELBY, L.L.P.
1900 International Park Drive
Suite 220
Birmingham, Alabama 35243
(205) 968-9900
(205) 968-9909 fax

## **JURY DEMAND**

**THE MYRICKS DEMAND A TRIAL BY JURY ON ALL CLAIMS IN THIS COUNTERCLAIM.**

/s/James A. Kee, Jr. ASB-4314-e68j
/s/Cynthia A. Martin ASB-2044-i49c
Attorneys for Defendants Wayne and Lynn Myrick

## **CERTIFICATE OF SERVICE**

     I hereby certify that on May 9, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Angela Christine Taylor
Constance Taylor Buckalew
Michael Baird Beers
Michael Stewart Jackson
BEERS ANDERSON JACKSON PATTY & VAN HEEST, P.C.
P.O. Box 1988
Montgomery, Alabama 36102-1988

Timothy M. Fulmer
David Schoel
NATTER & FULMER, P.C.
3800 Colonnade Parkway, Suite 450
Birmingham, Alabama  35243

                                              /s/James A. Kee, Jr. ASB-4314-e68j