IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:06 CV 359-WKW |
| WAYNE MYRICK, LYNN MYRICK and MARGARET N. MARTIN | ) ) ) ) ) |
| Defendants. | ) |

_____

**DEFENDANTS' RULE 56(f)  MOTION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, TO CONTINUE PLAINTIFF'S MOTION AND DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION**
_____

COME NOW Defendants Wayne Myrick and Lynn Myrick (collectively "the Myricks"), pursuant to Fed. R. Civ. P. 56(f), and hereby submit this Motion to Deny Plaintiff's Motion for Summary Judgment or, Alternatively, to Continue Plaintiff's Motion.  The Myricks request that this Court enter an order denying or continuing State Farm Fire and Casualty Company's (hereinafter "State Farm") Motion for Summary Judgment pending the ruling on the Myricks' Motion to Dismiss so that the Myricks can conduct written discovery and procure the deposition testimony of representatives of State Farm, underlying plaintiff

representative Paula McClung, the daughter in law of Margaret Martin. As grounds for this motion, the Myricks submit the Affidavit of James A. Kee, Jr., counsel for the Myricks, attached hereto as Exhibit A, and further state as follows:

I.  **STATE FARM'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED OR CONTINUED PURSUANT TO RULE 56(F), AS THE MYRICKS NEED THE OPPORTUNITY TO CONDUCT DISCOVERY IN ORDER TO RESPONDE TO STATE FARM'S MOTION.**

The Myricks request that this Court deny or continue State Farm's Summary Judgment Motion pending ruling on the Myricks' previously filed Motion to Dismiss and until the Myricks have had the opportunity to obtain, through discovery, essential facts necessary for its opposition to State Farm's Motion for Summary Judgment. (Affidavit of James A. Kee, Jr. attached as Exhibit A). The Myrick's Motion to Dismiss has been pending since May 23, 2006. This Motion raises substantive legal issues and is dispositive.

In the Rule 26 parties planning meeting, the Myricks reserved the arguments asserted in their Motion to Dismiss and all of the parties agreed that the pre-discovery disclosures would not be exchanged until 14 days <u>after</u> a ruling on the Motion to Dismiss. (Report of Parties Planning Meeting, Exhibit B). To date, the report has not been adopted by the court and no scheduling order has been entered. No answer has been filed and no discovery has been conducted as the Motion to Dismiss is pending and dispositive of the issues in this case.

Based upon the actions of State Farm, on this date the Myricks are filing a counterclaim for bad faith and breach of contract. The Myricks are also submitting a request for production of documents and noticing the depositions of the State Farm representatives who investigated and denied this claim under the Myricks' homeowners and umbrella policies, and the deposition of Paula McClung, the daughter-in-law of Margaret N. Martin, the Chilton County state court plaintiff. These claims are asserted and this action is taken while reserving all arguments in the Myricks' Motion to Dismiss.

The Myricks anticipate that at the very least, they will need responses to their discovery, deposition testimony of the State Farm representatives who investigated and denied this claim under the Myrick's homeowners and umbrella policies, and the deposition testimony of Paula McClung, in order to respond to State Farm's Motion for Summary Judgment. (Affidavit of James A. Kee, Jr. attached as Exhibit A). The Myricks have been unable to obtain this information to date due to the pendency of its Motion to Dismiss and the absence of a scheduling order.

The Myricks need the information described above in order to respond to and oppose State Farm's Motion for Summary Judgment. (Affidavit of James A. Kee, Jr., Ex. A). Accordingly, the Myricks request that the Court deny or at the

least order a continuance of State Farm's motion pursuant to Rule 56(f) in order to allow the Myricks sufficient time to conduct the needed discovery.

## II. THIS ACTION SHOULD NOT PROCEED BECAUSE STATE FARM IS PROHIBITED FROM MAINTAINING SIMULTANEOUS ACTIONS FOR THE SAME CAUSE AGAINST THE SAME PARTY.

State Farm's Motion for Summary Judgment is also due to be denied and this action is due to be dismissed because State Farm is attempting to maintain two causes of action against the Myricks for the same claim in separate courts, which is prohibited. The Myricks previously raised this issue in their pending Motion to Dismiss. This federal court declaratory judgment action is based upon a damage suit filed by Margaret N. Martin against Wayne and Lynn Myrick in the Circuit Court of Chilton County identified as CV 2005-336-B. On April 25, 2005, State Farm filed a motion to intervene in the Chilton County suit. In its motion State Farm requested "intervention to resolve questions of liability insurance coverage arising from the circumstances of this case." (State Farm's Motion to Intervene in opening paragraph, Exhibit C). In its motion to intervene in the state court action, State Farm also contended that "such intervention would provide an efficient means of resolving the issues among the parties regarding liability insurance coverage. (Motion to Intervene at ¶ 5, Ex. C). On May 2, 2006 Chilton County Circuit Court Judge Bush granted State Farm's Motion to Intervene. (See Case Action Summary in Chilton County suit, Exhibit D).

State Farm later filed this federal court declaratory judgment action on April 19, 2006, seeking a resolution of the liability insurance coverage issues. The insurance coverage issues raised by State Farm's federal court declaratory judgment action are the same as the issues raised in its Chilton County state court intervention. Federal Courts are courts of limited jurisdiction and this Court should decline to entertain jurisdiction over this matter as the coverage issues will be adjudicated in the Chilton County Circuit Court.

Alabama Code § 6-5-440 entitled: Simultaneous actions for same cause against same party prohibited, provides as follows:

> No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.

Ala. Code § 6-5-440 (1975). The term "courts of this state" includes the United States District Courts in Alabama. See e.g. Ex parte Myer, 595 So. 2d 890 (Ala. 1992).

In State Farm's **permissive** motion to intervene in the Chilton County state court action, State Farm requested "intervention to **resolve questions of liability insurance coverage** arising from the circumstances of this case." (State Farm's Motion to Intervene in opening paragraph, Ex. C). State Farm further asserted that "Alabama Rules of Civil Procedure, Rule 24 and Rule 49, and the previously cited

5

<u>Universal Underwriters</u> decision provide an alternative means for this Court to resolve the issue of liability insurance coverage which may require nothing more than the submission of Special Interrogatories or Special Verdict Forms to the Jury." (Motion to Intervene at ¶ 6, Ex. C).

State Farm is proceeding in the Chilton County state court action as an intervenor that will submit special interrogatories to the jury in said state court action. (State Farm's motion to withdraw paragraph 8 of its motion to intervene, previously attached to State Farms' response to Motion to Dismiss at Exhibit C). Whether or not State Farm seeks a bifurcated trial or submission of special interrogatories, State Farm is seeking a **determination of the coverage issues by a Chilton County jury**.

State Farm has sought to intervene and submit special interrogatories to a jury, not by right, in the Chilton County state court action and as State Farm argued in its motion at paragraph 5, "Such intervention would provide an efficient means of **resolving the issues among the parties regarding liability insurance coverage.**" (Motion to Intervene at ¶ 5, Ex. C). State Farm has embarked upon two separate courses of action in two separate judicial forums requesting the same determination. Those actions are a violation of Alabama Code §6-5-440. By filing the Motion to Intervene in the Chilton County Circuit Court action State Farm opted to proceed in state court, and this federal court action should be dismissed.

### III. THE ISSUE OF STATE FARM'S DUTY TO INDEMNIFY THE MYRICKS IS NOT RIPE FOR CONSIDERATION.

In its Motion for Summary Judgment, State Farm argues that "coverage" is precluded and that it has no duty to defend or indemnify the Myricks in the underlying state court action. However, the question of State Farm's duty to indemnify is not yet ripe for consideration, as the underlying case remains pending and no judgment has been entered. (See Case Action Summary, Ex. D). The Myricks also raised this issue in its pending Motion to Dismiss. The Myricks' position is supported by the very case relied upon by State Farm in its summary judgment brief, Hartford Casualty Ins. Co. v. Merchants & Farmers Bank, 928 So. 2d 1006 (Ala. 2005). In that case, the Alabama Supreme Court held that a ruling on the duty to indemnify could not be made prior to trial of the underlying case:

> Hartford argues that the trial court's holding that Hartford has a duty to indemnify Merchants was premature and therefore in error. We agree. **Whether there is a duty to indemnify under the policy will depend on the facts adduced at the trial** of the action between Barnett and Merchants; thus, we do not reach on this appeal the issue of whether Hartford has a duty to indemnify Merchants.

Hartford, 928 So. 2d at 1013 (emphasis added).

Because the underlying lawsuit has not yet proceeded to trial, the question of whether there is a duty to indemnify is not ripe and any ruling on such issue would be premature. See, e.g., American Fidelity & Casualty Co. v. Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co., 280 F.2d 453,

7

461 (5th Cir. 1960) (affirming the dismissal of declaratory judgment action to the extent it involved the question of whether the duty to indemnify was triggered since no judgment had been rendered in the underlying state court action); <u>Employers Mutual Casualty Co. v. All Seasons Window & Door Manufacturing, Inc.</u>, 387 F. Supp. 2d 1205, 1211-12 (S.D. Ala. 2005) (reviewing Eleventh Circuit and district court precedent and concluding that "[i]t is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the [insurer's] indemnity obligations absent a determination of the insureds' liability to the [underlying plaintiffs]"); <u>State Auto Property & Casualty Ins. Co. v. Calhoun</u>, 2005 WL 2406055 (M.D. Ala. Sept. 29, 2005); <u>State Farm Fire and Cas. Co. v. Middleton</u>, 65 F. Supp. 1240 (M.D. Ala. 1999); <u>Allstate Indemnity Co. v. Lewis</u>, 985 F. Supp. 1341 (M.D. Ala. 1997).

Because the issue of the duty to indemnify is not ripe, it is not a proper subject for State Farm's Motion for Summary Judgment. The only issue that could be addressed at this stage is State Farm's duty to defend the Myricks.[1] For the reasons set forth below, State Farm has a duty to defend the Myricks for the claims against them in the underlying case and therefore State Farm's Motion for Summary Judgment is due to be denied.

---

[1] Although the Myricks contend that, at a minimum, this matter should be continued pursuant to Rule 56(f) as discussed above.

**IV.  STATE FARM IS OBLIGATED TO DEFEND THE MYRICKS IN THE UNDERLYING LAWSUIT.**

As explained above, the Myricks contend that this matter should be dismissed or, at a minimum, State Farm's Motion for Summary Judgment is due to be denied or continued pursuant to Rule 56(f) to allow the Myricks to conduct discovery and respond to the motion. If the Court were to disagree and reach the merits of State Farm's motion, the Myricks submit the following in opposition to the arguments made by State Farm.

### STATEMENT OF UNDISPUTED FACTS

The Myricks hereby dispute and deny as stated the following numbered facts asserted by State Farm in its summary judgment brief: 16, 21, 24, 26, 27.

The Myricks also submit the following additional undisputed facts that support denial of State Farm's Motion for Summary Judgment:

1.  In each count of the underlying complaint, the plaintiff seeks damages for the Myricks' "reckless, wanton and intentional acts." (Complaint at ¶¶ 27(d), 35(d), 40(d), 45(d), 50(d) & 57(d), Ex. D to State Farm's MSJ).

2.  Lynn Myrick's understanding was that the approximately $114,000 in proceeds from the sale of Margaret Martin's house was a gift to be used to complete the basement construction, where Ms. Martin would live. (Lynn Myrick deposition at pp. 53:16 – 55:1, Exhibit E).

3.  Wayne Myrick also understood that the approximately $114,000 was

9

a gift or compensation received as part of the agreement for Ms. Martin to live with the Myricks. (Wayne Myrick deposition at pp. 37:19 – 38:11, Exhibit F).

4.  As to the approximately $86,000 for construction of a garage, Lynn Myrick testified as follows:

> Q. Okay. Now did you or your husband have an agreement with Margaret that the monies you received from her to build the garage would be considered a loan?
> A. Yes.
> Q. Okay. When was that agreement made?
> A. I don't remember.
> Q. Do you remember what the terms of that agreement were?
> A. That we would use it to build out the garage, and – she wanted to give it to us. And Wayne said, "no, it's a loan." And that we were to use it to build out the garage and finish up her – do a porch for her. And that if she needed it, she'd let us know. And that if she was to die prior to us paying it back, that the debt was forgiven.

(Lynn Myrick deposition at pp. 80:17 – 81:11, Ex. E).

5.  Wayne Myrick testified that the approximately $86,000 was considered a loan to be paid back based upon need when Ms. Martin asked for it. (Wayne Myrick deposition at pp. 45:13 – 49:19, Ex. F).

## ARGUMENT

Liability insurance policies like that issued by State Farm to the Myricks contain two separate duties, the duty to defend and the duty to indemnify. "It is well settled that an insurer's duty to defend is more extensive that its duty to indemnify." Tanner v. State Farm Fire & Casualty Co., 874 So. 2d 1058, 1065

(Ala. 2003) (internal quotations omitted).  State Farm's duty to defend Myrick is evident from the face of the underlying complaint.

### A. State Farm may only rely upon the allegations of the complaint in seeking to avoid an obligation to defend.

Alabama law is well settled that a duty to defend may be denied only if the allegations on the face of the complaint do not create a duty to defend.  An insurer may not, as State Farm has attempted to do, rely upon evidence outside the allegations of the complaint to deny a defense.  On the other hand, extraneous facts may be taken into consideration to establish that there is a duty to defend.  The Alabama Supreme Court has summarized the law on this issue as follows:

> [I]f the complaint against the insured does not, on its face, allege a covered accident or occurrence, other facts which did exist but were not alleged could be taken into consideration to establish coverage because the policy should be liberally construed in favor of the insured.  However, this Court has never held that, even though the allegations of the complaint *do* allege a covered accident or occurrence, the courts may consider evidence outside the allegations to disestablish the duty to defend.

Hartford Cas. Insurance Co. v. Merchants & Farmers Bank, 928 So. 2d 1006, 1010 (Ala. 2005) (quoting Tanner v. State Farm Fire & Casualty Co., 874 So. 2d 1058, 1064 (Ala. 2005)).

> Accordingly, we will summarize the law for determining the existence or nonexistence of an insurer's duty to defend.  If the allegedly injured person's complaint against the insured alleges a covered accident or occurrence, then the insurer owes the duty to defend even though the evidence may eventually prove that the gravamen of the complaint was not a covered accident or occurrence.   If the complaint against

11

the insured does not, on its face, allege a covered accident or occurrence, but the evidence proves one, then the insurer likewise owes the duty to defend.

Tanner, 874 So. 2d at 1065.

In other words, while evidence of facts not alleged in the complaint may be relied upon to establish a duty to defend, any attempt to avoid a duty to defend must be based solely on the allegations within the complaint. State Farm's summary judgment brief contains citations to the depositions of the Myricks taken in the underlying case. State Farm attempts to rely on such deposition testimony to argue that it does not have a duty to defend under the terms of its policy. Use of such evidence in an attempt to disestablish a duty to defend is forbidden by Alabama law. Accordingly, the submissions by State Farm containing deposition testimony are due to be stricken.

**B.     The allegations of the underlying complaint and evidence outside the complaint establish State Farm's duty to defend the Myricks.**

State Farm contends that there has not been a "loss," which is defined by the policy as "an accident that results in bodily injury or property damage during the policy period . . . ." (Policy, Ex. A to State Farm's MSJ). State Farm argues that there was no accident, which has been defined by the Alabama Supreme Court as "[a]n unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that could be reasonably anticipated." Hartford, 928 So. 2d at 1011.

Based upon the allegations and facts of the underlying case and Alabama case law, it is clear that a "loss" has been alleged against the Myricks, triggering State Farm's duty to defend.[2] In <u>Tanner</u>, the policy applied to bodily injury caused by an "occurrence," which was defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in bodily injury." <u>Tanner</u>, 874 So. 2d 1058, 1062. Thus, the existence of an "occurrence" depended upon whether an "accident" was alleged, just as the determination of a "loss" here depends on the existence of an "accident." The insured argued that claims against him for innocent misrepresentation, reckless misrepresentation and suppression constituted "occurrences" under the policy issued to him by State Farm. <u>See</u> <u>id</u>. at 1062. Despite deposition testimony that the underlying plaintiff contended that Tanner had injured him intentionally, the Alabama Supreme Court held that the allegations constituted an occurrence and required State Farm to defend its insured. <u>Id</u>. at 1065.

In alleging misrepresentation and inducement in the underlying case here, as well as in every other count in the complaint, the plaintiff seeks damages for the Myricks' "reckless, wanton and intentional acts." (Complaint at ¶¶ 27(d), 35(d), 40(d), 45(d), 50(d) & 57(d), Ex. D to State Farm's MSJ). The Court in <u>Tanner</u> held that, "[i]n alleging innocent misrepresentation and reckless misrepresentation,

---

[2] State Farm has conceded that the underlying allegations of mental anguish and emotional distress constitute bodily injury. (State Farm's brief at p. 14).

13

an allegedly injured person alleges an 'occurrence' with damages not 'expected or intended from the standpoint of the insured,' and the insurer owes a duty to defend its insured against such claims." Tanner, 874 So. 2d at 1058. If allegations of the insured's reckless acts in Tanner were an occurrence, which is defined as an accident, then the allegations of the Myricks' reckless acts would constitue "loss" in the instant case, which is also defined as an accident.

The underlying plaintiff here has also alleged breach of fiduciary duty, including duties of loyalty, good faith and fair dealing. (Complaint Count VI). However, there is no allegation that such breach and resulting injury was willful or intentional on the part of the Myricks. State Farm has even admitted that breach of fiduciary duty does not "require a conscious doing on behalf of the actor." (State Farm's brief at p. 19).

While a duty to indemnify is established merely by the allegations in the complaint, it is even more evident after other evidence is considered. As explained above, evidence outside the allegations of the complaint may be taken into consideration to establish a duty to defend. See, e.g., Tanner, Hartford.

State Farm's contention that "[i]t is undisputed the Myricks acted with forethought to gain dominion and control over Martin's money," as well as the other gratuitous allegations at page 15 of State Farm's brief, are unsupported and simply not true. In her deposition, Lynn Myrick explained her understanding that

the approximately $114,000 in proceeds from the sale of Margaret Martin's house was a gift to be used to complete the basement construction, where Ms. Martin would live. (Lynn Myrick deposition at pp. 53:16 – 55:1, Exhibit E hereto). Similarly, Wayne Myrick testified that the approximately $114,000 was a gift or compensation received as part of the agreement for Ms. Martin to live with the Myricks. (Wayne Myrick deposition at pp. 37:19 – 38:11, Exhibit F hereto). As to the approximately $86,000 for construction of a garage, Lynn Myrick testified as follows:

> Q. Okay. Now did you or your husband have an agreement with Margaret that the monies you received from her to build the garage would be considered a loan?
> A. Yes.
> Q. Okay. When was that agreement made?
> A. I don't remember.
> Q. Do you remember what the terms of that agreement were?
> A. That we would use it to build out the garage, and – she wanted to give it to us. And Wayne said, "no, it's a loan." And that we were to use it to build out the garage and finish up her – do a porch for her. And that if she needed it, she'd let us know. And that if she was to die prior to us paying it back, that the debt was forgiven.

(Lynn Myrick deposition at pp. 80:17 – 81:11, Ex. E).

Wayne Myrick similarly testified that the approximately $86,000 was considered a loan to be paid back based upon need when Ms. Martin asked for it. (Wayne Myrick deposition at pp. 45:13 – 49:19, Ex. F).

Thus, there is evidence that Ms. Martin and the Myricks considered the $114,000 as a gift to build out the basement so that Ms. Martin could live with the

Myricks and that the $86,000 was a loan to be repaid when needed. Based upon this evidence, the Myricks use of the money as they did was not wrongful at all. However, even if their use of the money were found to be wrongful, as the plaintiff has alleged, the evidence is that such wrongful use was not at all intended by the Myricks. There is ample evidence that they acted according to Ms. Martin's wishes. If their actions were wrongful, they were clearly unintended and unforeseen, thus constituting an accident as that phrase has been defined by the Alabama Supreme Court in <u>Hartford</u>.

Because the unintentional actions of the Myricks constitute an accident and therefore "loss" under the terms of the policy, or at the very least a question of fact exists based upon the evidence, State Farm has a duty to defend its insureds under the terms of its policy and Alabama law. Therefore, State Farm's Motion for Summary Judgment is due to be denied.

State Farm's reliance on its policy exclusion for "willful and malicious acts" is equally without merit. Exclusions in an insurance policy must be construed narrowly in favor of coverage:

> Further, this Court has ruled that exceptions to coverage must be interpreted as narrowly as possible to provide the maximum coverage available. It is well established . . . that when doubt exists as to whether coverage is provided under an insurance policy, the language used by the insurer must be construed for the benefit of the insured. Likewise, when ambiguity exists in the language of an exclusion, the exclusion will be construed so as to limit the exclusion to the narrowest application reasonable under the wording.

16

Porterfield v. Audubon Indemn, Co., 856 So. 2d 789, 799-800 (Ala. 2002) (internal citations omitted).

As discussed above, the complaint alleges in each count that the plaintiff was damaged by the Myricks' "reckless" acts. (Complaint at ¶¶ 27(d), 35(d), 40(d), 45(d), 50(d) & 57(d), Ex. D to State Farm's MSJ). Reckless acts certainly do not rise to the level of willful or malicious, as demonstrated by the following explanation by The Alabama Supreme Court:

> "Malicious" is defined as "having or done with wicked or mischievous intentions or motives; wrongful and done intentionally without just cause or excuse." Black's Law Dictionary 863 (5th ed. 1979).
>
> The meaning of "reckless" has been addressed by this Court on several occasions. In Harrison v. State, 37 Ala. 154, 156 (1860), the Court interpreted the word as follows: "The word 'reckless' means 'heedless, careless, rash, indifferent to consequences.' Now, one may be heedless, rash or indifferent to results, without contemplating or 'intending' those consequences. As a general rule, there is a wide difference between intentional acts, and those results which are the consequence of carelessness."
>
> In a later case, the Court stated: "The word 'reckless' . . . is not necessarily the equivalent of wantonness or intention. It may mean and is often used with no other significance than mere 'carelessness,' 'heedlessness,' [or] 'unmindfulness.'"
>
> Richmond & Danville R.R. v. Farmer, 97 Ala. 141, 146, 12 So. 86, 88 (1892). In Merrill v. Sheffield Co., 169 Ala. 242, 252, 53 So. 219, 222 (1910), the Court held that "'Reckless' is not the equivalent of 'wanton' or 'intentional.'"
>
> The foregoing cases show that a finding of "reckless" conduct [**7] is not premised on intentional acts. The Adairs' complaint alleges

> reckless misrepresentation as well as intentional misrepresentation. The policy in question excludes conduct that is defined as involving intentional acts. Accordingly, the Adairs' complaint contains allegations of conduct that do not relieve Pennsylvania National from its duty of providing a defense and coverage to Edwards Dodge.

Edwards Dodge, Inc. v. Pennsylvania Nat'l Mut. Casualty Ins. Co., 510 So. 2d 225, 227 (Ala. 1987).

Thus, one's actions can be reckless, as the plaintiff here has alleged, without being intentional, willful or malicious. Because the underlying plaintiff has alleged that the Myricks were reckless, the "willful and malicious act" exclusion does not remove State Farm's obligation to defend the Myricks.

Finally, the State Farm policy exclusion for injury expected or intended by the insured does not entitle State Farm to relief, as there is evidence that the Myricks did not expect or intend to cause injury to Ms. Martin, but were instead attempting to assist her. That "expected or intended injury" issue is governed by a subjective standard. Tanner, 874 So. 2d at 1066-67. Moreover, "[t]he question of whether an injury which the insured inflicts upon another person is 'expected or intended from the standpoint of the insured' is a question of fact for the jury or judge." Id. at 1067. Accordingly, summary judgment cannot be granted on this issue.

## CONCLUSION

As the Myricks established in their previously filed Motion to Dismiss and as reiterated above, this action is due to be dismissed because State Farm is attempting to maintain simultaneous actions in separate courts for the same claim. If the matter is not dismissed in its entirety, then State Farm's Motion for Summary Judgment should be denied or continued pursuant to Rule 56(f) to allow the Myricks to obtain discovery necessary to respond to the motion. If the motion is considered on the merits, State Farm's contention that it owes no duty to indemnify is not ripe for adjudication, as the underlying case remains pending. Furthermore, it is apparent from the underlying allegations and evidence that State Farm owes its insureds a duty to defend under the terms of its policy. At a minimum, a question of fact exists as to State Farm's duty to defend. Therefore, State Farm's Motion for Summary Judgment is due to be denied.

/s/James A. Kee, Jr. ASB-4314-e68j
/s/Cynthia A. Martin ASB-2044-i49c
/s/Jon M. Hughes ASB-9227-h68j
Attorneys for Defendants Wayne and Lynn Myrick

OF COUNSEL:
KEE & SELBY, L.L.P.
1900 International Park Drive
Suite 220
Birmingham, Alabama 35243
(205)968-9900 (phone)
(205)968-9909 (fax)

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 9, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Michael Baird Beers
Micheal Stewart Jackson
Angela Christine Taylor
Constance Taylor Buckalew
BEERS ANDERSON JACKSON PATTY & VAN HEEST, P.C.
P.O. Box 1988
Montgomery, Alabama 36102-1988

Timothy M. Fulmer
David Schoel
NATTER & FULMER, P.C.
3800 Colonnade Parkway, Suite 450
Birmingham, Alabama  35243

            /s/Jon M. Hughes ASB-9227-h68j