IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STATE FARM FIRE AND          )
CASUALTY COMPANY,            )
                             )
    Plaintiff,        )
                             )
vs.                          )          Case No.: 2:06 CV-359-WKW
                             )
WAYNE MYRICK,                )
LYNN MYRICK,                 )
and MARGARET N. MARTIN,      )
                             )
    Defendants.       )

## MOTION TO STRIKE OR DISMISS COUNTERCLAIM (doc no. 15)

Pursuant to Rules 7(a), 12(b)(6), 12(f) and 13(a), Fed. R. Civ. P., plaintiff State Farm Fire and Casualty Company ("State Farm") moves to strike or dismiss the Counterclaim filed by defendants Wayne and Lynn Myrick ("the Myricks").  As grounds, State Farm states as follows:

1.    State Farm filed its Complaint for Declaratory Judgment (doc no. 1) on April 21, 2006.  In response, the Myricks filed a Motion to Dismiss (doc no. 4) on May 19, 2006.  The Myricks have not filed an Answer in this matter.

2.    State Farm filed a Motion for Summary Judgment on March 20, 2007. (doc nos. 11 and 12).  On the same date that the Myricks' filed their Response to State Farm's Motion for Summary Judgment, the Myricks also filed a separate

Counterclaim (doc no. 15) against State Farm alleging breach of contract, bad faith, and breach of enhanced obligation of good faith.

3.     Rule 13(a), Fed. R. Civ. P., provides that a counterclaim shall be stated in a ***pleading***. *Bernstein v. IDT Corp.*, 582 F. Supp. 1079, 1089 (D.C. Del. 1984); *see also In re Cessna Distributorship Antitrust Litigation*, 532 F.2d 64, 67-68, n.7 (8th Cir. 1976) (cross-claim must be stated in a pleading); *Castleberry v. Goldome Credit Corp.*, 969 F. Supp. 705, 710 (M.D.Ala. 1997) (same). Specifically, Rule 13(a) states: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party . . ."

4.     Rule 7, Fed. R. Civ. P., lists each pleading permitted under the Federal Rules of Civil Procedure. Rule 7 does not include a counterclaim as a pleading.

> (a) Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. ***No other pleading shall be allowed***, except that the court may order a reply to an answer or a third-party answer.

(emphasis added); *See Bernstein*, 582 F. Supp. at 1089; *Microsoft Corp. v. Ion Technologies Corp.*, No. 05-1935, 2007 WL 188577 at *6 (D.Minn. Jan. 24, 2007) (". . . a separate document that contains counterclaims is not a permissible pleading."); *see also* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

§1183 ("Rule 7(a) purports to enumerate all of the pleadings permitted in federal practice. In doing so, it sharply limits the nature and number of pleadings that are available under the federal rules . . ."); *see also In re Cessna Distributorship Antitrust Litigation*, 532 F.2d at 68, n.7 (same analysis, as related to a cross-claim); *Castleberry*, 969 F. Supp. at 710 (same).[1]

5.      Any counterclaim asserted against State Farm in this matter must be asserted in a pleading. *Bernstein*, supra.; *In re Cessna Distributorship Antitrust Litigation*, supra.; *Castleberry*, supra. A counterclaim is not itself a pleading, though. *Bernstein*, supra.; *Microsoft Corp.*, supra.; *In re Cessna Distributorship Antitrust Litigation*, supra.; *Castleberry*, supra. As such, the Counterclaim (doc no. 15) filed by the Myricks is due to be dismissed or stricken from the record in this matter.

Wherefore, State Farm respectfully requests that this Court strike or dismiss the Myricks' Counterclaim.

Respectfully submitted,


 /s/ John H. McEniry, IV
Bert S. Nettles (ASB-5850-S63B)
C. Dennis Hughes (ASB-1033-H65C)
John H. McEniry, IV (ASB-9509-J72M)

---

[1]The Court in *Bernstein* noted that Rule 12(a), Fed. R. Civ. P., further confirms that a counterclaim is not a pleading. Rule 12(a) "only requires response to a counterclaim when the counterclaim is stated in an answer." *Bernstein*, 582 F. Supp. at 1089.

**OF COUNSEL**:

HASKELL SLAUGHTER YOUNG & REDIKER, LLC

1400 Park Place Tower

2001 Park Place North

Birmingham, Alabama 35203

> Michael B. Beers
> Micheal S. Jackson
> Constance T. Buckalew
> Angela C. Taylor

**OF COUNSEL**:

BEERS, ANDERSON, JACKSON, PATTY
  & VAN HEEST, P.C.

P. O. Box 1988

Montgomery, Alabama  36102-1988

> Counsel for Plaintiff State Farm Fire and
> Casualty Company

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16 day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following party or attorney of record in this action:

| | |
|---|---|
| Timothy M. Fulmer, Esq. | James A. Kee, Jr., Esq. |
| David O. Schoel, Esq. | Cynthia A. Martin, Esq. |
| **NATTER & FULMER, P.C.** | **KEE & SELBY, L.L.P.** |
| 3800 Colonnade Parkway | 1900 International Park Drive |
| Suite 450 | Suite 220 |
| Birmingham, Alabama   35243 | Birmingham, Alabama   35243 |
| *Counsel for Margaret Martin* | *Counsel for Wayne & Lynn Myrick* |

> /s/ John H. McEniry, IV
> Of Counsel

490985.1