IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) WAYNE MYRICK, ) LYNN MYRICK, ) and MARGARET N. MARTIN, ) ) Defendants. ) | Case No.: 2:06 CV-359-WKW |

## REPLY BRIEF IN SUPPORT OF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT

Plaintiff State Farm Fire and Casualty Company ("State Farm") hereby replies to the "Rule 56(f) Motion to Deny Plaintiff's Motion for Summary Judgment or, Alternatively, To Continue Plaintiff's Motion and Defendants' Opposition to Plaintiff's Motion" (doc no.16) filed by defendants Wayne and Lynn Myrick ("the Myricks") as follows:

### INTRODUCTION AND SUMMARY OF ARGUMENT

The underlying facts giving rise to this declaratory judgment action simply surround a dispute regarding the terms of promises and agreements between family members as to the care of Margaret Martin ("Martin") after Martin was no longer able to take care of herself. The Myricks now seek coverage under their homeowners and

personal liability umbrella policies to fund litigation over disputed terms of such promises and agreements. Policies of liability insurance are designed to cover damages to insured property and protect insureds from third-party injury that occurs on insured property. As discussed in more detail below, liability insurance generally, and the Myricks' State Farm policy specifically, are not written to provide funding for failed family agreements. As such, summary judgment is due to be granted in State Farm's favor on the coverage issues presented in this matter.

Furthermore, a judicial determination by the Court regarding disputed coverage issues is appropriate at this time. State Farm has tendered a defense to the Myricks under a Reservation of Rights. Whether State Farm must continue to defend, or later indemnify, the Myricks is ripe for adjudication. Furthermore, this Federal Declaratory action is the only action that State Farm has asserted wherein a judicial determination is sought regarding coverage under the Myricks' policy. The fact that State Farm has received permission to ask the jury questions regarding its factual findings at the trial of the underlying civil action provides State Farm with no binding judicial determination regarding coverage. Thus, State Farm is not maintaining simultaneous actions against the Myricks in separate courts. Finally, Attorney Kee's Rule 56(f) Affidavit seeks discovery that could only potentially be relevant to a bad faith claim against State Farm, and not to the underlying coverage issues addressed

in State Farm's pending Motion for Summary Judgment. Thus, a delay in the disposition of the pending motion for summary judgment is not warranted.[1]

## NARRATIVE SUMMARY OF UNDISPUTED MATERIAL FACTS

State Farm adopts and incorporates by reference the facts set forth in State Farm's Motion for Summary Judgment (doc no. 12). The facts asserted in State Farm's brief were properly supported with specific references to sworn testimony elicited in the underlying civil action from which this declaratory action arises. While the Myricks apparently dispute five of the twenty-nine individually stated facts in State Farm's brief, the Myricks provide no basis for their dispute of such facts. *See* doc no. 16 at p. 9. Rule 56(e), Fed. R. Civ. P., is clear that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, . . ." Thus, the Myricks' denial of properly supported facts presented by State Farm provides no justification for a denial of State Farm's motion for summary judgment.

Furthermore, a careful review of the record reflects that the "additional undisputed facts" presented in the Myricks' filing actually support the factual

---

[1] It should be noted that the bad faith claim presented by the Myricks in their recently filed Counterclaim is due to be dismissed. *See* Motion to Strike or Dismiss Counterclaim (doc no. 20).

averments made by State Farm.[2] In all, it does not appear that there are any material facts in dispute which would preclude the entry of summary judgment in this matter.

## ARGUMENT

### I. A DELAY IN THE ADJUDICATION OF STATE FARM'S MOTION FOR SUMMARY JUDGMENT IS NOT WARRANTED.

Counsel for the Myricks has filed a Rule 56(f) Affidavit requesting a delay in the adjudication of State Farm's Motion for Summary Judgment. Counsel states that the basis of his requested delay is to complete discovery, specifically "discovery propounded upon State Farm [attached hereto as **Exhibit 1**], the deposition testimony of the State Farm representatives who investigated and denied this claim under the Myrick's homeowners and umbrella policies, and the deposition of the underlying plaintiff representative Paula McClung." (doc no. 16, Exhibit A at p. 2).

Rule 56(f), Fed. R. Civ. P., states that an application for summary judgment may be refused, or a continuance permitted, if "the party [opposing the motion] cannot *for reasons stated* present by affidavit facts essential to justify the party's opposition." (emphasis added). The Rule 56(f) affidavit presented by counsel for the Myricks is defective in the fact that it states <u>no reasons</u> why the discovery sought is

---

[2]The first "additional undisputed fact" presented by the Myricks, which cites to allegations of recklessness, wantonness, and intentional acts made in the underlying complaint, is not supported by the factual record in the underlying civil action. Instead, this "undisputed fact" is gratuitous legal argument that should be afforded no weight in the Court's assessment of the facts of this matter. Rule 56(e) distinctly states that only "such facts that would be admissible in evidence" should be considered by the Court.

4

necessary to oppose State Farm's motion for summary judgment. In fact, all facts necessary for an adjudication of the coverage issues in this matter have been adduced in the underlying civil action. The depositions of all parties in the underlying case, including the deposition of Paula McClung, have been completed and facts pertinent to the determination of coverage have been cited at length by both the Myricks and State Farm in this declaratory action.

Furthermore, the written discovery propounded to State Farm and the proposed deposition of State Farm representatives both primarily deal with State Farm's claims investigation, not the underlying facts giving rise to coverage issues made the basis of State Farm's motion for summary judgment. Instead, this discovery could only be potentially relevant to a bad faith claim, which was presented in a recently filed and plainly defective Counterclaim that is clearly due to be dismissed or stricken from the record in this case. *See* doc no. 20. In all, the cited discovery to State Farm has nothing to do with the coverage issues before the Court. The lack of such discovery should not justify a delay in the adjudication of State Farm's motion for summary judgment.

## II.     STATE FARM IS NOT MAINTAINING SIMULTANEOUS ACTIONS AGAINST THE MYRICKS IN SEPARATE COURTS.

State Farm adopts and incorporates by reference its response to the Myricks' motion to dismiss (doc no. 6) and response to the Myricks' reply brief in support of

their motion to dismiss (doc no. 9) as if fully set forth herein. As discussed in these pleadings, the allegation that permissive intervention for the purpose of seeking factual discovery from the finder of fact in the underlying civil action is, somehow, a simultaneous action against the Myricks is misplaced.

The Circuit Court of Chilton County has granted State Farm permission to propound special interrogatories or verdict forms to the jury in the underlying case. Special interrogatories and verdict forms are nothing more than written questions propounded to the jury regarding the jury's <u>findings of fact</u> in the trial of the underlying case. Responses to special interrogatories or verdict forms are not, and cannot be considered, a binding judicial determination of disputed coverage issues under the Myricks' policy. Such a legal determination is sought solely in this Court. The Myricks argument that State Farm is prosecuting separate actions against them is simply incorrect.

## III. <u>STATE FARM'S MOTION FOR SUMMARY JUDGMENT IS RIPE FOR ADJUDICATION.</u>

A judicial determination by the Court regarding disputed coverage issues is appropriate at this time. It is not disputed that State Farm has tendered, and continues to provide, a defense to the Myricks in the underlying civil action under a Reservation of Rights. The Myricks concede in their brief that the parties' dispute over State Farm's duty to defend the Myricks in the underlying case is properly before this Court. *See* doc no. 16 at p. 8.

As the Myricks aptly point out in their brief, "[i]t is well settled than an insurer's duty to defend is more extensive than its duty to indemnify." *See* doc no 16 at p. 10, *citing Tanner v. State Farm Fire & Casualty Co.*, 874 So. 2d 1058, 1065 (Ala. 2003). Because the duty to defend is more extensive than the duty to indemnify, it stands to reason that if State Farm prevails in its motion for summary judgment regarding coverage issues dictating State Farm's broad duty to defend, State Farm would similarly prevail on coverage issues regarding the relatively limited duty to indemnify. Thus, if State Farm prevails on the coverage issues which are properly before the Court at this time, dispositive relief would be properly granted as to <u>both</u> the duty to defend and the more limited duty to indemnify.

The primary case cited by the Myricks in support of their ripeness argument, *Hartford Casualty Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006 (Ala. 2005), is distinguishable to the facts of the present matter. In *Hartford*, after hearing evidence *ore tenus*, the trial court ordered that Hartford must defend and indemnify its insured under a Hartford liability policy. *Hartford*, 928 So. 2d at 1009. Hartford appealed the trial court's ruling. On appeal, the Alabama Supreme Court sided with Hartford and ruled that there was not an accident or occurrence to trigger Hartford's duty to defend under the policy. *Hartford*, 928 So. 2d at 1013. As to Hartford's duty to indemnify its insured, it does not appear that Hartford argued on appeal that the lack of an accident or occurrence similarly precluded its duty to indemnify. Instead,

7

Hartford argued that there were not facts sufficient to establish whether Hartford had a duty to indemnify its insured. *Id.* The Court agreed and deferred any determination on Hartford's duty to indemnify until the trial of the underlying civil action was completed.

In this case, unlike *Hartford*, State Farm does not seek a deferral of this Court's determination regarding its duty to indemnify. Instead, State Farm takes the position that the same core underlying facts control the determination of both the duty to defend and the duty to indemnify. At present, sufficient sworn facts have been adduced through depositions of the parties in the underlying matter that a determination of coverage is appropriate. There is simply no reason to wait until the trial of the underlying case is completed.

Other cases cited in the Myricks' brief are also distinguishable, and at some points, positive for State Farm. For example, at the outset of the Court's analysis in *American Fidelity & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453 (5th Cir (Ga.) 1960), the Court aptly notes:

> The [obligations to defend and indemnify] are, of course, related in the sense that if the occurrence set forth in the plaintiff's claim is one for which, after a trial and judgment for the damage claimant against the assured, there would be no liability under the policy to pay the claim, no duty to defend ever arose. But they are separate and distinct in the sense that the duty to defend does not depend upon the payment to damage claimant or the rendition of a judgment declaring the assured's legal obligation to pay.

*Id.* at 458.

In other words, both the duty to indemnify <u>and</u> the duty to defend rely on the same underlying facts that may, through a trial, cause a judgment to be entered against an insured. If the underlying facts do not support coverage (i.e. there was no occurrence to trigger the policy), then it is proper to hold that an insurer has no duty to defend <u>or</u> indemnify. If the underlying facts do support coverage, the duty to indemnify only attaches after an additional step is taken — that is, the duty to indemnify attaches after a judgment is entered against an insured.

In the present matter, State Farm argues that the undisputed underlying facts support a judicial determination that there was no loss, or occurrence, under the policy. If the Court agrees with State Farm, the above cited language from *American Fidelity* actually supports the proposition that summary judgment on both the duty to defend <u>and</u> the duty to indemnify is appropriate.

In *State Auto Property & Cas. Ins. Co. v. Calhoun*, 2005 WL 2406055 (M.D. Ala. Sept. 29, 2005) and *Allstate Indemnity Co. v. Lewis*, 985 F. Supp. 1341 (M.D. Ala. 1997), this Court held that, while there was no duty to defend, an adjudication on the insurer's duty to indemnify was not ripe because "the plaintiff in the underlying suit may still change the theory of liability and assert a claim that is covered by the policy." *Calhoun*, 2005 WL 2406055 at *6 and *Lewis*, 985 F. Supp. at 1349, (both cases *quoting Ladner & Co. v. Southern Guar. Ins. Co.*, 347 So.2d 100 (Ala. 1977)). In the present matter, depositions of the underlying parties have been

9

completed and a motion for summary judgment has resulted in the dismissal of all claims asserted by the underlying plaintiff with the exception of three claims. *See* Order on Defendant's Motion for Summary Judgment in Case No. CV-05-336B, Circuit Court of Chilton County, Alabama (underlying civil action), which is attached hereto as **Exhibit 2**. Because the sworn facts in this matter are "set in stone," and because the court in the underlying suit has entered a summary judgment order which limits the claims that still may be pursued by the plaintiff, State Farm contends that this matter is ripe for adjudication on all coverage issues affecting State Farm.

## IV.   EVALUATION OF A DUTY TO DEFEND IS NOT LIMITED TO THE FOUR CORNERS OF THE UNDERLYING COMPLAINT.

The Myricks contend that State Farm is limited to the allegations made in the underlying complaint to determine coverage under a duty to defend. *See* doc no. 16 at p. 11, *citing Hartford*, 928 So. 2d at 1010. This is not a complete and accurate statement of Alabama law as it applies to this case. For the Court's convenient reference, a copy of *Hartford* is attached hereto as **Exhibit 3**.

The Myricks assume in their motion that the complaint[3] alleges cognizable facts and claims that constitute a covered accident or occurrence. The three causes of action remaining after summary judgment was issued in the underlying action, specifically Undue Influence (Count I), Conversion (Count III), and Breach of

---

[3]The complaint in the underlying civil action was attached as **Exhibit D** to State Farm's Motion for Summary Judgment (doc no. 12).

Fiduciary Duty (Count VI), do not allege facts that, on the face of the complaint, implicate coverage. To this issue, the court in *Hartford* stated:

> Where facts are alleged in the complaint to support a cause of action, it is the facts, ***not the legal phraseology***, that determine whether an insurer has a duty to defend its insured in the action. As we have said: '***[I]f there is any uncertainty as to whether the complaint alleges facts that would invoke the duty to defend, the insurer must investigate the facts surrounding the incident ... to determine whether it has a duty to defend.***

*Hartford*, 928 So. 2d at 1012 (internal citations omitted)(emphasis added).

Thus, State Farm is not only allowed, but required, to investigate facts surrounding the underlying incident. To that extent, State Farm correctly provided counsel for the Myricks under a Reservation of Rights at the outset of the litigation. While paying for a lawyer for the Myricks, State Farm has investigated the facts in the underlying civil action by obtaining and assessing sworn deposition testimony from all interested parties in the underlying case. Only after depositions were completed and summary judgment clarified surviving causes of action in the underlying matter did State Farm move for summary judgment based upon an apparent absence of coverage under the Myricks' policy. State Farm's actions in (1) providing counsel to the Myricks, (2) investigating the facts of the underlying civil action, and (3) moving for a determination on coverage issues after all pertinent facts had been established, is correct under Alabama law.

## V. A LOSS ARISING FROM A CONTRACTUAL PROMISE OR AGREEMENT IS NOT AN ACCIDENT GIVING RISE TO COVERAGE UNDER THE STATE FARM POLICY.

As discussed in the introduction to this brief, the underlying facts giving rise to this declaratory judgment action simply surround a dispute regarding the terms of promises and agreements between family members as to the care of Martin after Martin was no longer able to take care of herself. Losses arising from broken promises and failed family agreements are not considered "accidents" under the Myricks' policy.

In *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006 (Ala. 2005), the Alabama Supreme Court held: "The term 'accident' is not defined in the policy, but is a commonly used word in the legal profession. In *St. Paul Fire & Marine Ins. Co. v. Christiansen Marine, Inc.*, 893 So. 2d 1124, 1136 (Ala. 2004), this Court applied the following definition of 'accident' found in *Black's Law Dictionary* 15 (7th ed. 1999): 'An unintended and unforseen injurious occurrence; something that does not occur in the usual course of events or that could be reasonably anticipated.' In *United States Fidelity & Guaranty Co. v. Bonitz Insulation Co. of Alabama*, 424 So. 2d 569, 572 (Ala. 1982), this Court, citing *Employers Insurance Co. of Alabama v. Rives*, 264 Ala. 310, 87 So. 2d 653 (1955),

stated: 'The term ['accident'] has ... been variously defined as something unforseen, unexpected, or unusual.'"[4]

It is generally "held that the term occurrence does not contemplate losses caused by breach of contract..." Couch on Ins. 3d § 201:6, at 201-17, *citing First Wyoming Bank, N.A., Jackson Hole v. Continental Ins. Co.*, 860 P.2d 1094 (Wyo. 1993). "Policies of liability insurance are designed to cover an insured's tort liability, it follows that acts of negligence on the part of the insured are covered events. By the same token, liability based upon contract is generally excluded from coverage. ... Of course, determining whether a claim sounds in tort or contract is not always easy." Couch, § 103:19, at 103-45 to -46.

In *Reliance Ins. Co. v. Gary C. Wyatt, Inc.*, 540 So. 2d 688 (Ala. 1989), Wyatt, a construction company, leased a crane from Essex. The rental agreement required Wyatt to add Essex as an additional insured under Wyatt's liability policy. An employee of Wyatt was injured in connection with the crane, the employee's suit included Essex, and Essex filed a third party complaint against Wyatt seeking indemnity and alleging breach of contract for Wyatt's failure to add Essex as an additional insured per the rental agreement. Wyatt's insurer filed a declaratory judgment on Essex's claim. The insurer argued: "There is no coverage, because ...

---

[4] *See also Ketona Chemical Corp. v. Globe Indemnity Co.*, 404 F.2d 181, 185 (5th Cir. 1968)(Ala.) ("accident" is an "unexpected untoward event which happens without intent or design.").

the claim against Wyatt is based on breach of contract, not an 'occurrence' resulting in bodily injury or property damage, and because ... Reliance did not undertake to insure Wyatt against breach of contract." The Court framed the question as: "Does Wyatt's failure to perform its agreement to name Essex as an additional insured under a liability policy constitute an 'occurrence' that results in 'bodily injury' or 'property damage'?" *Id.* at 690.

The court held the contract dispute was not an "occurrence" and there was no coverage:

> The breach of contract was the failure to procure liability insurance. This is not an "occurrence" that results in bodily injury or property damage. Batson's [the employee] injury may go to the issue of damages sustained by this breach of contract, but it is not the "occurrence" that causes the breach of contract. The contract had been breached, with or without Batson's injury. The "occurrence" in this case is the breach of contract rather than the bodily injury to Batson. We conclude that no coverage exists for the breach of contract, because the breach did not constitute an "occurrence" that resulted in bodily injury or property damage under the definitions in the policy ....

*Id.* at 690-91.

*Wyatt* was followed by the later decision in *Auto-Owners Ins. Co. v. Toole*, 947 F. Supp. 1557 (M.D. Ala. 1996). Toole sued an auto dealer over its sales and financing of cars. The dealer's insurer filed a declaratory judgment. The insurer contended "because the claims ... arise out of contractual disputes, they are not occurrences." *Id.* at 1563. The court, noting that there is little Alabama authority, discussed the *Wyatt* case, but observed "this court cannot lift from these comments

any overall principle or principles that might guide the court in resolving the issue presented in the instant case." *Id.* at 1564. Although the court "declines to adopt any broad holding that claims sounding in contract are not occurrences," the court determined it "should look to the specific 'kind of ... claim' being asserted, regardless as to whether it is labeled a contract claim, a tort claim, or whatever, and the 'purpose of the general liability policy' form which coverage is sought." *Id.*

The court held the claim was not covered, because otherwise the insurer would be made "'a silent business partner subject to great risk in the economic venture without any prospects of sharing in the economic benefit.'" *Id.* The policy only covers "essentially accidental injury to another individual, or property damage to another's possessions, even if ... the coverage of the policy has been expanded to cover non-bodily injuries that sound in tort.'" *Id.*

The distinction made in *Toole* was more precisely drawn by the Maine court in *Vigna v. Allstate Ins. Co.*, 686 So. 2d 598, 600 (Me. 1996), in which the court stated: "We agree that these policies were *not* intended to cover the economic loss that flows from a breach of contract or promise. Economic injury does not constitute 'property damage' for purposes of insurance coverage."

These cases highlight an important distinction between a "breach of promise" or contract dispute causing an economic injury and an "accident" (occurrence) resulting in bodily injury or property damage. In the present case, even assuming

15

that the undisputed facts asserted by the Myricks are true, there is no coverage under the Myricks' policy because Martin's losses in the underlying case arise from the alleged breach of contractual promises and agreements made by the Myricks, not accidents resulting in bodily injury or property damage.[5] As such, summary judgment is due to be granted.

## CONCLUSION

Wherefore, premises considered, State Farm respectfully requests that this Court enter summary judgment on all counts of State Farm's complaint for declaratory relief.

Respectfully submitted,

/s/ John H. McEniry, IV
Bert S. Nettles (ASB-5850-S63B)
C. Dennis Hughes (ASB-1033-H65C)
John H. McEniry, IV (ASB-9509-J72M)

**OF COUNSEL**:
HASKELL SLAUGHTER YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

---

[5]Specific to coverage for "property damage," State Farm adopts and incorporates by reference the arguments set forth on pp. 15-17 of its Motion for Summary Judgment (doc no. 12). In summary, "property damage" is defined as physical injury to tangible property. "Property damage" does not include economic loss.

          Michael B. Beers
          Micheal S. Jackson
          Constance T. Buckalew
          Angela C. Taylor

**OF COUNSEL**:
BEERS, ANDERSON, JACKSON, PATTY
  & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988

          Counsel for Plaintiff State Farm Fire and
          Casualty Company

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 16 day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following party or attorney of record in this action:

| | |
|---|---|
| Timothy M. Fulmer, Esq. | James A. Kee, Jr., Esq. |
| David O. Schoel, Esq. | Cynthia A. Martin, Esq. |
| **NATTER & FULMER, P.C.** | **KEE & SELBY, L.L.P.** |
| 3800 Colonnade Parkway | 1900 International Park Drive |
| Suite 450 | Suite 220 |
| Birmingham, Alabama 35243 | Birmingham, Alabama 35243 |
| *Counsel for Margaret Martin* | *Counsel for Wayne & Lynn Myrick* |

          /s/ John H. McEniry, IV
          Of Counsel

491352.1