IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: 2:06 CV-359-WKW ) |
| WAYNE MYRICK, LYNN MYRICK, and MARGARET N. MARTIN, | ) ) ) ) |
| Defendants. | ) |

## ANSWER TO COUNTERCLAIM (doc no. 22)

Plaintiff/Counterclaim Defendant State Farm Fire and Casualty Company ("State Farm") states as follows in answer to the Counterclaim filed by Wayne and Lynn Myrick ("the Myricks"):

## FIRST DEFENSE

*As to each numbered paragraph in the Counterclaim, State Farm answers as follows:*

1.State Farm admits that at all times pertinent hereto State Farm had issued Homeowners Insurance Policy number 01-E6-4730 to the Myricks, which policy afforded insurance coverage pursuant to its terms, limitations and conditions. The remaining material allegations of Paragraph 1 are denied.

2. State Farm admits that at all times pertinent hereto State Farm had issued Personal Liability Umbrella Policy number 01-BY-3095 to the Myricks, which policy afforded insurance coverage pursuant to its terms, limitations and conditions. The remaining material allegations of Paragraph 2 are denied.

3. Admitted.

4. State Farm admits that the six counts of the underlying suit are entitled "(1) Undue Influence; (2) Fraud – Deceit and Fraudulent Inducement; (3) Conversion; (4) Conspiracy to Defraud; (5) Conspiracy to Convert; and (6) Breach of Fiduciary Duty." State Farm affirmatively avers that three counts of the underlying suit, namely "(2) Fraud – Deceit and Fraudulent Inducement; (4) Conspiracy to Defraud; (5) Conspiracy to Convert," have been dismissed by the Court. The remaining material allegations of Paragraph 4 are denied.

5. Denied.

6. State Farm avers that it has provided, and continues to provide, a defense for the Myricks pursuant to a Reservation of Rights. The remaining material allegations of Paragraph 6 are denied.

7. State Farm admits that it has denied the Myricks' claim under the Homeowners Policy. State Farm affirmatively avers that there is no coverage under the Myricks' insurance policies because Margaret Martin's losses in the underlying

suit arise from the alleged breach of contractual promises and agreements made by the Myricks, not accidents resulting in bodily injury or property damage. The remaining material allegations of Paragraph 7 are denied.

    8.    Denied.

    9.    State Farm admits that it has denied the Myricks' claim under the Homeowners Policy. State Farm affirmatively avers that there is no coverage under the Myricks' insurance policies because Margaret Martin's losses in the underlying suit arise from the alleged breach of contractual promises and agreements made by the Myricks, not accidents resulting in bodily injury or property damage. The remaining material allegations of Paragraph 9 are denied.

    10.    Denied.

    11.    Denied.

    12.    Denied.

    13.    Denied.

    14.    Denied.

    15.    State Farm adopts and incorporates by reference its answers to Paragraphs 1-14 as if fully set forth herein.

    16.    Denied.

    17.    Denied.

As to the *ad damnum* clause contained in Count I, State Farm denies that the Myricks are entitled to any of the relief sought therein.

18. State Farm adopts and incorporates by reference its answers to Paragraphs 1-17 as if fully set forth herein.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

As to the *ad damnum* clause contained in Count II, State Farm denies that the Myricks are entitled to any of the relief sought therein.

28. State Farm adopts and incorporates by reference its answers to Paragraphs 1-27 as if fully set forth herein.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

As to the *ad damnum* clause contained in Count III, State Farm denies that the Myricks are entitled to any of the relief sought therein.

## SECOND DEFENSE

The Myricks have failed to state a claim for which relief may be granted.

## THIRD DEFENSE

Except to the extent expressly admitted herein, State Farm denies all substantive factual allegations and legal claims of the complaint.

## FOURTH DEFENSE

State Farm asserts the affirmative defenses of waiver, estoppel, laches, setoff, and satisfaction.

## FIFTH DEFENSE

State Farm pleads the affirmative defense of assumption of the risk.

## SIXTH DEFENSE

State Farm avers that it fully investigated and fairly evaluated the claim presented by the Myricks under the policies of insurance at issue and that it has plainly legitimate factual and legal bases for the claims decisions challenged by the Myricks herein.

## SEVENTH DEFENSE

State Farm submits that the Myricks have failed in whole or in part to satisfy the contractual provisions of their policies, which are a prerequisite to recovery therein.

## EIGHTH DEFENSE

State Farm denies that it is guilty of wrongful conduct giving rise to the stated causes of action in favor of the Myricks.

## NINTH DEFENSE

State Farm denies that any causal relationship exists between the alleged wrongful conduct of State Farm and the alleged resulting injury to the Myricks.

## TENTH DEFENSE

State Farm avers that the Myricks failed to mitigate their alleged damages.

## ELEVENTH DEFENSE

State Farm denies that the Myricks were injured to the nature and extent claimed and contests damages.

## TWELFTH DEFENSE

State Farm denies that it is guilty of any conduct which entitles the Myricks to recover punitive damages.

## THIRTEENTH DEFENSE

State Farm denies that they are liable for any conduct that entitles the Myricks to recover punitive damages.

## FOURTEENTH DEFENSE

State Farm avers that the complaint fails to state a claim upon which punitive damages may be awarded to the Myricks.

## FIFTEENTH DEFENSE

State Farm avers that the complaint fails to state a claim for punitive damages under Alabama Code §§ 6-11-20 to 6-11-30(1975) (as amended) and is barred.

## SIXTEENTH DEFENSE

State Farm avers that any award of punitive damages to the Myricks in this case would be violative of the constitutional safeguards provided under the Constitution of the State of Alabama.

## SEVENTEENTH DEFENSE

State Farm avers that any award of punitive damages to the Myricks in this case would be violative of the constitutional safeguards provided under the Constitution of the United States of America.

## EIGHTEENTH DEFENSE

State Farm avers that any award of punitive damages to the Myricks in this case would be violative of the constitutional safeguards provided under the due process

clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact, standardless, and is not rationally related to legitimate government interests.

### NINETEENTH DEFENSE

State Farm avers that any award of punitive damages to the Myricks in this case would be violative of the procedural safeguards provided under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, State Farm is entitled to the same procedural safeguards accorded to criminal defendants.

### TWENTIETH DEFENSE

It would be violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against State Farm, which are penal in nature, and yet compel State Farm to disclose potential incriminating documents and evidence.

### TWENTY-FIRST DEFENSE

The Myricks' claim of punitive damages violates Article I, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

A.  It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Myricks satisfying a burden of proof which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases;

B.  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

C.  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a civil defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

D.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

E. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

F. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution; and

G. The procedures pursuant to which punitive damages are awarded violate the dormant provisions of the commerce clause of the United States Constitution, Article I, Section 8. Non-resident defendants are assessed punitive damages by Alabama courts on a disparate and unequal basis in violation of the commerce clause, and the dormant provisions related thereto, of the United States Constitution.

### TWENTY-SECOND DEFENSE

The Myricks' claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

A. It is a violation of the due process clause to impose punitive damages, which are penal in nature upon civil defendant upon the Myricks satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

B. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against State Farm;

C. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate governmental interests;

D. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

E. The award of the punitive damages in this action constitutes a deprivation of property without due process of law; and

F. It is a violation of the due process clause to impose punitive damages against State Farm which are penal in nature, yet compel State Farm to disclose potentially incriminating documents and evidence.

## TWENTY-THIRD DEFENSE

The award of punitive damages to the Myricks in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-FOURTH DEFENSE

An award of punitive damages in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article One, Section 22 of the Constitution of Alabama.

## TWENTY-FIFTH DEFENSE

An award of punitive damages in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, ___, L. Ed.2d ___ (2003), and *BMW v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and the Alabama Supreme Court in *BMW v. Gore*, 701 So. 2d 507 (Ala.1997) on the following grounds:

   A.   It is a violation of State Farm's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

  B. It is a violation of due process to subject State Farm to punitive damages without providing State Farm fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

  C. It is a violation of due process to punish State Farm with the intent of changing its lawful conduct in other states; and,

  D. It is a violation of State Farm's rights to due process to impose punitive damages which are grossly excessive.

### TWENTY-SIXTH DEFENSE

A jury award of mental anguish damages, as an element of compensatory damages in this case, would violate due process and equal protection rights guaranteed to State Farm by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama jurors are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### TWENTY-SEVENTH DEFENSE

The Myricks cannot recover for mental pain and suffering, emotional distress or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that

any award of said damages against State Farm would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

## TWENTY-EIGHTH DEFENSE

State Farm reserves the right to assert any further additional defenses that may be developed during the course of discovery in this matter.

Respectfully submitted,

 /s/ John H. McEniry, IV
Bert S. Nettles (ASB-5850-S63B)
C. Dennis Hughes (ASB-1033-H65C)
John H. McEniry, IV (ASB-9509-J72M)


**OF COUNSEL**:
HASKELL SLAUGHTER YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

Michael B. Beers
Michael S. Jackson
Constance T. Buckalew
Angela C. Taylor

**OF COUNSEL**:
BEERS, ANDERSON, JACKSON, PATTY
  & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988

         Counsel for Plaintiff/Counterclaim
         Defendant State Farm Fire and Casualty
         Company

## CERTIFICATE OF SERVICE

  I hereby certify that on this the 26 day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following party or attorney of record in this action:

| | |
|---|---|
| Timothy M. Fulmer, Esq. | James A. Kee, Jr., Esq. |
| David O. Schoel, Esq. | Cynthia A. Martin, Esq. |
| **NATTER & FULMER, P.C.** | **KEE & SELBY, L.L.P.** |
| 3800 Colonnade Parkway | 1900 International Park Drive |
| Suite 450 | Suite 220 |
| Birmingham, Alabama  35243 | Birmingham, Alabama  35243 |
| *Counsel for Margaret Martin* | *Counsel for Wayne & Lynn Myrick* |

          /s/ John H. McEniry, IV
         Of Counsel

494373.1