IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-359-WKW |
| | ) | [wo] |
| WAYNE MYRICK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff State Farm Fire and Casualty Company ("State Farm") brings this action

seeking a declaratory judgment that it has no duty to defend or indemnify the defendants,

Wayne Myrick and Lynn Myrick (collectively the "Myricks"), in a lawsuit currently pending

in the Circuit Court of Chilton County, Alabama.[1] This case is presently before the court on

the Myricks' Motion to Dismiss (Doc. #4), State Farm's Motion for Summary Judgment

(Doc. #11), the Myricks' Motion to Deny Plaintiff's Motion for Summary Judgment and

Motion to Continue (Doc. #16), State Farm's Motion to Dismiss Counterclaim (Doc. #20),

and State Farm's Renewed Motion to Set Hearing on Motion for Summary Judgment (Doc.

#25).

## I.  FACTS AND PROCEDURAL HISTORY

State Farm filed this declaratory judgment action to resolve an insurance coverage

---

[1] State Farm has also sued Margaret Martin ("Martin"), the plaintiff in the underlying action.

dispute arising from and pending in an ongoing state lawsuit involving the Myricks. On November 23, 2005, Martin sued the Myricks in the Circuit Court of Chilton County, Alabama, for undue influence, fraud, conversion, conspiracy to defraud, and conspiracy to convert, and sued Lynn Myrick for breach of fiduciary duty. The state court action remains pending at this time. (Compl. ¶ 9.)

During the relevant time period, the Myricks owned an umbrella liability policy issued by State Farm and pursuant to that policy sought a defense in the state court action. (*Id.* ¶ 23.) State Farm denies that it has an obligation to defend or indemnify the Myricks against Martin's claims. On April 25, 2006, State Farm filed a motion to intervene in the underlying state lawsuit seeking to present either special interrogatories to the jury or evidence relating to insurance coverage to the jury in a bifurcated trial procedure. (Defs.' Mot. to Dismiss Ex. 2 ¶¶ 6, 8.) On May 2, 2006, the state court granted State Farm's Motion to Intervene, and State Farm withdrew its request for bifurcation. (Pl.'s Mot. to Dismiss Ex. C.)

State Farm filed this declaratory judgment action on April 16, 2006, claiming it has no duty to defend or indemnify the Myricks in the state court action. The Myricks filed a motion to dismiss on May 23, 2006, which is still pending. State Farm filed a motion for summary judgment on March 20, 2007. In the meantime, the Myricks also filed a counterclaim alleging State Farm breached its contract with the Myricks, acted in bad faith, and breached the enhanced obligation of good faith. State Farm filed a Motion to Dismiss Counterclaim on May 29, 2007. In their response to State Farm's motion for summary

judgment, the Myricks ask the court to continue the motion for summary judgment to give them time to conduct discovery on the issues raised in the motion for summary judgment and in their counterclaim.

## II.  JURISDICTION AND VENUE

The court exercises jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 2201 (Declaratory Judgment Act).  The parties do not contest personal jurisdiction or venue, and the court finds allegations sufficient to support both.

## III.  DISCUSSION

### A.    *Motion to Dismiss*

In their Motion to Dismiss (Doc. #4), the Myricks argue State Farm's complaint should be dismissed because the duty to indemnify issue is not ripe and because State Farm is prosecuting simultaneous actions in state and federal court.  The court finds that the duty to indemnify claim is due to be dismissed, but the duty to defend issue is ripe for adjudication.  Additionally, State Farm is not prosecuting the same action simultaneously, and even if it were prosecuting two actions simultaneously, dismissal of this action would not be warranted.

#### 1.    Ripeness

The Myricks first contend that because the underlying case is still pending, this

declaratory judgment action is not ripe.[2]  While the court agrees with the Myricks that the issue of the duty to indemnify is not ripe, there is a present controversy surrounding the duty to defend, and this claim should not be dismissed.

The Declaratory Judgment Act empowers any court of the United States "[i]n a case of actual controversy within its jurisdiction" to "declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  In cases arising under the Declaratory Judgment Act, courts must evaluate whether the issue is an actual controversy or merely an abstract question of law; this analysis "is necessarily one of degree . . . .  Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

In cases involving insurance coverage, courts treat the duty to defend and duty to indemnify as distinct and analyze them separately.  *See Allstate Indem. Co. v. Lewis*, 985 F. Supp. 1341, 1349 (M.D. Ala. 1997).   Courts have recognized a controversy exists regarding the duty to defend when the insured seeks a defense from an insurance company, but the insurance company denies that it is obligated. *See Am. Fid. & Cas. Co. v. Pa.*

---

[2]  In their motion to dismiss, the Myricks argue "[i]t would be inappropriate for this Court to entertain jurisdiction over this declaratory judgment action because there is no case or controversy between the parties." (Pl.'s Mot. to Dismiss ¶ 2.)  However, in other briefing they have contended, "[b]ecause the underlying lawsuit has not yet proceeded to trial, the question of whether there is a duty to indemnify is not ripe and any ruling on such issue would be premature." (Defs.' Resp. Br. Mot. Summ. J. 7.) The court will analyze both issues.

*Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960).[3]

In contrast, courts have declined to exercise their discretion under the Declaratory Judgment Act to decide questions about the duty to indemnify when the underlying action is pending. *Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.*, 387 F. Supp. 2d 1205, 1211-12 (S.D. Ala. 2005) ("It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insureds' liability."). Resolving the duty to indemnify before the underlying case is concluded could potentially waste resources of the court because the duty to indemnify could become moot if the insured prevails in the underlying lawsuit. *Guar. Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510, 1515 (M.D. Ala. 1996). Until the underlying suit is resolved, the duty to indemnify presents "nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Am. Fid.*, 280 F.2d at 461.

Here, there is a controversy about whether State Farm is obligated to provide a defense to the Myricks under the insurance policy, making the duty to defend ripe for adjudication. However, the duty to indemnify is not ripe because the underlying case is unresolved, meaning that State Farm's duty to indemnify is presently an abstract, academic question. Therefore, it is appropriate to grant the Myricks' motion to dismiss with regard to

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

5

the duty to indemnify.

### 2.    Prosecution of Simultaneous Actions

The Myricks also argue that because State Farm will provide interrogatories to the state court jury, it is prosecuting two actions simultaneously and this case should be dismissed.  Under Alabama law, "[n]o plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party."  Ala. Code § 6-5-440 (emphasis added).   The term "courts of this state" includes federal district courts in Alabama.  *Terrell v. City of Bessemer*, 406 So. 2d 337, 338 (Ala. 1981).  This standard "is similar to the standard applied for res judicata; that is, whether the issues in the two actions are the same and whether the same evidence would support a recovery in both actions."  *Hill v. United Ins. Co. of Am.*, 998 F. Supp. 1333, 1338 (M.D. Ala. 1998).

The issue in this case, State Farm's duty to defend the Myricks, is distinct from the issue in the state court action, and different evidence will be presented.  The jury in the state court action will hear evidence of the dispute between Martin and the Myricks to determine if the Myricks are liable to Martin, and based on that evidence will answer special interrogatories to "resolve questions of liability insurance coverage arising from the circumstances of this case."  (*See* Pl.'s Reply Br. Mot. to Dismiss ¶ 8.)  On the other hand, different facts underlie the duty to defend because it is  "'determined by the language of the insurance policy and by the allegations in the complaint giving rise to the action against the insured.'"  *State Nat. Ins. Co. v. Affordable Homes of Troy, LLC*, 368 F. Supp. 2d 1281, 1287

(M.D. Ala. 2005) (quoting *Ajdarodini v. State Auto Mut. Ins. Co.*, 628 So. 2d 312, 313 (Ala. 1993)).  Accordingly, State Farm is not prosecuting two actions simultaneously because the issues involved in the state and federal court actions are distinct.

Moreover, even if State Farm were litigating the same issues in both state and federal court, this action would not be dismissed.  The defense under § 6-5-440 applies only to a later filed action: "the rule is that only a Prior [sic] action may be pleaded in abatement of a Subsequent [sic] one, and not vice versa."  *Johnson v. Brown-Service Ins. Co.*, 307 So. 2d 518, 521 (Ala. 1974).  State Farm filed this complaint on April 21, 2006 and sought intervention in the state action on April 25, 2006.  Therefore, even if State Farm were prosecuting simultaneous actions, the state court intervention, not this action, should be dismissed.

The Myricks' Motion to Dismiss is due to be granted in part and denied in part.  State Farm's claim for declaratory relief as to its duty to indemnify will be dismissed without prejudice.  The motion is otherwise due to be denied.

**B.    *Motion to Continue Motion for Summary Judgment***

The Myricks argue that State Farm's motion for summary judgment should be denied or continued pursuant to Fed. R. Civ. P. 56(f) because the Myricks have been unable to conduct written discovery and to procure the deposition testimony of State Farm representatives.  The court finds they are entitled to a continuance to complete discovery.

A non-movant may be entitled to a continuance to conduct further discovery in

opposition to a motion for summary judgment under certain circumstances:

> When Affidavits are Unavailable. Should it appear from the affidvits of a
> party opposing the motion that the party cannot for reasons stated present by
> affidavit facts essential to justify the party's opposition, the court may refuse
> the application for judgment or may order a continuance to permit affidvits
> to be obtained or depositions to be taken or discovery to be had or may make
> such other order as is just.

Fed. R. Civ. P. 56(f). The non-movant must present an affidavit with specific facts
explaining why the party has not responded to the motion for summary judgment with
counter affidavits establishing genuine issues of material fact for trial. *Barfield v. Brierton*,
883 F.2d 923, 931 (11th Cir. 1989). The non-movant "'may not simply rely on vague
assertions that additional discovery will produce needed, but unspecified, facts' but must
show the court how the stay will operate to permit him to rebut, through discovery, the
movant's contentions." *Id.* (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901
(5th Cir. 1980)). Even if a party meets the technical requirements of Rule 56(f), the district
court still has discretion to deny the continuance if it is "dissatisfied with the nonmovant's
explanations as to why he cannot rebut the movant's motion for summary judgment." *Id.* at
932.

A continuance is appropriate when the party opposing summary judgment has not had
an opportunity to conduct discovery. *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988).
In *WSB-TV*, the Eleventh Circuit found reversible error when the district court ruled on the
defendant's motion for summary judgment before the plaintiff had an opportunity to conduct
discovery. *Id.* at 1269; *see also Ventrassist PTY, Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d

1278, 1288 (S.D. Fla. 2005) (declining to rule on a motion for summary judgment when it was filed two months before initial discovery disclosures were due).

Here, the Myricks did not engage in discovery before the motion for summary judgment was filed. Indeed, the parties agreed not to exchange initial disclosures until after this court ruled on the Myricks' motion to dismiss. State Farm argues further discovery is not necessary to decide the issues in this case. However, because the Myricks have had no opportunity to conduct discovery, the court will grant their motion to continue the motion for summary judgment.

## IV.  CONCLUSION

Accordingly, it is ORDERED that:

1.    The defendants' motion to dismiss (Doc. #4) is GRANTED in part and DENIED in part. It is GRANTED with respect to the duty to indemnify, and State Farm's claims related to the duty to indemnify are dismissed without prejudice. The motion is otherwise DENIED.

2.    The defendants' motion to continue motion for summary judgment (Doc. #16) is GRANTED.

3.    A ruling on Plaintiff's renewed motion to set hearing on motion for summary judgment (Doc. #25) is  reserved until briefing on the motion for summary judgment is complete.

4.    The parties shall to file a Rule 26(f) report **on or before November 7, 2007.**

9

5.      Plaintiff's Motion to Dismiss Counterclaim is DENIED as moot.

DONE this 23rd day of October, 2007.

            /s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE