IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No.: 2:06 CV-359-WKW |
| WAYNE MYRICK, LYNN MYRICK, and MARGARET N. MARTIN, ) ) ) ) | |
| Defendants. ) | |

**STATE FARM FIRE AND CASUALTY COMPANY'S RESPONSE TO ORDER TO SHOW CAUSE (doc. 34)**

**and**

**MOTION TO ALTER, AMEND OR VACATE MEMORANDUM OPINION AND ORDER ENTERED OCTOBER 23, 2007 (doc. 31)**

In response to this Court's November 14, 2007 Order to Show Cause (doc. 34), and pursuant to Rules 60(a) & (b)(6), Fed. R. Civ. P., Plaintiff/Counterclaim Defendant State Farm Fire and Casualty Company ("State Farm") moves that this Court alter, amend, or vacate its October 23, 2007 Memorandum Opinion and Order (doc. 31) (hereinafter "October 23 Order"). In support of this motion, State Farm states as follows:

I.      Introduction and Summary.

The October 23 Order should be amended or vacated because it was based upon a mistaken understanding of the procedural status of the underlying action on which this declaratory judgment action is based. In the October 23 Order, the Court operated under the misapprehension that the underlying Chilton County litigation was still active when, in fact, it had been settled and resolved.[1] The settlement of the underlying action, of necessity, requires a different result than is reached in the October 23 Order.

Because the underlying action is settled, with State Farm having provided a defense to its insureds throughout, any issue of State Farm's duty to defend is now moot. Furthermore, because the underlying action is settled and concluded, issues surrounding State Farm's alleged duty to indemnify its insureds are now ripe for resolution. Finally, because the factual record of the underlying action is now closed and is sufficient to adjudicate the remaining coverage issues in this case, the Court should reconsider State Farm's motion for summary judgment on issues of indemnity.

---

[1] The Court was first advised of the resolution of the underlying matter by a "Status Report" filed by the Myricks on October 30, 2007. *See* doc. 32.

II.  <u>Argument</u>.

    A.  *Ripeness*.

    1.  In summary, this Court's October 23 Order found that the controversy related to whether State Farm is obligated to provide a defense to the Myricks under the insurance policy was ripe for adjudication. *See* doc. 31 at 4-5. Based upon the Court's understanding that the underlying case giving rise to this declaratory judgment action had not been concluded, though, this Court found that any controversy related to State Farm's duty to indemnify was not ripe for adjudication. *Id*. at 5.

    2.  Unbeknownst to the Court at the time that it entered the October 23 Order, the underlying case had been settled in mediation. *See* October 30, 2007 Status Report filed by Wayne and Lynn Myrick (doc. 32). Indeed, the Release and Settlement Agreement which set forth settlement terms in the underlying action was executed by Margaret Martin's purported legal guardian on September 18, 2007. *See* Release and Settlement Agreement, which is attached hereto as Exhibit A. The underlying action was dismissed with prejudice by the Chilton County Circuit Court on November 5, 2007. *See* Order, which is attached hereto as Exhibit B.

    3.  Because State Farm undisputedly provided a defense to the Myricks under a reservation of rights throughout the pendency of the underlying case, any disputes related to State Farm's duty to defend are now moot. Instead, because the

underlying case has been concluded, a ripe controversy exists regarding State Farm's duty to indemnify the Myricks under the applicable insurance policy.  *See* doc. 31 at 4-5, *citing Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453 (5th Cir. 1960) and *Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.*, 387 F. Supp. 2d 1205 (S.D. Ala. 2005).  As such, pursuant to Rule 60(a) and/or Rule 60(b)(6), Fed. R. Civ. P., this Court's October 23 Order granting the Myricks' motion to dismiss with regard to the duty to indemnify should be altered, amended or vacated in order to allow the parties to litigate such issues, which are now ripe for adjudication.

  B. *Pending Motion for Summary Judgment and Related Discovery Issues*.

  4. State Farm's March 20, 2007 motion for summary judgment was directed to the only disputed issues that existed at the time of the motion's filing – that is, whether claims presented in the underlying action were covered under the State Farm policy of insurance.  *See* doc. 11.  State Farm's motion for summary judgment was filed more than 45 days before the Myricks (1) asserted a bad faith counterclaim, or (2) propounded the discovery that the Myricks now claim is necessary to respond to State Farm's motion.  *See* doc. 11, 15-20.

  5. Notwithstanding the questionable timing of this "necessary" discovery, counsel for the Myricks filed a Rule 56(f) Affidavit requesting a delay in the

adjudication of State Farm's motion for summary judgment to complete the above cited discovery.  See doc. 15.

6.    As noted in State Farm's reply brief, the Rule 56(f) affidavit presented by counsel for the Myricks is defective in the fact that it states <u>no reasons</u> why the discovery sought is necessary to oppose State Farm's motion for summary judgment on the ***coverage issues*** made the basis of the declaratory judgment action. (doc. 15, 21).  All facts necessary for an adjudication of the ***coverage issues*** addressed in State Farm's motion for summary judgment have been adduced in discovery conducted in the underlying civil action.  The depositions of all parties in the underlying case have been completed.  The deposition of Paula McClung was also completed.  Indeed, facts pertinent to the determination of coverage have been cited at length by both the Myricks and State Farm in briefs filed in this declaratory judgment action.

7.    The facts adduced in the underlying action are the ***only facts*** relevant to the issue of whether there is coverage under the State Farm policy.  *See Reliance Ins. Co. v. The Kent Corp., Inc.*, 896 F.2d 501, 503 (11th Cir. (Ala.) 1990), *vacated on other grounds*, *Reliance Ins. Co. v. The Kent Corp., Inc.*, 909 F.2d 424 (11th Cir. (Ala.) 1990) ("The determination of whether the policy extends coverage to liability of the insured arising from any particular instance, however, depends on whether the ***actual facts of the occurrence*** fit within the policy's coverage."), *citing United States*

*Fidelity & Guaranty Co. v. Armstrong* 479 So. 2d 1164 (Ala. 1985) and *Ladner & Co., Inc. v. Southern Guaranty Ins. Co.*, 347 So. 2d 100 (Ala. 1977) (emphasis added).

8. Because the underlying action has been dismissed with prejudice, the facts, claims, and theories of liability relevant to a determination of coverage under the State Farm policy can not change. As such, a determination of whether there is coverage under the policy, and thus whether State Farm has a duty to indemnify the Myricks, is now appropriate. *See Auto Owners Ins. Co. v. Toole*, 947 F. Supp. 1557, 1565 (M.D. Ala. 1996) ("a determination of the duty to indemnify cannot be made" until it is impossible "for the plaintiff in the underlying lawsuit to change the theory of liability and assert a claim that is covered by the policy at issue"), *citing Ladner*, 347 So. 2d at 104, *Home Ins. Co. v. Rice*, 585 So. 2d 859, 861 (Ala. 1991) and *Tapscott v. Allstate Ins. Co.*, 526 So. 2d 570, 73-75 (Ala. 1988); *Sphere Drake Ins., P.L.C. v. Shoney's, Inc.*, 923 F.Supp. 1481, 1493 (M.D. Ala. 1996) (same); *see also Spencer v. Assurance Co. of America*, 39 F.3d 1146, 1149 (11th Cir. (Fla.) 1994) (same, applying Florida law).

9. Pending with the Court is State Farm's motion for summary judgment on the issues concerning whether or not it is liable to indemnify the Myricks. The factual record is complete, as shown above, and the motion has been fully briefed. Thus, State

Farm avers that it is now appropriate for this matter to be addressed as a matter of law based upon the pleadings and briefs submitted to this Court.[2]

Wherefore, State Farm moves that this Court alter, amend or vacate its October 23 Order to comport with the facts and procedural status of the underlying action, of which this Court did not have prior notice. Additionally, State Farm renews its request that this Court set a hearing on State Farm's pending motion for summary judgment.

---

[2]The Myricks will likely argue that discovery on issues presented in their counterclaim, specifically breach of contract and bad faith, should be completed before the Court addresses dispositive motions. As this Court is well aware, Alabama law is clear that liability for breach of contract and the tort of bad faith is limited "to those instances in which the insured's losses were covered under the policy." *See State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 317-18 (Ala. 1999), *citing Chavers v. National Security Fire & Cas. Co.*, 405 So. 2d 1, 4 (Ala. 1981), *Blackburn v. Fidelity & Deposit Co.*, 667 So. 2d 661, 667 (Ala. 1995), and *Safeco Ins. Co. of America v. Sims*, 435 So. 2d 1219, 1222 (Ala. 1983); *also see Twin City Fire Ins. Co. v. Colonial Life & Accident Ins. Co.*, 375 F.3d 1097, 1101 (11th Cir. (Ala.) 2004) (Alabama law "requires insurance coverage as a prerequisite for liability for a bad faith failure to settle a claim with the insurance company's money"); *Calhoun County Economic Development Council v. National Security Fire & Cas. Co.*, 808 So. 2d 24, 26 (Ala. 2001) ("a party without insurance coverage cannot recover for the insurer's bad faith failure to honor the nonexistent coverage"); *Congress Life Ins. Co. v. Barstow*, 799 So. 2d 931, 937 (Ala. 2001) ("one who cannot prove that she was entitled to benefits under an insurance policy cannot recover on a bad-faith claim"). To proceed with discovery related to the Myricks' breach of contract and bad faith claims before the threshold issue of coverage is addressed would cause the parties (and, ultimately, the Court) to spend considerable time and resources on issues that will be rendered moot upon a favorable coverage determination for State Farm. As such, the Court is requested to first consider the coverage issues addressed in the pending motion for summary judgment, which has been fully briefed and is ready for resolution.

          Respectfully submitted,


          /s/ Bert S. Nettles
          Bert S. Nettles (ASB-5850-S63B)
          C. Dennis Hughes (ASB-1033-H65C)
          John H. McEniry, IV (ASB-9509-J72M)

**OF COUNSEL**:
HASKELL SLAUGHTER YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 251-1000

          Michael B. Beers
          Michael S. Jackson
          Constance T. Buckalew
          Angela C. Taylor

**OF COUNSEL**:
BEERS, ANDERSON, JACKSON, PATTY
  & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988

          Counsel for Plaintiff/Counterclaim
          Defendant State Farm Fire and Casualty
          Company

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 14 day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following party or attorney of record in this action:

| | |
|---|---|
| Timothy M. Fulmer, Esq.<br>David O. Schoel, Esq.<br>**NATTER & FULMER, P.C.**<br>3800 Colonnade Parkway<br>Suite 450<br>Birmingham, Alabama 35243<br>*Counsel for Margaret Martin* | James A. Kee, Jr., Esq.<br>Jon M. Hughes, Esq.<br>Cynthia A. Martin, Esq.<br>**KEE & SELBY, L.L.P.**<br>1900 International Park Drive<br>Suite 220<br>Birmingham, Alabama 35243<br>*Counsel for Wayne & Lynn Myrick* |

        /s/ Bert S. Nettles
        Of Counsel

509700.1