IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND ) | |
| CASUALTY COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:06 CV 359-WKW |
| ) | |
| WAYNE MYRICK, ) | (JURY DEMAND) |
| LYNN MYRICK and ) | |
| MARGARET N. MARTIN ) | |
| ) | |
| Defendants. ) | |

**<u>WAYNE AND LYNN MYRICK'S RESPONSE TO SHOW CAUSE ORDER
AND
RESPONSE TO STATE FARM'S MOTION TO ALTER, AMEND OR VACATE
MEMORANDUM OPINION AND ORDER ENTERED OCTOBER 23, 2007</u>**

COME NOW Defendants/Counter Plaintiffs Wayne Myrick and Lynn Myrick ("the Myricks"), in response to the Court's Show Cause Order and in response to State Farm's Motion to Alter, Amend or Vacate, as state as follows:

1. The Myricks filed the October 30, 2007 status report to advise the Court of the underlying settlement. The Myricks agree that the claims related to the duty to indemnify, previously dismissed without prejudice, are due to be reinstated now that the underlying case has been settled. It appears that all parties agree that such claims should now be reinstated.

2. In addition to responding to the Court's Show Cause Order, Plaintiff/Counter Defendant State Farm has also filed a Motion to Alter, Amend or Vacate the Court's October 23, 2007 Memorandum Opinion. To the extent the Court's Order needs to be altered to reflect the reinstatement of the duty to indemnify claims, the

Myricks have no objection. However, as to the remaining issues addressed in the Court's Order, including discovery to be allowed, the Myricks submit that State Farm's motion is due to be denied.

  3. The Court's October 23, 2007 Order specifically provided as follows:

> In their response to State Farm's motion for summary judgment, the Myrick's ask the court to continue the motion for summary judgment to give them time to conduct discovery on the issues raised in the motion for summary judgment and in their counterclaim. . . . The Myricks argue that State Farm's motion for summary judgment should be denied or continued pursuant to Fed. R. Civ. P. 56(f) because the Myricks have been unable to conduct written discovery and to procure the deposition testimony of State Farm representatives. The Court finds they are entitled to a continuance to complete discovery. . . . State Farm argues further discovery is not necessary to decide the issues in this case. However, because the Myricks have had no opportunity to conduct discovery, the court will grant their motion to continue the motion for summary judgment.

(Memorandum Opinion and Order at pp. 2, 3, 7, 9, doc. 31).

  4. State farm has failed to respond to the Myricks' Requests for Production of Documents served on May 9, 2007 and has refused to make witnesses available for depositions pursuant to 30(b)(6) deposition notices, also served by the Myricks on May 9, 2007. This is the very discovery to which the Court held the Myricks are entitled in its October 23 Order.

  5. Neither the settlement of the underlying case nor anything else has changed the Myricks' need for this discovery. State Farm contends that no discovery is necessary prior to the Court's consideration of its pending motion for summary judgment. State Farm's position is essentially that this case should be adjudicated without giving the defendants/counter plaintiffs the opportunity to take a single deposition or requiring State Farm to respond to any of the Myricks' written discovery. The Court has already spoken

on this issue, finding that the Myricks are entitled to the discovery they have requested, as discussed above.

      6.    State Farm provides no support for its contention that this discovery should not be allowed. The discovery requested by the Mryicks is reasonable in scope and is relevant to the issues in this case. Such discovery is not overly burdensome and can be completed in a reasonable amount of time, after which all issues in this case can be addressed.

      WHEREFORE, Defendants/Counter Plaintiffs Wayne and Lynn Myrick respectfully request that the Court enter an Order reinstating the claims relating to the duty to indemnify and otherwise denying State Farm's Motion to Alter, Amend or Vacate.

      Respectfully Submitted,

/s/ Jon M. Hughes
James A. Kee, Jr. ASB-4314-e68j
Jon M. Hughes ASB-9227-h68j
Attorneys for Defendants/Counter Plaintiffs
Wayne Myrick and Lynn Myrick

OF COUNSEL:
KEE & SELBY, L.L.P.
1900 International Park Drive
Suite 200
Birmingham, Alabama  35243
(205) 968-9900
(205) 968-9909 fax

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Angela Christine Taylor
Constance Taylor Buckalew
Michael Baird Beers
Michael Stewart Jackson
BEERS ANDERSON JACKSON PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988

Timothy M. Fulmer
David Schoel
NATTER & FULMER, P.C.
3800 Colonnade Parkway, Suite 450
Birmingham, Alabama  35243

Bert S. Nettles
Charles Dennis Hughes
John H. McEniry, IV
Haskell, Slaughter, Young & Rediker, LLC
2001 Park Place North
Suite 1400
Birmingham, Alabama  35203

                                          */s/* Jon M. Hughes ASB-9227-h68j
                                          Of Counsel