IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No.: 2:06 CV-359-WKW |
| WAYNE MYRICK, ) LYNN MYRICK, ) and MARGARET N. MARTIN, ) ) | |
| Defendants. ) | |

**STATE FARM FIRE AND CASUALTY COMPANY'S REPLY BRIEF AND SUMMARY OF ARGUMENT**

Wayne and Lynn Myrick have filed a Response to State Farm's Motion to Alter, Amend or Vacate which states, in pertinent part, that "State Farm provides no support for its contention that discovery should not be allowed" before State Farm's motion for summary judgment on threshold coverage issues is addressed by this Court. *See* doc. 36, ¶ 6. This statement is incorrect. As set forth in State Farm's Motion to Alter, Amend or Vacate, State Farm's position regarding the disposition of the underlying coverage issues and related discovery dispute is well supported by Alabama and Federal case law:

● Alabama law is clear that liability for breach of contract and the tort of bad faith is limited "to those instances in which the insured's losses were covered under

the policy." *See State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 317-18 (Ala. 1999) (internal citations omitted). In other words, the threshold issue of coverage must be addressed ***before*** the parties proceed with bad faith discovery. *See, e.g., Calhoun County Economic Development Council v. National Security Fire & Cas. Co.*, 808 So. 2d 24, 26 (Ala. 2001) ("a party without insurance coverage cannot recover for the insurer's bad faith failure to honor the nonexistent coverage"); *Congress Life Ins. Co. v. Barstow*, 799 So. 2d 931, 937 (Ala. 2001) ("one who cannot prove that she was entitled to benefits under an insurance policy cannot recover on a bad-faith claim").

- The ***only*** evidence relevant to the threshold determination of coverage is evidence taken from the underlying action. Put differently, coverage is determined only by facts which tend to prove or disprove that the Myricks' actions related to Martin, as litigated in the underlying lawsuit, constitute an "accident or occurrence" under the State Farm policy. *See Reliance Ins. Co. v. The Kent Corp., Inc.*, 896 F.2d 501, 503 (11th Cir. (Ala.) 1990), *vacated on other grounds*, *Reliance Ins. Co. v. The Kent Corp., Inc.*, 909 F.2d 424 (11th Cir. (Ala.) 1990) (internal citations omitted).

- The underlying action was settled and has now been dismissed with prejudice. The depositions of all parties, as well as nonparty Paula McClung, were

completed before the underlying case was resolved. The facts, claims, and theories of liability relevant to a determination of coverage under the State Farm policy *can not change*. Because the factual record below is complete, a determination regarding coverage is now appropriate. *See Auto Owners Ins. Co. v. Toole*, 947 F. Supp. 1557, 1565 (M.D. Ala. 1996) (internal citations omitted).

- The underlying facts in this matter do not constitute an accident or occurrence under the applicable State Farm policy. Thus, as a matter of law, there is no coverage for the Myricks under their policy. The pending brief addressing the threshold coverage issues should now be considered by this Court.

Respectfully submitted,

/s/ Bert S. Nettles
Bert S. Nettles (ASB-5850-S63B)
C. Dennis Hughes (ASB-1033-H65C)
John H. McEniry, IV (ASB-9509-J72M)

**OF COUNSEL**:
HASKELL SLAUGHTER YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 251-1000

          Michael B. Beers
          Michael S. Jackson
          Constance T. Buckalew
          Angela C. Taylor

**OF COUNSEL**:
BEERS, ANDERSON, JACKSON, PATTY
 & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988

          Counsel for Plaintiff/Counterclaim
          Defendant State Farm Fire and Casualty
          Company

## CERTIFICATE OF SERVICE

 I hereby certify that on this the 21 day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following party or attorney of record in this action:

| | |
|---|---|
| Timothy M. Fulmer, Esq. | James A. Kee, Jr., Esq. |
| David O. Schoel, Esq. | Jon M. Hughes, Esq. |
| **NATTER & FULMER, P.C.** | Cynthia A. Martin, Esq. |
| 3800 Colonnade Parkway | **KEE & SELBY, L.L.P.** |
| Suite 450 | 1900 International Park Drive |
| Birmingham, Alabama  35243 | Suite 220 |
| *Counsel for Margaret Martin* | Birmingham, Alabama  35243 |
| | *Counsel for Wayne & Lynn Myrick* |

          /s/ Bert S. Nettles
          Of Counsel

510798.1