**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:06 CV 359-WKW |
| WAYNE MYRICK, LYNN MYRICK and MARGARET N. MARTIN | ) ) ) ) ) | (JURY DEMAND) |
| Defendants. | ) | |

**WAYNE AND LYNN MYRICK'S BRIEF ON THE
ENHANCED OBLIGATION OF GOOD FAITH**

COME NOW Defendants/Counter Plaintiffs Wayne Myrick and Lynn Myrick ("the Myricks"), and pursuant to the Court's November 28, 2007 Order, submits the following brief on the enhanced obligation of good faith and whether that cause of action depends on the existence of insurance coverage.

1.   In their original counterclaim in this case (as well as in their proposed amended counterclaim filed contemporaneously herewith), the Myricks assert in Count III a cause of action for Breach of Enhanced Obligation of Good Faith. Based upon the reasons and authority set forth below, such a claim does not require a finding that insurance coverage exists.

2.     The enhanced obligation of good faith was adopted by the Alabama Supreme Court in L&S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co., 521 So. 2d 1298 (Ala. 1988). The court held that when an insurance company undertakes a defense pursuant to a reservation of rights, it does so under an "enhanced obligation of good faith" toward its insured in conducting such a defense. See L&S Roofing, 521 So. 2d at 1303-04. The enhanced obligation is fulfilled by meeting specific criteria:

> First, the company must thoroughly investigate the cause of the insured's accident and the nature and severity of the plaintiff's injuries. Second, it must retain competent defense counsel for the insured. Both retained defense counsel and the insurer must understand that only the insured is the client. Third, the company has the responsibility for fully informing the insured not only of the reservation-of-rights defense itself, but of all developments relevant to his policy coverage and the progress of this lawsuit. Information regarding progress of the lawsuit includes disclosure of all settlement offers made by the company. Finally, an insurance company must refrain from engaging in any action which would demonstrate a greater concern for the insurer's monetary interest than for the insured's financial risk.

Shelby Steel Fabricators, Inc. v. United States Fidelity & Guaranty Ins. Co., 569 So. 2d 309, 312 (Ala. 1990) (citing L&S Roofing, 521 So. 2d at 1303).

3.     The Myricks contend in their counterclaim that State Farm did not fulfill the above-quoted criteria. In Shelby Steel, Inc. v. USF&G, the Alabama Supreme Court held that the insurer, USF&G, breached the enhanced obligation of good faith to its insured, Shelby Steel, by failing to keep the insured apprised of the

status of the case.  Shelby Steel, 569 So. 2d at 312.  Specifically, the court held as follows: "we conclude that U.S.F.&.G. has failed to meet its enhanced obligation to Shelby Steel and, therefore, **that it must indemnify Shelby Steel for any liability in the underlying action.**"  Id. (emphasis added).  Because of USF&G's breach of its enhanced obligation, the court required it to indemnify its insured for any liability in the underlying case, without making it dependent upon the existence of coverage.  Thus, pursuant to the Alabama Supreme Court's opinion in Shelby Steel, a claim for breach of the enhanced obligation of good faith does not depend on the existence of coverage.

4. Commentators have also agreed that a cause of action for breach of the enhanced obligation of good faith does not depend on the existence of insurance coverage.  In a 1999 Alabama Law Review article on the subject, current United States District Judge Honorable Karon Bowdre stated that "[u]nlike first-party bad faith, **a claim for violation of the enhanced obligation of good faith does not require a finding that coverage in fact exists.**"  Karon O. Bowdre, *Enhanced Obligation of Good Faith: A Mine Field of Unanswered Questions after L & S Roofing Supply Co.*, 50 Ala. L. Rev. 755, 765 (1999) (citing Shelby Steel, 569 So. 2d at 312) (emphasis added).

5. Moreover, counsel for State Farm in the instant case has even authored an article observing that coverage is not required for finding a violation of

3

the enhanced duty of good faith in light of <u>Shelby Steel</u>.  In a 1993 article in the Attorneys Insurance Mutual of Alabama Newsletter, Bert Nettles explained the court's ruling in <u>Shelby Steel</u> and then noted that "[d]ue to finding a breach of the 'enhanced obligation', in effect coverage was created where none previously existed."  Bert Nettles, *Insurance Defense Practice and Murphy's Law*, 3 Att'ys Ins. Mut. of Ala., Inc. Newsletter 1 (1993) (attached as Exhibit A).

      6.     In <u>Shelby Steel</u>, because the insurer breached the enhanced obligation of good faith, the court required it to indemnify the insured for its liability, regardless of whether coverage actually existed.  Likewise, in the instant case, the Myricks' claim against State Farm for breach of the enhanced obligation of good faith is not dependent upon the existence of insurance coverage under the State Farm policies.  Therefore, discovery on the Myricks' claim should not be postponed until after a determination as to coverage is made.

                    Respectfully Submitted,

                      <u>/s/ Jon M. Hughes</u>
                      James A. Kee, Jr. ASB-4314-e68j
                      Jon M. Hughes ASB-9227-h68j
                      Attorneys for Defendants/Counter Plaintiffs
                      Wayne Myrick and Lynn Myrick

OF COUNSEL:
KEE & SELBY, L.L.P.
1900 International Park Drive
Suite 200
Birmingham, Alabama  35243
(205) 968-9900
(205) 968-9909 fax

## CERTIFICATE OF SERVICE

      I hereby certify that on December 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Bert S. Nettles
Charles Dennis Hughes
John H. McEniry, IV
Haskell, Slaughter, Young & Rediker, LLC
2001 Park Place North
Suite 1400
Birmingham, Alabama  35203

Angela Christine Taylor
Constance Taylor Buckalew
Michael Baird Beers
Michael Stewart Jackson
BEERS ANDERSON JACKSON PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988

Timothy M. Fulmer
David Schoel
NATTER & FULMER, P.C.
3800 Colonnade Parkway, Suite 450
Birmingham, Alabama  35243

                                                                         */s/* Jon M. Hughes ASB-9227-h68j
                                                                         Of Counsel