# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:06 CV 359-WKW |
| WAYNE MYRICK, LYNN MYRICK and MARGARET N. MARTIN | ) ) ) ) ) | (JURY DEMAND) |
| Defendants. | ) | |

## AMENDED ANSWER AND COUNTERCLAIM

COME NOW Defendants/Counter Plaintiffs Wayne Myrick and Lynn Myrick ("the Myricks"), and hereby answer Plaintiff's Amended Complaint as follows:

1. Denied.

2. Denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied.

24. Admitted.

25. Admitted.

26. Denied.

27. Admitted.

28. Denied.

29. Admitted.

30. Admitted.

31. Admitted.

32. Denied.

33. Admitted.

34. Admitted.

35. Denied.

36. Admitted.

37. Admitted.

38. Admitted.

39. Denied.

40. Denied.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Denied.

In response to paragraphs A through G following paragraph 49 of the Amended Complaint, the Myricks deny that State Farm is entitled to the declarations and relief requested.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would not otherwise bear, Defendants assert the following defenses:

## FIRST DEFENSE

Defendants deny the material allegations of the Complaint and demand strict proof thereof.

## SECOND DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## THIRD DEFENSE

Defendants assert the defenses of waiver, estoppel, modification, ratification and novation.

## FOURTH DEFENSE

Defendants assert the defenses of equitable, contractual and/or judicial estoppel.

## FIFTH DEFENSE

This Court lacks jurisdiction as there is no ripe or justiciable controversy.

## SIXTH DEFENSE

Defendants reserve the right to assert other defenses and claim when and if it becomes appropriate in this action.

## SEVENTH DEFENSE

The policies of insurance at issue are ambiguous.

## EIGHTH DEFENSE

Plaintiff's claims are barred by Alabama Code § 6-5-440 which prevents simultaneous actions.

## NINTH DEFENSE

This Defendant pleads insufficiency of process and insufficiency of service of process.

## TENTH DEFENSE

This Defendant pleads lack of subject matter jurisdiction and lack of personal jurisdiction.

## COUNTERCLAIM

Defendants/Counter Plaintiffs Myricks, for their Counterclaim against Plaintiff/Counter Defendant State Farm Fire and Casualty Company ("State Farm"), state as follows:

1. State Farm issued Homeowners Policy Number 01-E6-4730 to the Myricks. Said Policy provides liability coverage and was effective at all relevant times.

2. State Farm issued Personal Liability Umbrella Policy Number 01-BY-3095 to the Myricks. Said Policy provides liability coverage and was effective at all relevant times.

3. On or about November 23, 2005 Margaret N. Martin filed a lawsuit against the Myricks in the Circuit Court of Chilton County, Alabama, styled *Margaret N. Martin v. Wayne Myrick and Lynn Myrick*, CV 05-336 (the "underlying suit").

4. In the underlying suit, Margaret Martin asserts the following claims against the Myricks: (1) Undue Influence; (2) Fraud – Deceit and Fraudulent Inducement; (3) Conversion; (4) Conspiracy to Defraud; (5) Conspiracy to Convert; and (6) Breach of Fiduciary Duty.

5. The provisions of the aforesaid policies issued to the Myricks require State Farm to defend and indemnify the Myricks in the underlying suit.

6. The Myricks timely notified State Farm of the claim and requested

that it defend and indemnify them for the claims and damages alleged in the underlying suit.

7. State Farm initially denied the claim under both of the policies.

8. State Farm has failed to adequately investigate the claim under each of the aforesaid policies and has failed to submit the claim to a cognitive review under each of the aforesaid policies.

9. State Farm failed to settle the underlying suit within policy limits despite an opportunity to do so.

10. State Farm refused to negotiate in good faith.

11. State Farm has placed its own financial interest over those of its insureds, the Myricks.

12. State Farm has violated the enhanced obligation of good faith as required in *L&S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co.*, 521 So. 2d 1298 (Ala. 1987).

13. As a result of State Farm's failures, the Myricks were forced to settle the underlying suit themselves.

14. State Farm has without basis refused to indemnify the Myricks for the amount paid to settle the underlying case.

15. As a proximate result of above-described actions of State Farm, the Myricks have suffered and continue to suffer damages.

## COUNT I-BREACH OF CONRACT

16. Paragraphs one through fifteen above are adopted and re-alleged herein.

17. State Farm breached its contract with the Myricks by failing to indemnify them pursuant to the State Farm Homeowners Policy Number and Personal Liability Umbrella Policy issued to the Myricks.

18. As a result of said breach, the Myricks have sustained and continue to sustain damages.

WHEREFORE, the Myricks demand judgment against State Farm for sums in excess of the minimum jurisdictional limits of this court, including compensatory damages in an amount to be assessed by a struck jury, interest, costs and attorney fees.

## COUNT II-BAD FAITH

19. Paragraphs one through eighteen above are adopted and re-alleged herein.

20. State Farm has intentionally and in bad faith failed to investigate the claim made pursuant to the Myricks' State Farm Homeowners Policy Number 01-E6-4730 and said failure is without legitimate or arguable reason.

21. State Farm has intentionally and in bad faith failed to evaluate the claim made pursuant to the Myricks' State Farm Homeowners Policy Number 01-

E6-4730 and said failure is without legitimate or arguable reason.

22. State Farm has intentionally and in bad faith failed to subject said claim made pursuant to the Myricks' State Farm Homeowners Policy Number 01-E6-4730 to a cognitive review and said failure is without legitimate or arguable reason.

23. State Farm has intentionally and in bad faith failed to investigate the claim made pursuant to the Myricks' State Farm Personal Liability Umbrella Policy Number 01-BY-3095 and said failure is without legitimate or arguable reason.

24. State Farm has intentionally and in bad faith failed to evaluate the claim made pursuant to the Myricks' State Farm Personal Liability Umbrella Policy Number 01-BY-3095 and said failure is without legitimate or arguable reason.

25. State Farm has intentionally and in bad faith failed to subject the claim made pursuant to the Myricks' State Farm Personal Liability Umbrella Policy Number 01-BY-3095 to a cognitive review and said failure is without legitimate or arguable reason.

26. State Farm has intentionally and in bad faith failed to settle the underlying suit within the policy limits, despite an opportunity to do so.

27. As a result of said bad faith, the Myricks have sustained and continue

to sustain damages.

WHEREFORE, the Myricks demand judgment against State Farm for sums in excess of the minimum jurisdictional limits of this court, including compensatory and punitive damages in an amount to be assessed by a struck jury, interest, costs and attorney fees.

**COUNT III-BREACH OF ENHANCED OBLIGATION OF GOOD FAITH**

28. Paragraphs one through twenty seven above are adopted and re-alleged herein.

29. State Farm has intentionally and in bad faith violated the enhanced obligation of good faith as required in *L&S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co.*, 521 So. 2d 1298 (Ala. 1987).

30. In direct violation of *L&S Roofing Supply Co*, State Farm placed and continues to place its own financial interest over its insureds, the Myricks.

31. Moreover, in State Farm's motion for summary judgment filed in this action, it took a position in a public record that is false, defamatory, inconsistent with its insureds' own testimony, makes allegations in an attempt to avoid coverage that are detrimental to its insureds' defense in the underlying suit and ultimately breaches the enhanced obligation of good faith.

32. As a proximate result of State Farm's aforesaid actions and bad faith and its violation of *L&S Roofing Supply Co.*, the Myricks have sustained and

continue to sustain damages.

WHEREFORE, the Myricks demand judgment against State Farm for sums in excess of the minimum jurisdictional limits of this court, including compensatory and punitive damages in an amount to be assessed by a struck jury, interest, costs and attorney fees.

Respectfully Submitted,

/s/ Jon M. Hughes
James A. Kee, Jr. ASB-4314-e68j
Jon M. Hughes ASB-9227-h68j
Attorneys for Defendants/Counter Plaintiffs
Wayne Myrick and Lynn Myrick

OF COUNSEL:
KEE & SELBY, L.L.P.
1900 International Park Drive
Suite 200
Birmingham, Alabama  35243
(205) 968-9900
(205) 968-9909 fax

## JURY DEMAND

**THE MYRICKS DEMAND A TRIAL BY JURY ON ALL CLAIMS IN THIS COUNTERCLAIM.**

/s/James A. Kee, Jr. ASB-4314-e68j
/s/Jon M. Hughes ASB-9227-h68j
/s/Cynthia A. Martin ASB-2044-i49c
Attorneys for Defendants Wayne and Lynn Myrick

11

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Bert S. Nettles
Charles Dennis Hughes
John H. McEniry, IV
Haskell, Slaughter, Young & Rediker, LLC
2001 Park Place North
Suite 1400
Birmingham, Alabama  35203

Angela Christine Taylor
Constance Taylor Buckalew
Michael Baird Beers
Michael Stewart Jackson
BEERS ANDERSON JACKSON PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988

Timothy M. Fulmer
David Schoel
NATTER & FULMER, P.C.
3800 Colonnade Parkway, Suite 450
Birmingham, Alabama  35243

                                                  */s/* Jon M. Hughes ASB-9227-h68j
                                                  Of Counsel