IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No.: 2:06 CV-359-WKW ) |
| WAYNE MYRICK, LYNN MYRICK, | ) ) ) |
| Defendants. | ) |

**STATE FARM FIRE AND CASUALTY COMPANY'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Rules 12(b)(6) and 12(c), Fed. R. Civ. P., Plaintiff/Counterclaim Defendant **State Farm Fire and Casualty Company** ("State Farm") moves to dismiss Count III of the Amended Counterclaim filed by Defendants/Counterclaim Plaintiffs Wayne and Lynn Myrick ("the Myricks"). *See* doc. 49. As explained below, the enhanced obligation of good faith is not a separate tort or independent cause of action. Further, it is limited to instances in which an insurer improperly handles the defense of a third-party action against an insured under a reservation of rights. In their Counterclaim and proposed Amended Counterclaim, the Myricks allege that State Farm breached the enhanced obligation of good faith by taking a position adverse to the Myricks in this Declaratory Judgment action, **not** that State Farm wrongfully defended the underlying action. Because the Myrick's allegation

is outside the proper scope and applicability of the enhanced obligation of good faith, the Myricks have failed to state a claim for a breach of that obligation for which relief may be granted.

  1. In Alabama there is no separate or independent cause of action for the breach of the enhanced obligation of good faith.  At most, an insurer's improper actions in conducting a defense of its insured under a reservation of rights might potentially estop the insurance company from denying coverage.  *See Aetna Casualty & Surety Co. v. Mitchell Brothers, Inc.*, 814 So. 2d 191, 196 (Ala. 2001) (citing *Shelby Steel Fabricators v. United States Fidelity and Guaranty Ins. Co.*, 569 So.2d 309 (Ala. 1990)).  The concurring portion of the opinion authored by Mr. Justice Lyons (and joined by Mr. Justice Johnstone) in *Mitchell Brothers* is instructive on this issue:

> I am therefore unwilling to expand upon the rule announced in *L & S Roofing* and *Shelby Steel* by acknowledging the existence of a new tort remedy giving rise to punitive damages arising from the administration of a contract of insurance.  The award of punitive damages should be reversed and a judgment rendered for Aetna on the claim for punitive damages.

*See Mitchell Brothers*, 814 So. 2d at 203. Thus, there is no basis under Alabama law for the Myricks' argument that a separate tort or other cause of action exists for an alleged breach of the enhanced obligation of good faith.

2. Further, a claim under the enhanced obligation of good faith may only arise in the context of an insurer's improper handling of the defense of its insured under a reservation of rights. *See Twin City Fire Ins. Co. v. Colonial Life & Accident Ins. Co.*, 839 So. 2d 614, 616 (Ala. 2002); *Mitchell Brothers*, 814 So. 2d at 195-96 (internal citations omitted). In their Counterclaim (doc. 22) and Amended Counterclaim (doc. 49), the Myricks make **no allegation** that State Farm or its retained counsel failed to properly conduct the defense of the Myricks in the underlying lawsuit, which was recently dismissed. Instead, the Myricks' only **specific** allegation as to a breach by State Farm of the enhanced obligation of good faith relates to factual allegations made by State Farm in this declaratory judgment action, which the Myricks allege are "false, defamatory, [and] inconsistent with its insureds' own testimony." *See* Myricks' Amended Answer and Counterclaim, ¶ 31 (doc. 49).

3. However, the "enhanced obligation" does **not** in any way extend to or bar the insurance carrier from asserting coverage defenses in a separate declaratory judgment action, such as the case at bar. Indeed, *Mitchell Brothers* squarely addresses and refutes the Myricks' allegations in this regard. In *Mitchell Brothers*, the Alabama Supreme Court held that statements of an insurance company in a declaratory judgment action against its insured while defending the underlying

lawsuit under a reservation of rights **did not constitute** a breach of the enhanced obligation of good faith. The Court explained as follows:

> The Court has long recognized the usefulness of declaratory judgments in insurance-policy disputes. . .(cit. omit.) "It is well settled that a declaratory judgment action may be brought by a liability insurer to have a court declare whether or not it is liable to defend a suit. . ."(cit. omit.) This Court has also recognized that parties should be able to litigate freely, without having to worry about being sued for what is said during the course of litigation. Therefore, in defamation actions, relevant communications made during judicial proceedings are absolutely privileged...(cit. omit.) The issue of the relevancy of a communication is a matter for the court to determine, "and the adjudicated cases have established a liberal view in the interpretation of the language used, and all doubts are resolved in favor of its relevancy or pertinence. . ." (cit. omit.)

*Id*. at 198. Thus, the Myricks have no legal basis to complain of factual or legal positions taken by State Farm in pleadings filed in this action.

  4. The Myricks' **general** allegation of bad faith that "State Farm placed and continues to place its own financial interest over its insureds" is also insufficient to state a claim for breach of the enhanced obligation of good faith. *See* Myricks' Amended Answer and Counterclaim, ¶30 (doc. 49). No claim is made that State Farm placed its own financial interest over that of its insureds in the handling of the defense of the underlying claim. Much to the contrary, the language of this general allegation (*i.e.*, "placed and continues to place") confirms that the alleged conduct forming the basis of this purported claim occurred in the context of this declaratory judgment action.

5. In all, the Myricks have not stated a claim for which relief can be granted through their allegation of a breach of the enhanced obligation of good faith. The only facts alleged under which the Myricks' attempt to make such a claim – that is, State Farm's allegedly offensive position taken in this declaratory judgment action – are clearly outside the operable scope of the enhanced obligation of good faith.

Wherefore, pursuant to Rules 12(b)(6) and 12(c), Fed. R. Civ. P., State Farm moves to dismiss Count III of the Amended Counterclaim filed by the Myricks.

Respectfully submitted,

/s/ Bert S. Nettles
Bert S. Nettles (ASB-5850-S63B)
C. Dennis Hughes (ASB-1033-H65C)
John H. McEniry, IV (ASB-9509-J72M)

**OF COUNSEL**:
HASKELL SLAUGHTER YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 251-1000

                                                Michael B. Beers
                                                Michael S. Jackson
                                                Constance T. Buckalew
                                                Angela C. Taylor

**OF COUNSEL**:
BEERS, ANDERSON, JACKSON, PATTY
  & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988

                                                Counsel for Plaintiff/Counterclaim
                                                Defendant State Farm Fire and Casualty
                                                Company

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 15th day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following party or attorney of record in this action:

James A. Kee, Jr., Esq.
Jon M. Hughes, Esq.
Cynthia A. Martin, Esq.
**KEE & SELBY, L.L.P.**
1900 International Park Drive
Suite 220
Birmingham, Alabama   35243
*Counsel for Wayne & Lynn Myrick*

                                                /s/ Bert S. Nettles
                                              Of Counsel

515526