# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| WAYNE MYRICK, LYNN MYRICK and MARGARET N. MARTIN | ) ) ) ) |
| Defendants. | ) |

Case No. 2:06 CV 359-WKW

(JURY DEMAND)

_____

### WAYNE AND LYNN MYRICK'S RESPONSE TO STATE FARM'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR JUDGMENT ON THE PLEADINGS
_____

COME NOW Defendants/Counter Plaintiffs Wayne Myrick and Lynn Myrick ("the Myricks"), and in Response to State Farm's Motion to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings, state as follows:

1. State Farm has filed a Motion to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings as to Count III of the Myricks' Amended Counterclaim, raising arguments it has previously made and which have been previously rebutted by the Mryicks. For the reasons set forth below, State Farm's motion is without merit and is due to be denied.

2. State Farm incorrectly asserts that there is no claim for breach of the enhanced obligation of good faith. Furthermore, State Farm mischaracterizes and misconstrues the Mryicks' allegations with regard to State Farm's breach of the enhanced obligation of good faith. State Farm's erroneous contentions are addressed below.

3. State Farm first argues, without support, that there is no separate or independent cause of action for breach of the enhanced obligation of good faith. The only case State Farm cites in connection with this issue is <u>Aetna Casualty & Surety Co. v. Mitchell Brothers, Inc.</u>, 814 So. 2d 191 (Ala. 2001). Contrary to State Farm's attempted implication, <u>Mitchell Brothers</u> **does not** hold that there is no cause of action for breach of the enhanced obligation of good faith. The Court in <u>Mitchell Brothers</u>, which involved two underlying cases simply held that "no enhanced duty arose under the specific facts of [one of the] case[s]," while holding that the insurer had not breached the obligation in the other case. <u>Mitchell Brothers</u>, 814 So. 2d at 195, 198. <u>Mitchell Brothers</u> certainly does not stand for the proposition that there is no cause of action for breach of the enhanced obligation of good faith.

4. State Farm quotes from Justice Lyons' concurring opinion in <u>Mitchell</u>, wherein he stated that he was unwilling to acknowledge "the existence of a new tort remedy giving rise to punitive damages arising from the administration of a

contract of insurance." Id. 814 So. 2d at 203. This statement is not part of the majority opinion of the court, and therefore is not binding Alabama law. More importantly, this statement must be read in context. Justice Lyons was discussing the issue of whether punitive damages should be available, not whether a claim existed at all. His opinion concludes with "[t]he award of punitive damages should be reversed and a judgment rendered for Aetna on the claim for punitive damages." Id. Justice Lyons' statement is consistent with the Court's later holding in Twin City Fire Ins. Co. v. Colonial Life & Accident Ins. Co., 839 So. 2d 614 (Ala. 2002), discussed further below, which found not that a claim for breach of enhanced obligation of good faith does not exist, but that such a claim sounds in contract rather than in tort.

    5. One year after its opinion in Mitchell Brothers, the Alabama Supreme Court again addressed a claim for breach of the enhanced obligation of good faith in Twin City Fire Ins. Co. v. Colonial Life & Accident Ins. Co., 839 So. 2d 614 (Ala. 2002). The court was presented with a certified question asking whether breach of the insurer's enhanced duty of good faith sounds in contract or tort. Twin City, 839 So. 2d at 615. The court **did not question** whether such a claim exists, holding that "claims alleging a breach of the enhanced duty of good faith are contract claims." Id. at 616. Thus, according to the Alabama Supreme Court,

while breach of the enhanced duty of good faith is a contract claim, it is still a valid and cognizable claim, contrary to State Farm's contentions here.

6.   State Farm also contends that the Myricks have made no allegation that State Farm failed to properly conduct the defense of the Mryicks in the underlying action.  This is simply not true.  State Farm seizes on one paragraph in the Mryicks counterclaim alleging false statements made by State Farm in declaratory judgment action, then expounds upon why that allegation is not cognizable.  However, the Myricks allegations are not limited in the manner characterized by State Farm.  What State Farm ignores is the Mryicks' general allegation that State Farm violated the enhanced obligation of good faith, and its specific allegations that State Farm "has placed its own financial interest over those of its insureds, the Myricks." (Amended Counterclaim, ¶ 11; see also ¶¶ 29-30:  "State Farm has placed and continues to place its own financial interest over its insureds, the Myricks.").  One of the criteria for fulfilling the enhanced obligation of good faith is that "an insurance company must refrain from engaging in any action which would demonstrate a greater concern for the insurer's monetary interest than for the insured's financial risk."  Shelby Steel Fabricators, Inc. v. United States Fidelity & Guaranty Ins. Co., 569 So. 2d 309, 312 (Ala. 1990).  The Myricks have alleged that State Farm placed its financial interest over that of the insured **in the defense of the underlying case**.  Although the rules of notice

4

pleading do not require specific and detailed facts to be set out, the Myricks' primary contention is that State Farm refused to heed the advice and recommendations of the insured's appointed counsel in the underlying case in several respects, instead deciding to look out for State Farm's financial interest and ignoring the financial interest of its insured.[1]

7. The Myricks' allegations with respect to State Farm's breach of the enhanced obligation of good faith in defense of the underlying case directly allege a violation of the criteria set forth by the Alabama Supreme Court. Therefore, the Myricks have clearly stated a claim for which relief can be granted.

8. Because the Myricks have sufficiently alleged their cause of action for breach of the enhanced obligation of good faith, State Farm's Motion to Dismiss or in the alternative Motion for Judgment on the Pleadings is due to be denied.

Respectfully Submitted,

/s/ Jon M. Hughes
James A. Kee, Jr. ASB-4314-e68j
Jon M. Hughes ASB-9227-h68j
Attorneys for Defendants/Counter Plaintiffs
Wayne Myrick and Lynn Myrick

---

[1] While the Myricks are confident that their Amended Counterclaim satisfies the requirements of notice pleading, attached as Exhibit A is a proposed Second Amended Counterclaim which should meet even State Farm's interpretation of the specificity of allegations required (see ¶¶ 11-13, 31-35). If the Court determines that it is necessary, the Myricks respectfully request that the Court grant them leave to file the attached Second Amended Counterclaim.

5

OF COUNSEL:
KEE & SELBY, L.L.P.
1900 International Park Drive
Suite 200
Birmingham, Alabama  35243
(205) 968-9900
(205) 968-9909 fax

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Bert S. Nettles
Charles Dennis Hughes
John H. McEniry, IV
Haskell, Slaughter, Young & Rediker, LLC
2001 Park Place North
Suite 1400
Birmingham, Alabama  35203

Angela Christine Taylor
Constance Taylor Buckalew
Michael Baird Beers
Michael Stewart Jackson
BEERS ANDERSON JACKSON PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988

Timothy M. Fulmer
David Schoel
NATTER & FULMER, P.C.
3800 Colonnade Parkway, Suite 450
Birmingham, Alabama  35243

/s/ Jon M. Hughes ASB-9227-h68j
Of Counsel