IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:06-cv-359-WKW [wo] |
| WAYNE MYRICK, *et al.*, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the Motion to Dismiss, or in the Alternative, Motion

for Judgment on the Pleadings (Doc. # 50) filed by Plaintiff State Farm Fire and Casualty

Company ("State Farm"). For the reasons set forth below, the court concludes that State

Farm's motion is due to be DENIED.

## I. FACTS AND PROCEDURAL HISTORY

State Farm brought this declaratory judgment action against its insureds Wayne

Myrick and Lynn Myrick (collectively, the "Myricks"). In its original complaint, State Farm

sought a declaration that it had no duty to defend or indemnify the Myricks in a lawsuit filed

against them in state court. State Farm has provided a defense to the Myricks under a

reservation of rights. The Myricks have counterclaimed against State Farm alleging breach

of contract, bad faith, and breach of the enhanced obligation of good faith.

This motion is not the first time that this case has come before the court. Claims related to State Farm's duty to indemnify were previously dismissed as unripe, but those tied to State Farm's duty to defend were allowed to proceed. (Doc. # 31.) Shortly thereafter the parties informed the court that the underlying lawsuit had been settled. Consequently, the earlier order was vacated, claims related to the duty to defend were dismissed as moot, and claims related to the duty to indemnify were allowed to proceed. (Doc. # 39.)

On November 27, 2007, during a status conference, the parties vigorously disagreed on how discovery should be conducted. The Myricks argued that they are entitled to discovery on their counterclaims, including how State Farm handled their claim. State Farm asserted that discovery on the counterclaims should not begin until after the court decides whether there is a duty to indemnify. The Myricks responded that, because a claim for the enhanced obligation of good faith exists independently of State Farm's duty to indemnify, they are entitled to discovery now on this issue. State Farm countered that the enhanced obligation of good faith is not a separate cause of action under Alabama law.

To resolve the dispute, the court ordered the parties to brief whether a cause of action for the breach of the enhanced obligation of good faith exists under Alabama law independently of the duty to indemnify. The parties submitted their briefs, and the court took the issue under advisement. After the Myricks filed an Amended Answer and Counterclaim (Doc. # 49), State Farm filed the instant motion (Doc. # 50), which repeated nearly verbatim

its briefing on the enhanced obligation of good faith.  The motion is fully briefed and presently before the court.

## II.  JURISDICTION AND VENUE

Jurisdiction is exercised over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 2201 (Declaratory Judgment Act).  The parties do not contest personal jurisdiction or venue, and the court finds allegations sufficient to support both.

## III.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a claim for relief in a pleading: "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A claim for relief in a pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).  Factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 1964-65; *see also Hill v. White*, 321 F.3d 1334 (11th Cir. 2003) (stating that the court accepts the allegations in a claim for relief in a pleading as true and construes them in the light most favorable to the plaintiff).

## IV.  DISCUSSION

The Myricks allege that State Farm violated the enhanced obligation of good faith. State Farm argues that the Myricks' claim should be dismissed because no such cause of

action exists in Alabama and, even if the cause of action does exist, the Myricks have failed

to state a claim.  The court first addresses whether Alabama recognizes the cause of action.

**A.     *The Enhanced Obligation of Good Faith***

Under Alabama law, an enhanced obligation of good faith arises when an insurer

defends an insured under a reservation of rights.  *See L& S Roofing Supply Co., Inc. v. St.*

*Paul Fire & Marine Ins. Co.*, 521 So. 2d 1298 (Ala. 1987).  In *L&S Roofing*, a federal district

court certified to the Alabama Supreme Court the question of whether an insured is entitled

to counsel of his or her choosing at the insurer's expense when the insurer provides a defense

under a reservation of rights.  *Id.* at 1304.  The insured argued that insureds should always

be able to choose their own attorneys when the insurer provides a defense under a reservation

of rights because otherwise there is a conflict of interest.  *Id.* at 1301.  Additionally, the

insureds noted that the majority of courts have followed this approach.  *Id.* at 1304.  The

Alabama Supreme Court rejected this position and, instead, announced that when an insurer

defends an insured pursuant to a reservation of rights there is an enhanced obligation of good

faith.  *Id.*  This obligation requires the insurer to take the following steps to protect the

insured:

> "First, the company must thoroughly investigate the cause of the insured's
> accident and the nature and severity of the plaintiff's injuries.  Second, it must
> retain competent defense counsel for the insured.  Both retained defense
> counsel and the insurer must understand that only the insured is the client.
> Third, the company has the responsibility for fully informing the insured not
> only of the reservation-of-rights defense itself, but of all developments
> relevant to his policy coverage and the progress of this lawsuit.  Information
> regarding progress of the lawsuit includes disclosure of all settlement offers

made by the company.  Finally, an insurance company must refrain from engaging in any action which would demonstrate a greater concern for the insurer's monetary interest than the insured's financial risk."

*Id.* at 1303 (quoting *Tank v. State Farm Fire & Cas. Co.*, 715 P. 2d 1133, 1137 (Wash. 1986)).  When these criteria are satisfied, "the insurer has met its enhanced obligation of good faith." *Id.* at 1304.  However, "when those criteria have not been met in whole or in part . . . the insured is entitled to retain defense counsel of its choice at the expense of the insurer." *Id.*  While *L & S Roofing* for the first time recognized an enhanced obligation of good faith, the Court did not address what recourse an insured has when its insurer breaches the obligation but the underlying litigation has already been resolved against the insured – in other words, whether there is an independent cause of action for breach of the obligation.

In a subsequent case, the Alabama Supreme Court required an insurance company to indemnify an insured when the insurer breached the enhanced obligation of good faith. *See Shelby Steel Fabricators, Inc. v. U.S. Fid. & Guar. Ins. Co.*, 569 So. 2d 309 (Ala. 1990).  In *Shelby Steel*, the insurer provided its insured with a defense subject to a reservation of rights. *Id.* at 310.  The court found that "the insurer . . . must meet its 'enhanced obligation of good faith' in order to deny coverage pursuant to a reservation of rights." *Id.* at 312.  Because the insurer had failed to keep the insured apprised of the status of the case, the court concluded the insurer "failed to meet its enhanced obligation to [the insured] and, therefore, that it must indemnify [the insured] for any liability in the underlying action." *Id.*

In its most recent opinion addressing the enhanced obligation of good faith, the

Alabama Supreme Court explained that a claim for breach of the enhanced obligation of

good faith is a contract claim. *See Twin City Fire Ins. Co. v. Colonial Life & Accident Ins.*

*Co.*, 839 So. 2d 614 (Ala. 2002). In *Twin City Fire*, a district court certified to the Alabama

Supreme Court the question whether a breach of the enhanced obligation of good faith is a

contract or a tort claim. *Id.* at 614-15. The Court wrote that after *L&S Roofing*, "whenever

an insurer defends the insured under a reservation of rights, the enhanced duty of good faith

is read into that reservation of rights." *Id.* at 616. "Because the enhanced duty arises from

the contract, it follows that claims alleging a breach of the enhanced duty of good faith are

contract claims." *Id.* Although the Alabama Supreme Court did not analyze what type of

damages or recovery is permitted under Alabama law,[1] it recognized that an enhanced

obligation of good faith is integral to a reservation of rights and that a cause of action in

contract exists for this claim.

State Farm argues that a separate cause action for the enhanced obligation of good

faith does not exist. Instead, it claims that the enhanced obligation of good faith exists as an

estoppel defense, which allows an insured to prevent an insurance company from denying

coverage.[2] State Farm relies on *Aetna Casualty & Surety Co. v. Mitchell Brothers,*

---

[1] *Twin City Fire* presented a choice of law issue, and because the claim sounded in contract, the
Court concluded that Alabama law did not apply. *Twin City Fire*, 839 So. 2d at 617.

[2] This position is inconsistent with State Farm's argument that the Myricks are not entitled to any
discovery on the enhanced obligation of good faith. State Farm concedes that the enhanced obligation of
good faith is at least a defense to the claim that there is no duty to indemnify. As a result, even if there is
no independent cause of action, the Myricks would still be entitled to discovery on this issue without first

814 So. 2d 191 (Ala. 2001), to support its position. In that case, the Alabama Supreme Court

reviewed a trial court decision that an insurer breached the enhanced obligation of good faith

and was liable for punitive and compensatory damages. *Mitchell Bros.*, 814 So. 2d at 193.

The insured alleged that it was owed a defense in two separate underlying lawsuits. In one,

the Alabama Supreme Court concluded the enhanced obligation of good faith did not apply

because the insured controlled the lawsuit. *Id.* at 196. The insured retained counsel instead

of notifying the insurer of the suit when it received a draft of the complaint, and the retained

counsel controlled the case, including settlement negotiations, in which the insurer was not

allowed to participate. *Id.* at 196-97. As to the other lawsuit, the Court concluded the

enhanced obligation of good faith applied but had not been breached. *Id.* at 197. There was

no breach of the enhanced obligation of good faith in *Mitchell Brothers*, but there was also

no determination that the cause of action did not exist.[3]

State Farm also relies on Justice Lyons's concurring opinion in *Mitchell Brothers* to

establish that there is no independent cause of action for the enhanced obligation of good

---

establishing there was a duty to indemnify. The court reminds State Farm that "[p]arties may obtain discovery regarding any nonpriviliged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b).

[3] The Court in *Mitchell Brothers* characterizes the decision in *Shelby Steel* as one based in equity because after the insurer breached the enhanced obligation of good faith it was estopped from denying coverage. *Mitchell Bros.*, 814 So. 2d at 196. State Farm argues that this characterization establishes that there is not an independent cause of action for the enhanced obligation of good faith. However, the court finds that it is possible for it to be both an independent cause of action and, in an equity and declaratory judgment context, an estoppel defense. Indeed, the Court's decision in *Twin City Fire*, just one year after *Mitchell Brothers*, finding a cause of action for the enhanced obligation of good faith suggests that it is both. *Twin City Fire*, 839 So. 2d at 616.

faith. First, Justice Lyons's opinion is a concurrence, not the majority opinion, and therefore

is not binding authority. Moreover, State Farm's argument is not consistent with Justice

Lyons's concurrence, as there is nothing in Justice Lyons's opinion that suggests a cause of

action does not exist. Instead, Justice Lyons argued that a claim for the enhanced obligation

of good faith is not a tort claim for which punitive damages are available:

> I am therefore unwilling to expand upon the rule announced in *L & S Roofing*
> and *Shelby Steel* by acknowledging the existence of a new tort remedy **giving
> rise to punitive damages** arising from the administration of a contract of
> insurance. The award of punitive damages should be reversed and a judgment
> rendered for Aetna on the claim for punitive damages.

*Id.* at 203 (Lyons, J., concurring) (emphasis added). Justice Lyons would have affirmed the

trial court decision awarding compensatory damages for the enhanced obligation of good

faith. *Id.* at 202. Justice Lyons's position is consistent with the subsequent opinion in *Twin*

*Cities Fire* in which the court found that a claim for the enhanced obligation of good faith

sounds in contract, not tort. *Twin City Fire*, 839 So. 2d at 616. Thus, Justice Lyons's

concurrence does not support State Farm's argument that there is not an independent cause

of action for the enhanced obligation of good faith.

     The court concludes Alabama law recognizes a contract cause of action for the

enhanced obligation of good faith. Therefore, the court moves to the next step of analysis

and considers whether the Myricks have stated a claim for a breach of the enhanced

obligation of good faith.

### B.    *Failure to State a Claim*

State Farm argues that the Myricks have failed to state a claim[4] for a breach of the

obligation.  The Myricks respond that State Farm fails to understand the allegations made in

their counterclaim.[5]

State Farm claims that the Myricks allege that State Farm breached the enhanced

obligation of good faith in only one way – by bringing this declaratory judgment action.

State Farm's position lacks support in the record.  In their counterclaim the Myricks assert

that State Farm breached the enhanced obligation of good faith by improperly investigating

their claim, failing to settle the case, and refusing to negotiate.  (First Am. Countercl. ¶¶ 8-

11.)

The Myricks' allegations are sufficient to state a claim for the enhanced obligation of

good faith.  To meet the enhanced obligation of good faith, "an insurance company must

refrain from engaging in any action which would demonstrate a greater concern for the

insurer's monetary interest than for the insured's financial risk." *Shelby Steel*, 569 So. 2d at

312 (internal quotation marks and citation omitted).  The thrust of the Myricks's claim is that

State Farm placed its own financial interests above that of the Myricks in how it handled

---

[4] State Farm moves in the alternative for judgment on the pleadings.  However, the court finds that the motion is properly evaluated under the motion to dismiss standard, as State Farm has not filed a responsive pleading to the Myricks's counterclaim.

[5] Also currently pending is a Motion for Leave to File a Second Amended Answer and Counterclaim (Doc. # 51) filed by the Myricks.  This motion is due to be denied, as the First Amended Counterclaim more than sufficiently states a claim and the additional specificity is not required.  While "[t]he court should freely give leave when justice so requires," justice does not require an amendment here.  Fed. R. Civ. P. 15(a)(2).

their claim and the underlying litigation.  The court finds this more than sufficient to state a claim alleging a violation of the enhanced obligation of good faith.

## V.  CONCLUSION

Accordingly, it is ORDERED that:

1.      State Farm's Motion to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings (Doc. # 50) is DENIED;

2.      The Myricks are entitled to conduct discovery on the issue of the enhanced obligation of good faith;

3.      The Myricks' Motion for Leave to File Second Amended Answer and Counterclaim (Doc. # 51) is DENIED.

4.      State Farm is ORDERED to file an answer to the First Amended Counterclaim (Doc. # 49) **on or before May 23, 2008.**

5.      The parties are ORDERED to file an amended Rule 26(f) report **on or before May 30, 2008**.

DONE this 9th day of May, 2008.

            /s/   W.  Keith Watkins
            UNITED STATES DISTRICT JUDGE