**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| STATE FARM FIRE and CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 2:06 CV-359-WKW ) |
| WAYNE MYRICK, LYNN MYRICK, and MARGARET N. MARTIN, | ) ) ) |
| Defendants. | ) |

**REPORT OF PARTIES' PLANNING MEETING**

1.  Pursuant to Fed. R. Civ. P. 26 (f) and this Court's May 9, 2008 Order, a meeting was held on May 22, 2008 at the offices of Haskell Slaughter Young & Rediker, LLC. This meeting was attended by:

    • C. Dennis Hughes and John H. McEniry for Plaintiff/Counterclaim Defendant State Farm Fire and Casualty Company ("State Farm"); and

    • Jon M. Hughes for Defendants/Counterclaim Plaintiffs Wayne and Lynn Myrick ("The Myricks").

2.  **Pre-Discovery Disclosures.** To the extent not previously provided, the parties will exchange by June 9, 2008 information required by Fed. R. Civ. P. 26(a)(1).

3.  **Discovery Plan.**

    A.  Discovery will be needed on the subjects of insurance coverage, policy interpretation, and State Farm's investigation, defense and evaluation of the facts and claims in the underlying lawsuit styled *Margaret Martin v. Wayne and Lynn Myrick*.

    B.  The parties jointly propose to the Court the following discovery plan:

        1.      All discovery shall be commenced in time to be completed by February 1, 2009.

        2.      Maximum of 25 interrogatories by each party to any other party.  Responses due 45 days after service.

        3.      Maximum of 40 requests for production of documents by each party to any other party.  Responses due 45 days after service.

        4.      Maximum of 20 requests for admissions by each party to any other party.  Responses due 45 days after service.

        5.      Maximum of 10 depositions by State Farm and 10 by the Myricks.  Each deposition is limited to a maximum of 6 hours unless extended by agreement of the parties.

        6.      Reports from retained experts under Rule 26(a)(2) due:

           a.      from the Myricks by November 30, 2008;

           b.      from State Farm by December 15, 2008.

    C.    Disclosure or discovery of electronically stored information shall be handled as follows:  The parties will initially produce paper copies of electronically stored relevant documents in response to initial disclosures and discovery. The parties will notify each other if any electronically stored relevant documents cannot be printed so that the parties can reach an agreement as to how such documents will be produced.

    D.    The parties have agreed to an order regarding claims of privilege as follows:

        1.      If documents are claimed to be protected by attorney client privilege, the party should submit a privilege log showing the date of the document, if known, a general description of the document and a statement as to why it is privileged (i.e. - letter from client to counsel). A party may petition the court for an order compelling production of any document claimed as privileged.

        2.     If a document is claimed to be protected by attorney-work product or trial preparation material, a separate log should be submitted, showing the date of the document, if known, a general description of the document and a statement as to why the document is protected by attorney-work product privilege or trial preparation material privilege. A party may petition the court for an order compelling production of any document listed as protected by attorney-work product privilege or trial preparation material privilege.

4.    **Other Items.**

- The parties do not request a conference with the Court before entry of the scheduling order.
- The parties request a final pretrial conference in March 2009.
- State Farm should be allowed until July 15, 2008 to join additional parties and until July 30, 2008 to amend the pleadings.
- The Myricks shall be allowed until August 15, 2008 to join additional parties and until August 30, 2008 to amend the pleadings.
- All potentially dispositive motions should be filed by February 15, 2009.
- Settlement is unlikely in this matter but the parties will evaluate the issue of settlement upon the completion of discovery.
- Final lists of witnesses and exhibits under Rule 26(a)(3) should be due 30 days before trial from all parties.
- Parties should have 7 days after service of final lists of witnesses and exhibits to serve objections under Rule 26(a)(3).

- The case should be ready for trial in April 2009. The parties currently expect that the trial of this case can be completed in three (3) days.

**Pursuant to the Administrative Procedure for Filing, Signing, and Verifying Documents by Electronic Means, Section II(C)(3), all counsel so noted below have reviewed this document and have consented to its electronic filing.**

Done this the 23rd day of May, 2008.

/s/ C. Dennis Hughes
BERT S. NETTLES (ASB-5850-S63B)
C. DENNIS HUGHES (ASB-1033-H65C)
JOHN H. McENIRY, IV (ASB-9509-J72M)
HASKELL SLAUGHTER YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
Tel: (205) 251-1000
Fax: (205) 324-1133

*and*
MICHAEL B. BEERS
MICHAEL S. JACKSON
CONSTANCE T. BUCKALEW
ANGELA T. BAKER
BEERS, ANDERSON, JACKSON, PATTY, & FAWAL.P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
Tel: (334) 834-5311
Fax: (334) 834-5362

*Counsel for State Farm Fire and Casualty Company*

/s/ Jon M. Hughes
JAMES A KEE, JR. (ASB-4314-E68J)
JON M. HUGHES (ASB-9227-H68J)
KEE & SELBY, LLP
1900 International Park Drive, Suite 200
Birmingham, Alabama 35243
Tel: (205) 968-9900
Fax: (205) 968-9909

*Counsel for Wayne & Lynn Myrick*